UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                           CASE NO. 14-32819-BKC-JKO
US Capital/Fashion Mall, LLC,                                    CHAPTER 7

     Debtor.
_____/

**CHAPTER 7 TRUSTEE'S EMERGENCY MOTION FOR AUTHORITY TO (I) OPERATE DEBTOR'S BUSINESS FOR A LIMITED PERIOD OF TIME AND (II) PAY PRE-PETITION WAGES OF CERTAIN EMPLOYEES RELATED TO THE FOREGOING**

**(Emergency Hearing Requested on or before Monday, November 3, 2014)**

**Statement of Exigent Circumstances**

The Trustee respectfully requests that the Court conduct a hearing on this Motion on or before Monday, November 3, 2014, consistent with Local Rule 9013-1(F). The Trustee has proposed the payment of employee wages, and the Debtor's payroll (if authorized) needs to be made no later than November 3, 2014. Therefore, the Trustee requests an emergency hearing in this matter to give certainty and comfort to remaining employees that payroll and other employee obligations will be paid.

**KENNETH A. WELT**, the Chapter 7 Trustee (the "Trustee") for US Capital/Fashion Mall, LLC (the "Debtor"),[1] by and through its undersigned counsel, respectfully requests the entry of an Order authorizing the Trustee to (i) operate the Debtor's business for a limited period of time pursuant to 11 U.S.C. § 721, and (ii) pay pre-petition wages and withholding obligations of certain employees relating to the foregoing, pursuant to Sections 105(a) and 507(a)(3) and (4) of the Bankruptcy Code. In support of this Motion, the Trustee respectfully represents as

---

[1] The Trustee is the Chapter 7 Trustee for each of Mapuche LLC (Case No. 14-32827-JKO), US Capital Holdings, LLC (14-32822-JKO) and US Capital/Fashion Mall, LLC (14-32819-JKO). A request for administrative consolidation is set for hearing on October 30, 2014. In the interim, this Motion is being filed in each of the Debtors' cases.

follows:

## BACKGROUND

1. On October 14, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Kenneth A. Welt was thereafter appointed as the Debtor's Chapter 7 Trustee.

2. US Capital/Fashion Mall, LLC is the owner of approximately 32 acres of real estate known as the former Plantation Fashion Mall located at 321 North University Drive in Plantation, Florida (the "Fashion Mall"). US Capital/Fashion Mall, LLC is owned by US Capital Holdings, LLC, which in turn is owned by Mapuche, LLC.

3. The Fashion Mall has been vacant since it was damaged by Hurricane Wilma in 2005. The Debtors, U.S. Capital/Fashion Mall, LLC and US Capital Holdings, LLC, previously filed for relief under Chapter 11 before this Court on February 24, 2012 (Case No. 12-14517-JKO). On September 11, 2012, this Court confirmed the Debtors' Joint Plan of Reorganization.

4. At the time of this bankruptcy filing, the Debtor was in the midst of a renovation of an on-site office complex. The Debtor also sought to redevelop the Fashion Mall into a project to be known as "321 North," which was intended to be a major retail office and residential project.

## RELIEF REQUESTED

5. As of the Petition Date, the Debtor employed approximately twenty-three (23) employees. The Trustee has terminated the employment of all but eleven (11) such employees, with those remaining serving only in the limited role of maintaining, preserving, and securing the Debtor's property as well as its books and records. The Trustee is also retaining the services of Worldwide Protection to provide security and related services at the Debtor's property.

6. The Trustee requires the continued services of these employees for a limited period of time so as to maintain, preserve and secure the Debtor's real property, books and records. The Trustee is also in the process of relocating the Debtor's books and records to an off-site rented space.[2]

7. The 11 employees which the Trustee believes should be retained for a limited period of time are owed pre-petition wages in varying amounts. The Trustee believes that retaining these employees, and paying their pre-petition wages in addition to their post-petition wages, is necessary and in the best interests of the estate, particularly relative to the cost and expense of locating and employing replacement personnel for these tasks.

8. The Trustee also seeks to take the necessary steps to ensure that the Fashion Mall is adequately insured, secured and maintained pending the disposition of the project to a third party.[3]

9. Accordingly, by this Motion, the Trustee seeks authority to operate the Debtor's business for the limited purpose of maintaining the Fashion Mall property and in accordance with the budget attached hereto as **Exhibit A**. The Trustee further seeks authority to pay the pre-petition wages of key employees necessary to accomplish these objectives, as set forth in **Exhibit B**.

