UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

In re:
US Capital/Fashion Mall, LLC                              Case No. 14-32819-JKO

                                                          Chapter 7
US Capital Holdings, LLC

                                                          Jointly Administered
Mapuche LLC                                               Case Nos. 14-32819-JKO
                                                          14-32822-JKO, 14-32827-JKO

                Debtors,
_____/

## PRELIMINARY OBJECTION AND RESERVATION OF RIGHTS

Mapuche, LLC ("Mapuche"), US Capital Holdings, LLC, and US Capital/Fashion Mall, LLC the Chapter 7 debtors in the above styled administratively consolidated bankruptcy cases (the "Debtors"), pursuant to Fed. R. Bankr. Pro. 4001 and Local Rule 5005-1(F)(1), hereby files this *Preliminary Objection and Reservation of Rights* to the *Stipulation on Motion for Relief From the Automatic Stay* (ECF No. 38) (the "Stipulation") and the *Motion of Tangshan Ganglu Iron & Steel Company, LTD* ("Ganglu") *For Relief From the Automatic Stay Pursuant to 11 U.S.C. §362(d) and Federal Rule of Bankruptcy Procedure 4001* (Case No. 14-32827, ECF No. 10)[1] (the "Motion for Stay Relief") and in support thereof states as follows:

### Brief Background

1. The Debtors filed voluntary petitions under Chapter 7 of the Bankruptcy Code on October 14, 2014.

2. On October 17, 2014, Ganglu filed its Motion for Stay Relief. (MBC ECF No. 10).

---

[1] The Motion for Stay Relief was filed in the bankruptcy case of Mapuche, LLC, Case No. 14-32827-JKO ("MBC"), prior to administrative consolidation of the Debtors' bankruptcy cases.

3. Also on October 17, 2014, counsel for the Debtors filed his *Notice of Unavailability*. (MBC ECF No. 12).

4. On October 28, 2014, this Court entered an agreed order (MBC ECF No. 31) (the "Continuance Order") continuing the hearing on the Motion for Stay Relief to November 25, 2014 at 9:30 a.m. (the "Hearing"). Among others, counsel for Ganglu agreed to the continuance provided by the Continuance Order. On October 30, 2014, this Court announced its ruling that the automatic stay would continue in full force and effect through and including the November 25, 2014 Hearing. *See* Local Rule 4001-1(H).

5. On November 3, 2014, Ganglu filed the Stipulation which attached as Exhibit "A" a proposed "agreed"[2] order granting Ganglu limited stay relief (the "Proposed Stay Relief Order").

6. Notwithstanding this Court's ruling that the automatic stay continue in full force and effect until the Hearing, Ganglu submitted the Proposed Stay Relief Order[3] directly to the Court via e-mail on November 4, 2014 (the "Communication"). In the Communication, Ganglu requested that the purportedly "agreed order" be entered by the Court "if it meets with the Court's approval", but without suggesting that there be an opportunity for objections as required by Rule 4001. Fed. R. Bankr. Pro. 4001 (d).

7. Additionally, despite communicating directly with undersigned counsel regarding matters related to the Motion for Stay Relief and the Continuance Order, Ganglu's Communication omitted undersigned counsel. Rather, the Communication was sent to Debtors'

---

[2] "Agreed" only as between the Chapter 7 Trustee and Ganglu.

[3] The Correspondence included an *Amended* Proposed Stay Relief Order which includes, among other things, a footnote disclosing that the "agreed" order was not agreed to by the Debtors or Mr. Wei Chen (hereinafter referred to collectively with the Proposed Stay Relief Order as the "Proposed Stay Relief Order").

lead counsel, whose Notice of Unavailability was filed on October 17, 2014 (and who is out of the country) and a junior associate with Messana, P.A. whose involvement with this matter has been limited.

### Preliminary Objection and Reservation of Rights

8. The Debtors ought to have an opportunity to fully consider Ganglu's Motion for Stay Relief, prepare an appropriate response, and have this Court adjudicate same after notice and a hearing. *See* 11 U.S.C. §362(d) (requiring "notice and a hearing" on motions seeking relief from the automatic stay); *see also* the Continuance Order.

9. The deadline for filing a timely response to the Motion for Stay Relief is presently 4:30 p.m. on November 21, 2014.[4] Local Rule 5005-1(F)(1).

10. Likewise, parties in interest ought to have an opportunity to review the Stipulation and file appropriate responses within the time proscribed by Rule 4001. Bankr. R. Civ. Pro. 4001(d)(2)(providing, in relevant part, that objections to motions seeking approval of agreements to modify or terminate the automatic stay may be filed within 14 days of the mailing of notice unless the court fixes a different time).

11. The Debtors (i) preliminarily object to the entry of the Proposed Stay Relief Order; and (ii) reserve all rights to timely file responses to the Motion for Stay Relief and the Stipulation and supplement this *Preliminary Objection and Reservation of Rights*.

WHEREFORE, the Debtor respectfully requests that (i) the Proposed Stay Relief Order not be entered; (ii) the Stipulation (and any objections thereto) be set for hearing simultaneously with the Hearing on the Motion for Stay Relief on November 25, 2014 at 9:30 a.m.; (iii) that the deadline to timely file an objection to the Stipulation be set for November 21, 2014; and (iv) that

---

[4] "Memoranda, affidavits and other papers intended for consideration at any hearing already set before the court, shall be filed and served so as to be received by the movant and the court not later than 4:30 p.m. on the second business day prior to the hearing…." U.S. Bankr. Ct. Southern District of Florida Local Rule 5005-1(F)(1).

this Court grant such other relief as is deemed just and proper.

Respectfully submitted this November 4, 2014.

>Messana, P.A.
>*Counsel for Debtors*
>401 East Las Olas Boulevard, Suite 1400
>Fort Lauderdale, Florida 33301
>Telephone:  (954) 712-7400
>Facsimile:   (954) 712-7401
>
>/s/ Brett D. Lieberman
>Thomas M. Messana
>Florida Bar No. 0991422
>Brett D. Lieberman
>Florida Bar No. 69583