Page 1

1                    UNITED STATES BANKRUPTCY COURT
                       SOUTHERN DISTRICT OF FLORIDA
2

3     IN RE:                        CASE NO. 14-32819-JKO

4     US CAPITAL/FASHION MALL, LLC,

5              Debtor.
      _____/
6     IN RE:                        CASE NO. 14-32822-JKO

7     US CAPITAL HOLDINGS, LLC,

8              Debtor.
      _____/
9     IN RE:                        CASE NO. 14-32827-JKO

10    MAPUCHE, LLC,

11             Debtor.
      _____/
12                      ECF #26, 28 (14-32819)
13                  ECF #5, 25, 26, 27 (14-32822)
               ECF #4, 10, 18, 32, 36, 37(14-32827)
14
                          October 30, 2014
15
                  The above-entitled cause came on for hearing
16    before the Honorable JOHN K. OLSON, one of the Judges in
      the UNITED STATES BANKRUPTCY COURT, in and for the
17    SOUTHERN DISTRICT OF FLORIDA, at 299 E. Broward Blvd.,
      Fort Lauderdale, Broward County, Florida on October 30,
18    2014, commencing at or about 9:30 a.m., and the following
      proceedings were had.
19

20

21
                  Transcribed from a digital recording by:
22                  Cheryl L. Jenkins, RPR, RMR
23

24

25

1

2

3                    APPEARANCES:

4

                 KENNETH A. WELT, Trustee

5

6

          GENOVESE JOBLOVE & BATTISTA, by
7              GLENN D. MOSES, Esquire
             MICHAEL SCHUSTER, Esquire
8               On behalf of the Trustee

9

10              MESSANA LAW FIRM, by
             BRETT LIEBERMAN, Esquire
11              On behalf of the debtors

12

13              BRINKLEY MORGAN, by
                MARK LEVY, Esquire
14        On behalf of the City of Plantation

15

16              DUANE MORRIS, LLP, by
           LIDA RODRIGUEZ-TASEFF, Esquire
17        On behalf of Tangshan Ganglu Iron & Steel

18

19              GRAY ROBINSON, by
             STEVEN SOLOMON, Esquire
20        On behalf of BCEGI, LLC and GHJ Construction

21

22      MARKOWITZ DAVIS RINGEL TRUSTY + HARTOG, by
                GRACE ROBSON, Esquire
23               On behalf of Chen Wei

24

25

1

2                    Continued Appearances

3

4        DAMARIS D. ROSICH-SCHWARTZ, Staff Attorney
                  Office of the U.S. Trustee
5                   Department of Justice

6

7                        ALSO PRESENT

8        ECRO - Electronic Court Reporting Operator

9                   - - - - - - -

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                THE COURT:  Okay.  US Fashion Mall and

2     related companies, US Capital, Mapuche and so on.

3                     MR. WELT:  Good morning, your Honor.

4                     THE COURT:  Good morning, Mr. Welt.

5                     MR. WELT:  Kenneth A. Welt, Chapter 7

6     trustee for the three debtor entities.

7                     THE COURT:  Thank you, Mr. Welt.

8                     MR. MOSES:  Good morning, your Honor.

9     Glenn Moses, Genovese Joblove & Battista on behalf of

10    Mr. Welt.  I'm also joined with my colleague,

11    Mr. Michael Schuster.

12                     THE COURT:  Good morning Mr. Moses and

13    Mr. Schuster.

14                     MS. ROSICH-SCHWARTZ:  Good morning,

15    your Honor.  Damaris Rosich-Schwartz on behalf of the

16    United States Trustee.

17                     THE COURT:  Thank you, Ms. Rosich-Schwartz.

18                     How did you get the luck of the draw here?

19                     MS. ROSICH-SCHWARTZ:  I wouldn't call it

20    luck necessarily.

21                     THE COURT:  You got to be the catcher on the

22    U.S.T.'s traveling team.

23                     MR. LIEBERMAN:  Good morning, your Honor.

24    Brett Lieberman on behalf of the debtors, US

25    Capital/Fashion Mall, US Capital Holdings and Mapuche.

1          THE COURT:  Thank you, Mr. Lieberman.

2          MR. LEVY:  Good morning, your Honor.

3   Mark Levy from Brinkley Morgan on behalf of the City of

4   Plantation.

5          THE COURT:  Some things never go away, do

6   they, Mr. Levy?

