UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                    CASE NO. 14-32819-BKC-JKO
US Capital/Fashion Mall, LLC,                             CHAPTER 7

      Debtor.
_____/

## SUPPLEMENTAL AFFIDAVIT OF MICHAEL L. SCHUSTER, ESQ., ON BEHALF OF GENOVESE JOBLOVE & BATTISTA, P.A., AS PROPOSED COUNSEL FOR THE TRUSTEE

STATE OF FLORIDA          )
                          ) ss:
COUNTY OF MIAMI-DADE      )

      MICHAEL L. SCHUSTER, being duly sworn, deposes and say:

      1.    I am an attorney in the law firm of Genovese Joblove & Battista, P.A. ("GJB"). GJB maintains offices for the practice of law at 100 Southeast Second Street, Suite 4400, Miami, Florida 33131 and at 200 East Broward Boulevard, Suite 1110, Fort Lauderdale, Florida 33301.

      2.    I am familiar with the matters set forth herein and submit this Supplemental Affidavit (the "Supplemental Affidavit") in support of the Application of the Kenneth A. Welt, Chapter 7 Trustee (the "Trustee") for US Capital/Fashion Mall, LLC (the "Debtor"), for employment of GJB as his counsel (the "Application")(ECF No. 11).

      3.    This Supplemental[1] Affidavit is made for purposes of supplementing the representations made in the Affidavit of Michael L. Schuster, Esq. on behalf of Genovese Joblove & Battista, P.A. as Counsel for the Trustee (ECF No. 11)(the "Affidavit"), and except to the extent

---

[1] Supplemented to reflect GJB's employment of Judge Olson's former law clerk.

supplemented herein and filed with the Court, all other representations, statements and disclosures made in the Affidavit are reaffirmed in all respects.

4. In support of the Supplemental Affidavit, I disclose the following:

  a. Unless otherwise stated, this Supplemental Affidavit is based upon facts of which I have personal knowledge.

  b. In preparing this Supplemental Affidavit, I have reviewed the list of all creditors and equity security holders of the Debtor that have been made available to date. GJB maintains a computerized conflicts check system. GJB has compared the information obtained thereby with the information contained in its client and adverse party conflict check system. The facts stated in this Supplemental Affidavit as to the relationship between GJB and the Debtor, the Debtor's creditors, the United States Trustee, other persons employed by the Office of the United States Trustee, and those persons and entities who are defined as disinterested persons in Section 101(14) of the Bankruptcy Code, are based on the results of my review of GJB's conflict check system. Based upon such search, and except as otherwise provided herein, GJB does not represent any entity in any matter involving or adverse to the Debtor or which would constitute a conflict of interest or impair the disinterestedness of GJB in respect of its representation of the Trustee herein.

5. GJB's client and adverse party conflicts check system is comprised of records regularly maintained in the course of business by GJB, and it is the regular practice of GJB to make and maintain these records. The system reflects entries that are noted at the time the information becomes known by persons whose regular duties include recording and maintaining this information. I regularly use and rely upon the information contained in the system in the performance of my duties with GJB and in my practice of law.

6. Except as otherwise disclosed herein, a search of GJB's conflicts check system and the responses from attorneys at GJB revealed that GJB, except as provided herein, neither holds nor represents any interest adverse to the Debtor and is a "disinterested person" within the scope and meaning of Section 101(14) of the Bankruptcy Code.

7. Neither I nor GJB has or will represent any other entity in connection with these cases, and neither I nor GJB will accept any fee from any other party or parties in these cases, unless otherwise authorized by the Court.

8. The professional fees and costs to be incurred by GJB in the course of its representation of the Trustee in this case shall be subject in all respects to the application and notice requirement of 11 U.S.C. §§ 330 and 331 and Fed. R. Bank. P. 2014 and 2016.

9. The hourly rates for the attorneys at GJB range from $200 to $600 per hour. The hourly rates for the legal assistants at GJB range from $125 to $195. GJB reserves the right to increase its hourly rates in accordance with its normal and customary business practices.