### BASIS FOR REQUESTED RELIEF

A. **Authority to Operate**

10. Section 721 of the Bankruptcy Code provides that "[t]he court may authorize the trustee to operate the business of the debtor for a limited period, if such operation is in the best

---

[2] The Debtor's corporate office space is located in a building adjacent to the Fashion Mall at 375 North University Drive (the "375 North Building"). The estate does not currently have title to the 375 North Building.

[3] The Trustee intends to seek further relief on this issue in due course.

interest of the estate and consistent with the orderly liquidation of the estate." *See also In re A & T Trailer Park, Inc.*, 53 B.R. 144, 147-48 (Bankr. D. Wyo. 1985) ("Section 721 contemplates such authorization only in a limited number of situations, such as where it appears that a business could be sold for a greater price as a going concern than would be obtained in ordinary liquidation. The bankruptcy court will not generally grant authority to continue a business under § 721 if an operating loss will result or if it would need to be continued beyond a limited time. 4 COLLIER ON BANKRUPTCY ¶ 721.03 at 721–2 (15th ed. 1985)."

11. Given the Debtor's substantial real property holdings, the significant proposed development plans, and the complex rights appurtenant to the Debtor's real property, the Trustee believes that it is in the best interest of the estate, and consistent with the orderly liquidation of the estate, to operate the Debtor's property for a limited period of time.

12. The estate has sufficient funds on hand or available to it to fund the proposed operations for the initial period described in the attached budget. The Trustee does not believe that such funds constitute the cash collateral of any secured creditor. Attached hereto as **Exhibit A** is an initial thirty day budget for each of the three related Debtors herein, demonstrating: (i) the particular tasks the Trustee will be performing in connection with the operation proposed herein; and (ii) that the Debtor has sufficient cash on hand to fund the proposed limited operations.

**B.    Payment of Pre-Petition Wages**

13. Sections 507(a)(3) and 507(a)(4) of the Bankruptcy Code require that certain claims for pre-petition wages, salaries, commissions, vacation, severance, sick leave, and employee benefit contributions be accorded priority in payment in an amount not to exceed $11,725 for each employee. The Debtor's employees are each owed pre-petition amounts that

are less than the $11,725 cap contained in sections 507(a)(3) and 507(a)(4). A list of the employees subject to this request and stating the amount of pre-petition wages and withholding proposed to be paid, is attached hereto as **Exhibit B**.

14. In order to retain the key employees and maintain morale under what will be difficult working conditions, the Trustee must have authority to pay the pre-petition wages and withholding obligations of such employees. The amounts proposed to be paid to employees pursuant to this Motion are reasonable compared with the importance and necessity of maintaining these employees for a limited period of time.

15. The relief requested in this Motion is necessary and should be authorized under Section 105. The employees are vital to Trustee's ability to preserve the value of the Debtor's assets for the benefit of the estate. Accordingly, the Trustee submits that the relief sought herein is consistent with Sections 105(a) and 507(a) of the Bankruptcy Code. Moreover, the Trustee's payment of the pre-petition wages as requested herein should neither prejudice general unsecured creditors nor materially affect the Debtor's estate, because Section 507(a)(3) and (a)(4) priority claims are already entitled to payment in full before distributions are made to general unsecured creditors.

16. As part of the foregoing relief, the Trustee also seek authority to pay any and all federal and state withholding and payroll-related funds relating to pre-petition periods, including, but not limited to, all Social Security, FICA, federal, and state income taxes.

17. Nothing in this Motion shall be construed as a request for authority to assume any executory contract under Section 365 of the Bankruptcy Code.

18. For the foregoing reasons, the Trustee believes that granting the relief requested herein is appropriate and in the best interest of all parties-in-interest.

WHEREFORE the Trustee respectfully requests that the Court enter an order substantially in the form attached here to as **Exhibit C** (i) authorizing the Trustee to operate the Debtor's business for a limited period of time, (ii) authorizing the Trustee to pay pre-petition wages and withholding obligations of certain employees relating to the foregoing, pursuant to Sections 105(a) and 507(a)(3) and (4) of the Bankruptcy Code, and granting such other and further relief as is proper.

Respectfully submitted this 28th day of October, 2014

    GENOVESE JOBLOVE & BATTISTA, P.A.
    Attorneys for Chapter 7 Trustee
    100 Southeast Second Street, Suite 4400
    Miami, Florida 33131
    Telephone: (305) 349-2300
    Facsimile : (305) 349-2310

    By: /s/ Glenn D. Moses
        Glenn D. Moses
        Florida Bar No. 174556
        gmoses@gjb-law.com
        Allison R. Day
        Florida Bar No. 494097
        aday@gjb-law.com
        Michael L. Schuster
        Florida Bar No. 57119
        mschuster@gjb-law.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served this 28th day of October, 2014 via CM/ECF electronic notice and/or via U.S. Mail, postage pre-paid to the parties on the below Service List.