7          MR. LEVY:  They don't, your Honor.

8          MS. ROERIGUEZ-TASEFF:  Good morning, your

9   Honor.  Lida Rodriguez-Taseff.  From the law Firm of Duane

10  Morris, on behalf of Tangshan Ganglu Iron & Steel, the 99

11  percent member.

12         THE COURT:  Okay, and how do you spell your

13  name, ma'am?

14         MS. ROERIGUEZ-TASEFF:  Your Honor, first

15  name is L-i-d-a, last name Rodriguez, R-o-d-r-i-g-u-e-z,

16  hyp ---

17         THE COURT:  Thank you.

18         MS. ROERIGUEZ-TASEFF:  Thank you, Judge.

19         THE COURT:  And you're for Ganglu?

20         MS. ROERIGUEZ-TASEFF:  Yes, your Honor.

21         MR. SOLOMON:  Good morning, your Honor.

22  Steven Solomon from Gray Robinson on behalf of creditors

23  BCEGI, LLC, and GHJ Construction.

24         Thank you.

25         THE COURT:  General contractors on the jobs,

1  Mr. Solomon?

2  MR. SOLOMON:  Correct, GHJ is the general

3  contractor, and BCEGI is the secured creditor.

4  THE COURT:  Okay.

5  Mr. Moses.

6  MR. MOSES:  Thank you, your Honor.

7  If it please the Court.  Your Honor, I'm

8  sure your Honor recalls from the Chapter 11 cases what the

9  property in issue is.  It's the ---

10  THE COURT:  I do, indeed.

11  MR. MOSES:  Okay.  So we don't need to go

12  through the details, but as of the petition date, there

13  was construction on the office tower, they were in the

14  middle of the renovation.  That's been halted.

15  During the period shortly before the filing,

16  the owners of the ultimate parent corporation, Mapuche,

17  LLC, were involved in a significant ownership dispute.

18  THE COURT:  I've read a little bit about

19  that.

20  MR. MOSES:  Okay.  So that's the -- and

21  obviously the Ganglu company either owns somewhere between

22  80 or 99 percent of Mapuche, and the other 1 to 20 percent

23  is owned by Mr. Chen Wei.

24  Among the disputes, your Honor, you're

25  familiar with, were allegations of fraudulent transfers,

1    waste and other sundry items, including whether a most

2    recent version of an operating agreement was valid, and

3    earlier this month, Judge Tuter found on the record that,

4    in fact, the signature of Mr. Du on that operating

5    agreement was a forgery.

6              THE COURT:  He certainly reached that

7    conclusion emphatically based on my reading of the

8    transcript.

9              MR. MOSES:  And so your Honor has obviously

10   read the motion for stay relief.  You'll hear more about

11   that.  That's set for hearing on November 25th, that's

12   obviously an important motion to Ganglu for a number of

13   reasons.

14             The trustee at this time doesn't take any

15   position on the disputes between the parties, but we

16   obviously wanted to highlight some of the matters that had

17   transpired prior to the petition date.

18             A point to know, your Honor, is while the

19   members of Mapuche may dispute many things, there is one

20   thing that they do agree upon, and which we have obtained

21   confirmation and consent regardless of, the ultimate

22   validity of the operating agreement, and that is that this

23   Court is the appropriate forum, with Mr. Welt as the

24   independent fiduciary, to deal with property of the

25   estate, allegations of transfers, and to maximize the

1    value of the real estate for all creditors and interested

2    parties.

3                    And with that, that brings us to the matters

4    on today's calendar.

5                    We first have a motion to operate the

6    debtor's business for a limited period of time, and to pay

7    prepetition wages of certain limited employees.

8                    First, your Honor, we're not seeking to

9    operate the business in a traditional sense.  Your Honor

10   is aware the mall is closed.  Construction on the office

11   tower was halted due to the bankruptcy filings.

12                   The only relief that we are seeking at this

13   time is the authority to take the necessary steps to

14   preserve, maintain and protect the property pending the

15   trustee's disposition of the project.

16                   We attached a 30 day budget to the motion,

17   which deals largely with insurance, security, electricity

18   and other related expenditures.

19                   The other component to that motion is a

20   request to pay the prepetition wages of certain limited

21   employees who have remained on to assist the trustee

22   relative to the debtor's extensive books and records, and

23   the trustee's due diligence with respect to the debtor's

24   financial affairs.  Other employees include maintenance,

25   housekeeping and landscaping staff.