10. There is no agreement of any nature as to the sharing of any compensation to be paid to GJB, except between the attorneys of GJB. No promises have been received by GJB, nor any member or associate thereof, as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

11. No attorney at GJB holds a direct or indirect equity interest in the Debtor, including stock or stock warrants, or has a right to acquire such an interest.

12. No attorney at GJB is or has served as an officer, director or employee of the Debtor within two years before the Petition Date.

13. No attorney at GJB is in control of the Debtor or is a relative of a director, officer or person in control of the Debtor.

14. No attorney at GJB is a general or limited partner of a partnership in which the Debtor is also a general or limited partner.

15. No attorney at GJB is or has served as an officer, director or employee of a financial advisor that has been engaged by the Debtor in connection with the offer, sale or issuance of a security of the Debtor, within two years before the Petition Date.

16. No attorney at GJB has represented a financial advisor of the Debtor in connection with the offer, sale or issuance of a security of the Debtor within three years before the Petition Date.

17. No attorney at GJB has any other interest, direct or indirect, that may be affected by the proposed representation.

18. GJB has represented, and continues to represent, Kenneth A. Welt as a court appointed fiduciary, including as chapter 7, 11 and/or liquidating trustee, in several unrelated matters pending in the United States Bankruptcy Court for the Southern District of Florida.

19. Alfredo Gonzalez, an attorney and partner at GJB, is a title insurance agent for Chicago Title. This estate may have claims against Chicago Title or related entities. Chicago Title or related entities may have claims against the Debtor. I do not believe that this connection impairs GJB's ability to represent the Trustee.

20. Pursuant to a Bankruptcy Court approved litigation pooling and sharing agreement, GJB also represents Mr. Welt in his individual capacity in the case of *In re Nica Holdings, Inc.*, Case Number 12-32686-JKO and a related state court professional negligence case against the former attorneys for Nica Holdings pending in Miami-Dade Florida Circuit Court. GJB is not due any

4

money from Mr. Welt in regard to the *Nica Holdings* case. In the future, and pursuant to the Bankruptcy Court approved arrangement, GJB may be entitled to a 2% contingency fee based on any gross recoveries of claims against Squire Sanders, et al. in that case, but such contingency fee would be paid by the *Nica Holdings* bankruptcy estate, and not by Mr. Welt individually. The case against Squire Sanders in the *Nica Holdings* case has been settled and approved by the Bankruptcy Court, and in connection therewith, GJB waived its entitlement to the contingency fee. An appeal of that settlement is currently pending.

21. Additionally, on November 3, 2014, Grant Lachman, Esq. joined GJB as an associate. Mr. Lachman served as Law Clerk for the Honorable John K. Olson from August 2013 through September 2014. Mr. Lachman will not work on, and will be ethically walled off from, any case that was pending before Judge Olson during Mr. Lachman's tenure as Law Clerk.

22. It is my understanding that the creditor matrices used by GJB for its conflict check may be based on preliminary information submitted by the Debtor. GJB will perform additional conflict checks as additional parties in interest are identified and will update or supplement the disclosures regarding GJB's disinterestedness as necessary.

23. No attorney at GJB has had or presently has any connection with the above-captioned Debtor or the estate on any matters in which GJB is to be engaged, except that I, GJB and our attorneys: (i) may have appeared in the past and may appear in the future in other cases in which one or more of said parties may be involved; and (ii) may represent or may have represented certain of

the Debtor's creditors in matters unrelated to these cases.

FURTHER, AFFIANT SAYETH NAUGHT.

_____
Michael L. Schuster, Esq.

SWORN TO AND SUBSCRIBED before me this _10_ day of November, 2014.

_____
NOTARY PUBLIC,
STATE OF FLORIDA AT LARGE

Print Name: Jean Marie Wilson
Commission No._____
Commission Expires:_____

```
JEAN MARIE WILSON
Notary Public - State of Florida
My Comm. Expires Oct 25, 2015
Commission # EE 110809
Bonded Through National Notary Assn.
```