    By: /s/ Michael L. Schuster
        Michael L. Schuster

# SERVICE LIST

**VIA CM/ECF**

**14-32819-JKO Notice will be electronically mailed to:**

Mark A Levy, Esq on behalf of Interested Party City of Plantation
mark.levy@brinkleymorgan.com, sandra.gonzalez@brinkleymorgan.com;brinkleymorganecf@gmail.com

Brett D Lieberman on behalf of Debtor US Capital/Fashion Mall, LLC
blieberman@messana-law.com, thurley@messana-law.com;emair@messana-law.com;nbarrus@messana-law.com;tmessana@messana-law.com;tmessana@bellsouth.net

Thomas M. Messana, Esq. on behalf of Debtor US Capital/Fashion Mall, LLC
tmessana@messana-law.com, emair@messana-law.com;blieberman@messana-law.com;thurley@messana-law.com;tmessana@bellsouth.net;nbarrus@messana-law.com;ekates@bakerlaw.com;jmooremaley@messana-law.com;tzeichman@messana-law.com

Glenn D Moses, Esq on behalf of Trustee Kenneth A Welt
gmoses@gjb-law.com, gjbecf@gjb-law.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Michael L Schuster on behalf of Trustee Kenneth A Welt
mschuster@gjb-law.com, gjbecf@gjb-law.com;mchang@gjb-law.com

Steven J. Solomon, Esq. on behalf of Creditor BCEGI, LLC
steven.solomon@gray-robinson.com, lnegron@gray-robinson.com;lauren.rome@gray-robinson.com;Amador.Ruiz-Baliu@gray-robinson.com

Steven J. Solomon, Esq. on behalf of Creditor GHJ Construction Corporation
steven.solomon@gray-robinson.com, lnegron@gray-robinson.com;lauren.rome@gray-robinson.com;Amador.Ruiz-Baliu@gray-robinson.com

Kenneth A Welt
fl10@ecfcbis.com;pacerfilings@gmail.com;kaw@trustesolutions.net;court@trusteeservices.biz

## **EXHIBIT A**

**US Capital / Fashion Mall, LLC**
**US Capital Holdings, LLC**
**Mapuche LLC**
**Case Nos.: 14-32819-JKO, 14-32822-JKO and 14-32827-JK0, respectively**
**c/o Kenneth A. Welt, Trustee**

**30 Day Operating Budget for the Period from October 14 to November 12, 2014**

|  | Mapuche, LLC | US Capital Holdings, LLC | US Capital / Fashion Mall LLC | Total |
|---|---:|---:|---:|---:|
| Beginning Cash Balances[1] | $ 13,396 | $ 93,680 | $ 17,630 | $ 124,706 |
| Receipts[2] |  |  | 25,750 | 25,750 |
| Total Cash Available | $ 13,396 | $ 93,680 | $ 43,380 | $ 150,456 |
| Disbursements |  |  |  |  |
|    Payroll | $ - | $ 45,534 | $ - | $ 45,534 |
|    FICA | - | 3,483 | - | 3,483 |
|    Pre-petition payroll for key employees | - | 23,910 | - | 23,910 |
|    IT/Tech Support[3] | 1,333 | 1,333 | 1,333 | 4,000 |
|    Contract Labor | - | - | 1,880 | 1,880 |
|    Misc Office Expense | 1,000 | - | - | 1,000 |
|    Records Storage[4] | 667 | 667 | 667 | 2,000 |
|    Telephone/Internet | 60 | 350 | 350 | 760 |
|    Equipment Lease[5] | 417 | 417 | 417 | 1,250 |
|    Property Insurance | - | 17,352 | 8,605 | 25,957 |
|    Electricity | - | - | 5,000 | 5,000 |
|    Security | - | - | 19,450 | 19,450 |
|    Water and Sewer | - | - | 1,000 | 1,000 |
|    Landscaping | - | - | 500 | 500 |
|    Records Relocation Expense | 500 | 500 | 500 | 1,500 |
|    Pest Control | - | - | 200 | 200 |
|    Waste Management | - | - | 350 | 350 |
|    Repairs and Maintenance | - | 100 | 1,000 | 1,100 |
| Total Expenses | $ 3,977 | $ 93,646 | $ 41,252 | $ 138,875 |
| Ending Cash Balance | $ 9,420 | $ 34 | $ 2,128 | $ 11,582 |