1            These employees have been extremely helpful

2    to the trustee, and remained on in the hope of receiving

3    their prepetition wages, each of which are far below the

4    limit of $12,475 set forth in the Code.

5            We've discussed this motion with the

6    trustee.  With respect to the payroll application, we have

7    an agreement to continue the request vis-a-vis two

8    employees that would be deemed insiders.

9            THE COURT:  Ms. Hup (phonetic).

10            MR. MOSES:  Ms. Hup and Mr. Jay (phonetic),

11    but to allow the relief to go forward with respect to the

12    balance of the employees.

13            With respect to the authority to operate, we

14    have an agreement to grant the request on a limited basis

15    through the next hearing, which, if your Honor can

16    accommodate on the 25th when you have the stay relief

17    motion, at which time we will seek further authority to

18    operate pending the disposition of the property, and by

19    that date, and prior to the hearing, we will file an

20    amended budget with the Court to take us through the

21    estimated period, to complete the trustee's disposition of

22    the asset, and we'll seek further relief at that time, and

23    that is the motion to operate and to pay the prepetition

24    wages.

25            THE COURT:  Any objections?

1              MS. ROERIGUEZ-TASEFF:  No, your Honor.

2   Ganglu is -- has no opposition to the motion.

3              THE COURT:  Okay.  I couldn't imagine why

4   anyone would object to these in these circumstances.  The

5   721 operating authority motion is granted.  The authority

6   to pay the prepetition wages for everyone but the two

7   arguable insiders is granted.  I will continue -- I guess

8   I should grant the 721 on an interim basis and simply

9   continue it to November 25th?

10             MR. MOSES:  Yes, and set it ---

11             THE COURT:  And ---

12             MR. MOSES:  We anticipated an order setting

13  a further hearing on the 25th.

14             THE COURT:  And that would be on the 25th.

15             MR. MOSES:  Yes, sir.  Thank you.

16             THE COURT:  Okay, and, Mr. Moses, give me

17  orders to that effect.

18             MR. MOSES:  I will.  I will do that.

19             THE COURT:  Thank you.

20             MR. MOSES:  Thank you, your Honor.

21             The other, for the trustee, we have two

22  retention applications, Ms. Sandirose Magder or Analytic

23  Consulting, as the trustee's financial consultant, and

24  Cypherensics, LLC, which is the forensic computer

25  consultant, which has accessed, and downloaded, and backed

1    up the debtor's computer system and data.

2              Just a point to make, your Honor.  The

3    debtor's corporate office is located in a building

4    adjacent to the mall, which is the former flower shop.

5              That office is not titled in the debtor's

6    name and, therefore, the trustee wanted to act quickly,

7    obtain all the information he can as quickly as possible,

8    and get out of there as quickly as possible and so the

9    need to retain a forensic computer specialist.

10             With respect to these applications, we have

11   discussed it with the United States Trustee.  They have

12   requested that their engagement be approved on an interim

13   basis, subject to a final hearing on the 25th.  We don't

14   have any objection to that request, your Honor.

15             THE COURT:  Well, I couldn't grant it on a,

16   on a short -- on a different basis than that.

17             My grave concern here, Mr. Moses, is that

18   Ms. Magder's LinkedIn Page lists her as a senior

19   consultant to Trustee Services, Inc., Mr. Welt's company.

20   That is not disclosed anywhere in the applications to

21   employ her, and on that basis alone, I'm inclined to deny

22   the applications.

23             MR. WELT:  May I address it, your Honor.

24             THE COURT:  You may, Mr. Welt, but I want to

25   know what's going on here, and why that wasn't disclosed.

1  Her LinkedIn page says she's been there since two --

2  working for you since 2008.

3           MR. WELT:  She, Sandirose Magder has worked

4  on my cases probably prior to 2008.  I cannot tell this

5  Court why she listed herself as that position.  She's

6  always hired as a separate accountant on a temporary

7  basis, works it case by case.  She is not an officer, or

8  related to Trustee Services, and she is here, your Honor,

9  she can address that as well.  I cannot say why she has

10  put that on here LinkedIn page.

11          THE COURT:  Can you tell me why, in listing

12  Connections, she has it listed that she's worked for you

13  for at least 10 years?

14          MR. WELT:  I can't answer the question,

15  your Honor.

16          THE COURT:  Well, you signed the

17  application.

18          MR. WELT:  I have, your Honor, and she has

19  worked on various cases before this Court and other

20  courts.