**Notes:**
1. Cash on hand as of October 27, 2014.
2. Funds due from auctioneer for pre-petition sale of assets.
3. Includes estimated cost to relocate servers and computers.
4. Storage for books, records and computers
5. Telephone system and copy machines

**EXHIBIT B**

**US Capital Holdings, LLC**
Case No: 14-32822-JKO
c/o Kenneth A. Welt, Trustee

**Pre-Petition Wages for Key Employees**
**for the Period from October 1 to October 13, 2014**

| Last Name | First Name | Pre-Petition Job Title | Post Petition Role | Gross Pre-Petition Wages | Estimated Employer FICA |
|---|---|---|---|---:|---:|
| Dias | Ricardo | Maintenances Staff | Property Maintenance | 886.86 | 67.84 |
| Garcia | Jaime | Maintenances Staff | Property Maintenance | 734.85 | 54.00 |
| Jarrett | Joel | Maintenances Staff | Property Maintenance | 641.65 | 47.16 |
| Saintil | Max | Landscaping staff | Property Maintenance | 794.26 | 60.76 |
| Simeon | Silvatte | Housekeeping staff | Janitorial | 360.00 | 27.54 |
| Kuo | Grace | Controller | Assist with compilation of books and records, due diligence concerning claim information and financial affairs | 2,769.29 | 221.49 |
| Zhang | Lan | Accountant | Assist with compilation of books and records, due diligence concerning claim information and financial affairs | 1,211.57 | 148.23 |
| He | Qian Fei | Chief Operating Officer | Assist with payroll, insurance and compilation of books and records, due diligence concerning claim information and financial affairs | 6,230.89 | 92.17 |
| Kelton | Steven | Director Of Construction | Assist with compilation of books and records, due diligence concerning claim information and financial affairs | 5,019.33 | 393.61 |
| Moran | Jennifer | Director Of Leasing | Assist with compilation of books and records, due diligence concerning claim information and financial affairs | 2,769.29 | 221.49 |
| Jiang | Zhe | Vice President | Assist with translation issues as well as due diligence concerning claim information and financial affairs | 2,492.36 | 200.31 |
| | | TOTAL | | $ 23,910.35 | $ 1,534.60 |

# **EXHIBIT C**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                                                    CASE NO. 14-32819-BKC-JKO
US Capital/Fashion Mall, LLC,                                          CHAPTER 7

     Debtor.
_____/

**ORDER GRANTING CHAPTER 7 TRUSTEE'S EMERGENCY MOTION FOR AUTHORITY TO (I) OPERATE DEBTOR'S BUSINESS FOR A LIMITED PERIOD OF TIME AND (II) PAY PRE-PETITION WAGES OF CERTAIN <u>EMPLOYEES RELATED TO THE FOREGOING</u>**

THIS MATTER came before the Court for hearing on _____, 2014 at _____ on the Motion of Kenneth A. Welt, Chapter 7 Trustee (the "Trustee") for the entry of an Order authorizing the Trustee to (i) operate the Debtor's business for a limited period of time pursuant to 11 U.S.C. § 721 and (ii) pay pre-petition wages and withholding obligations of certain employees relating to the foregoing, pursuant to Sections 105(a) and 507(a)(3) and (4) of the Bankruptcy Code. [ECF No. \_\_] (the "Motion"). The Court, having reviewed the Motion and the record in this case, having found that good and sufficient cause exists in support of the

entry of this Order, it is

ORDERED as follows:

1. The Motion is GRANTED.

2. Pursuant to 11 U.S.C. § 721, the Trustee is authorized to operate the business of the Debtor herein, pursuant to the budget attached to the Motion as Exhibit A, pending further order of the Court.

3. The Trustee is authorized to pay pre-petition payroll and withholding expenses for key employees as requested in the Motion and as set forth in Exhibit B to the Motion.

###

Submitted by:
Michael L. Schuster, Esq.
Genovese Joblove & Battista, P.A.
Counsel to Kenneth Welt as Chapter 7 Trustee
100 SE 2nd Street, Suite 4400
Miami, FL 33131
Tel: (305) 349-2300
Fax: (305) 349-2310
Email: mschuster@gjb-law.com
(Attorney Schuster is directed to serve a copy of this order on all parties in interest and file a certificate of service)