21          THE COURT:  Mr. Moses, have you got some

22  explanation for me?

23          MR. MOSES:  Your Honor, this ---

24          THE COURT:  I just don't like it --

25          MR. MOSES:  I ---

1        THE COURT:  -- when disclosures aren't made.

2        MR. MOSES:  And, your Honor, we appreciate

3   that.  We will file an amended affidavit today disclosing

4   these particular issues, clarifying any conceptions or

5   misconceptions.

6        THE COURT:  I want disclosure of whether she

7   is a 1099 employee or a W-2 employee.

8        MR. WELT:  Understood, your Honor.

9        THE COURT:  And how many engagements she's

10  been involved in.  Is she -- I mean, not disclosing that

11  you're, that you're a regular employee, according to what

12  her page says, of Trustee Services, Inc. is very

13  troublesome.

14       MR. MOSES:  We appreciate that, your Honor.

15       MR. WELT:  To me as well, your Honor.

16       THE COURT:  Well, you signed the

17  application --

18       MR. WELT:  I did.

19       THE COURT:  -- that didn't have the

20  disclosures in it either, Mr. Welt.

21       MR. WELT:  I did, your Honor, that is

22  correct.

23       THE COURT:  All right.  Is her work -- is it

24  necessary to have her employed for the next three weeks?

25       MR. MOSES:  Your Honor, actually she --

1  Ms. Magder has been very involved.  She's been our boot on

2  the ground of the trustee with respect to accessing and

3  downloading financial information of the debtor entity.

4  She's -- I was going to reference her with her hourly rate

5  as one of the most valuable players, from an economic

6  perspective in the case.  She's been very, very important

7  and crucial to us in downloading, and accessing, and

8  understanding the information, and being able to translate

9  that to us, your Honor.  She has been very involved, and

10  we anticipate her being very involved in the coming weeks.

11          THE COURT:  Ms. Rosich-Schwartz.

12          MS. ROSICH-SCHWARTZ:  Your Honor, based upon

13  the amendments, we would also recommend that maybe

14  continue to the 11-25 --

15          THE COURT:  Continue it or --

16          MS. ROSICH-SCHWARTZ:  --hearing.

17          THE COURT:  -- grant it on an interim basis?

18          I mean, they evidently need somebody to do

19  this work.  She's evidently already in it.

20          MS. ROSICH-SCHWARTZ:  Correct, your Honor,

21  and we discussed at length Ms. Rose's application with the

22  trustee, and with Mr. Moses yesterday, and we would be

23  okay with it on an interim basis, and on the 25th, if the

24  amendments are made, and if we have an objection, we will

25  raise it, your Honor.

```
 1                    THE COURT:  All right.  I'll approve the
 2       employment on an interim basis.  Final hearing
 3       November 25th, at whatever time that was?
 4                    MR. WELT:  Thank you, your Honor.
 5                    THE COURT:  Now, you've got an application
 6       to employ Mr. Socek and Cypherensics.
 7                    Mr. Welt, your website of Trustee Services
 8       offers computer forensics as one of its services, and says
 9       our computer forensic experts are skilled at a variety of
10       things.  Is Mr. Socek one of those computer experts?
11                    MR. WELT:  An independent contractor, used
12       on a case by case basis, your Honor, and in full
13       disclosure is the husband of Sandirose Magder.
14                    THE COURT:  I got that part.  So, are there
15       other computer forensic experts that are referred to in
16       what it says on Trustee Services' web page?
17                    MR. WELT:  Whether it says it on Trustee
18       Services' web page or not, your Honor, there are others.
19       There was one that I use on a regular basis.  He was on a
20       cruise when I was appointed.  I had concerns that the
21       electronic data, which is very important to the case,
22       would either disappear, or not be preserved.  So I
23       immediately called up Sandirose Magder's husband, and --
24       who has other work, and he stopped the work to complete
25       this I think over a weekend.
```

```
 1              THE COURT:  Okay.

 2              MR. WELT:  So that's why, your Honor, but he

 3   is Sandirose Magder's husband.

 4              THE COURT:  Okay.  I'll approve it on an

 5   interim basis.  I can't do more than that in the first 21

 6   days of the case.

 7              MR. WELT:  Thank you.

 8              THE COURT:  So, and have a continued hearing

 9   on November 25th.

10              What's next, Mr. Moses?

11              MR. MOSES:  Thank you, your Honor.  That's

12   it for the trustee.

13              The debtor had filed a motion to jointly

14   administer the cases.  I'm not sure if your Honor wants

15   presentation on that.

16              THE COURT:  Makes a certain amount of sense

17   to me.  Does anybody object?

18              (No verbal response.)

19              THE COURT:  We're all going to come -- we're

20   all going to be together, I suppose ---

21              MR. MOSES:  Well, we fully support it,

22   your Honor.

23              THE COURT:  Okay.  Ms. Rodriguez, any

24   objection?

25              MS. RODRIGUEZ:  No, your Honor.
```

1          THE COURT:  Thank you.  Okay.  I'll grant

2   those motions in each of the three cases.

3          MR. LIEBERMAN:  Thank you, your Honor.

4          THE COURT:  And the lead case will be

5   Mapuche, or the lead case will be US Capital?

6          MR. LIEBERMAN:  The first filed case was US

7   Capital Fashion Mall, your Honor.  It's the ---

8          THE COURT:  It's the third ---

9          MR. LIEBERMAN:  It's the sub of a sub, yes,

10  your Honor.

11         THE COURT:  Okay.  Well, I suppose if

12  Eastern Airlines can be known as Ionosphere Clubs for

13  history, Mapuche can be known as US Fashion Mall.

14         Okay.  We'll put them all into US Fashion

15  Mall.

16         Now, anything else left?

17         MR. MOSES:  That's it for today, your Honor.

18         THE COURT:  Okay.  I saw that the -- do we

19  have a continued date on the motion for stay relief by

20  Ganglu, is that ---

21         MR. MOSES:  That's the 25th, your Honor.

22         THE COURT:  It's on the 25th?

23         MR. MOSES:  Yes.  I believe it's 9:30.  I

24  have to check.

25         THE COURT:  Okay.

```
 1              MR. MOSES:  I believe it's at 9:30.

 2              THE COURT:  Well, I'll see you all ---

 3              MR. LIEBERMAN:  And, Judge, as a matter of

 4    housekeeping, with respect to that continuance, first of

 5    all, Mr. Massana appreciates this Court's willingness to

 6    continue it.  He is in Africa right now on a safari, but I

 7    would request that the Court modify its order on the

 8    continuance to include a -- the contemplation of 362(e),

 9    since there the continued hearing is after the 30 days

10    from the filing of the motion, we'd ask that the stay just

11    stay in place until the hearing be had on that.

12              THE COURT:  Any objection, Ms. Rodriguez?

13              MS. RODRIGUEZ:  Yes, your Honor.  We are

14    very, very concerned.

15              Ganglu absolutely needs the stay lifted for

16    the very limited purpose of getting judges --

17    Judge Tutor's very clear rulings on October 3rd

18    memorialized on paper.  That is our request, is simply to

19    get Judge Tuter to enter his order, which is very

20    important to Ganglu, because Ganglu is in the process of

21    trying to secure investors, and without a clear

22    indication from a court that it has prevailed on the

23    very central issue in litigation that was tried

24    before Judge Tuter, Ganglu is going to have its hands

25    tied.
```

1          So for us, that is just a non-starter,

2    your Honor.

3          THE COURT:  Okay.

4          MR. LIEBERMAN:  Your Honor, I could ---

5          THE COURT:  Does anyone object to the

6    granting of stay relief solely for that purpose?

7          MR. LIEBERMAN:  Yes, your Honor.  I mean,

8    we'd like to have an opportunity to object to stay relief.

9    We think that it is not efficient.  We don't know why

10   equity would need to go back to state court if the relief

11   sought in the complaint for liquidation, and if the

12   appointment of professional fiduciary is essentially being

13   granted by the commencement of these cases, and to the

14   extent that, your Honor, this stay motion has been

15   continued until November 25th by agreement, we would

16   just ask that the stay be imposed until that hearing be

17   had.

18          THE COURT:  Okay.

19          MS. RODRIGUEZ:  Your Honor, if I may respond

20   to that?

21          It is believing to Ganglu that Mapuche, or

22   whatever we want to call this, these entities would be

23   opposing, would be taking a position on whether or not

24   Judge Tutor's order, which relates to the actions of

25   members, not the company itself, why would they be taking

1    a position?  The ruling by Judge Tuter did not implicate

2    the actions of Mapuche.  It implicated the actions of one

3    of the two members.

4                    THE COURT:  Wei Chen.

5                    MS. RODRIGUEZ:  Correct, your Honor, and as

6    a result of that, in light of the fact that the ruling of

7    Judge Tuter only implicated the actions of Mr. Chen, it

8    would be -- Mapuche should just govern itself by whatever

9    determination the judge made.

10                   So it's -- the debtor should not be

11   taking a position as to -- as to whether or not one of

12   the members forged documents, and whether or not an order

13   that was entered -- that should be entered after a full

14   trial should be entered on that particular issue.

15                   THE COURT:  Thank you.

16                   MR. LIEBERMAN:  Your Honor, there is a

17   motion for stay pending.  It has been continued until

18   November 25th.  I didn't believe that we were going to

19   argue it today, and ---

20                   THE COURT:  I hadn't intended to, but I see,

21   Ms. Rob -- Ms. Robson, what's your -- Ms. Robson what's

22   your position?

23                   MS. ROBSON:  Good morning, your Honor.

24   Grace Robson, Markowitz Ringel Trusty + Hartog.  We

25   represent Wei Chen, and I did not also think that the

1   issues discussed regarding the basis for the stay relief

2   were going to be argued today.  I was simply here to

3   observe but, your Honor, I would say that we would

4   obviously dispute the allegations and the argument made by

5   counsel for Ganglu today, and request that your Honor just

6   have the hearing when it's set.  I have no objection to

7   the request by Mr. Lieberman on 362(e).

8                    THE COURT:  Okay.  I'm going to give the

9   trustee an opportunity to do some thinking about this as

10  well, and I don't know what the trustee's position on

11  any of it is, and since there was an agreement to

12  continue this, I will stick the parties with that

13  agreement.

14                    The hearing on the motion for stay relief in

15  Mapuche is continued to November 25th, and the automatic

16  stay is continued through the conclusion of that hearing,

17  and a ruling on that motion.

18                    MR. LIEBERMAN:  Thank you, your Honor.  I'll

19  upload an amended order.

20                    THE COURT:  That's fine.  Run it past

21  Ms. Rodriguez and Mr. Moses, if you would.

22                    MR. LIEBERMAN:  Of course.

23                    THE COURT:  And Ms. Rob -- Robson, Robson,

24  Robson.  Sorry, I have a friend in Tampa whose name is

25  spelled exactly the same way, and it's pronounced Robson,

Page 22

1    and I will probably never get it right, Ms. Robson.

2                    MS. ROBSON:  Either way is fine, your Honor.

3                    THE COURT:  All right.  Mr. Lieberman, give

4    me that order.

5                    MR. LIEBERMAN:  Thank you, your Honor.

6                    THE COURT:  Anything else in --

7                    MR. MOSES:  That's it for today,

8    your Honor.

9                    THE COURT:  -- the Fashion Mall saga?

10                   (No verbal response.)

11                   THE COURT:  Mr. Levy, how is the city's

12   temperature this week?

13                   MR. LEVY:  Your Honor, as you know the city

14   is very concerned that this project ultimately be

15   successful.  We've had some conversations with Mr. Moses

16   and Mr. Welt, and there are scheduled meetings so that

17   we can try to make that happen as best we can, but the

18   city will closely monitor these proceedings so we can

19   try to get a responsible developer in place for the

20   project.

21                   THE COURT:  Okay.  Thank you.  I think

22   that's it then --

23                   MR. MOSES:  Thank you, your Honor.

24                   THE COURT:  -- for the Fashion police.

25                   MR. LIEBERMAN:  Thank you, your Honor.

1              MS. ROERIGUEZ-TASEFF:  Thank you, your

2    Honor.

3              THE COURT:  Thank you all.

4

5

6

7              (Thereupon, the hearing was concluded.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 24

1

2

3                              CERTIFICATION

4

5    STATE OF FLORIDA        :

6    COUNTY OF MIAMI-DADE    :

7

8                    I, Cheryl L. Jenkins, RPR, RMR, Shorthand

9    Reporter and Notary Public in and for the State of Florida

10   at Large, do hereby certify that the foregoing proceedings

11   were transcribed by me from an audio recording held on the

12   date and from the place as stated in the caption hereto on

13   Page 1 to the best of my ability.

14                    WITNESS my hand this 4th day of November,

15   2014.

16

17

18               _____

19                CHERYL L. JENKINS, RPR, RMR

20                Court Reporter and Notary Public
              in and for the State of Florida at Large
21                   Commission #FF064003
                     December 27, 2017

22

23

24

25