## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 14-32819-JKO |
| US Capital/Fashion Mall, LLC, *et al.* | Chapter 7 (Jointly Administered) |
| Debtors. _____/ | |
| In re: | Case No. 14-32827-JKO |
| Mapuche, LLC, | |
| Debtor. _____/ | |

### RESPONSE BY WEI CHEN TO MOTION TO TANGSHAN GANGLU IRON & STEEL COMPANY, LTD. FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001

Creditor and party-in-interest Wei Chen, responds to the *Motion of Tangshan Ganglu Iron & Steel Company, Ltd. for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) and Federal Rule of Bankruptcy Procedure 4001* (the "Motion for Stay Relief") [Case No. 14-32827, ECF No. 10][1] and states as follows:

### Background

1. on October 14, 2014, Mapuche, LLC, US Capital Holdings, LLC and US Capital/Fashion Mall, LLC filed voluntary petitions under Chapter 7 of the Bankruptcy Code.

2. On October 17, 2014, Ganglu filed the Motion for Stay Relief [Mapuche Case ECF No. 10].

3. On October 17, 2014, counsel for the Debtors filed his *Notice of Unavailability* [Mapuche Case, ECF No. 12].

---

[1] The Motion for Stay Relief was filed in the bankruptcy case of Mapuche, LLC, Case No. 14-32827-JKO ("Mapuche Case"), prior to the joint administration of the Debtors' bankruptcy cases.

4

4. On October 28, 2014, this Court entered an agreed order (the "Continuance Order") [Mapuche ECF No. 31] continuing the hearing on the Motion for Stay Relief to November 25, 2014 at 9:30 a.m. (the "Hearing"). Among others, counsel for Ganglu agreed to the continuance provided by the Continuance Order.

5. On October 30, 2014, the Court ruled that the automatic stay would continue in full force and effect through and including the November 25, 2014 Hearing. *See* Local Rule 4001-1(H).

6. On November 3, 2014, Ganglu filed the *Stipulation on Motion for Relief from the Automatic Stay* (the "Stipulation") [ECF No. 38], which attached as Exhibit "A" a proposed "agreed"[2] order granting Ganglu limited stay relief (the "Proposed Stay Relief Order").

7. Notwithstanding this Court's ruling that the automatic stay continue in full force and effect until the Hearing, Ganglu submitted the Proposed Stay Relief Order[3] directly to the Court via e-mail on November 4, 2014 (the "Communication"). Further, in the Communication, Ganglu requested that the proposed "agreed order" be entered by the Court "if it meets with the Court's approval", but without suggesting that there be an opportunity for objections as required by Bankruptcy Rule 4001. *See* Fed.R.Bankr.P. 4001(d).

### Relief Sought and Response

8. Pursuant to its Motion for Stay Relief, Ganglu seeks relief "for the limited purpose of permitting: (i) Ganglu to proceed with obtaining an Order concerning findings of fact, already promulgated by the Honorable Jack Tuter … in the matter styled *Tangshan Ganglu Iron & Steel Company, Ltd. v. Mapuche, LLC and Wei Chen*… (the "State Court Action"); and (ii) the

---

[2] "Agreed" solely between the Chapter 7 Trustee and Ganglu.

[3] The Correspondence included an *Amended* Proposed Stay Relief Order which includes, among other things, a footnote disclosing that the "agreed" order was not agreed to by the Debtors or Mr. Chen (hereinafter referred to collectively with the Proposed Stay Relief Order as the "Proposed Stay Relief Order").

4

State Court Action to proceed to solely address the issue of whether Ganglu ratified the actions of Mr. Chen."

9. Ganglu seeks relief from the automatic stay "for cause" based upon its view of the totality of the circumstances. *See* Motion for Stay Relief, Mapuche ECF No. 10, pp. 4-6. Specifically, Ganglu concludes that there is no harm to the Debtor's estate since the State Court has decided whether Mr. Du signed a written consent regarding the company's operating agreement. However, as its own motion admits, while the State Court found that Mr. Du did not sign the written consent, the State Court reserved ruling on whether Ganglu ratified the actions of Mr. Chen (the "Ratification Issue"). *See* Motion for Stay Relief, Mapuche ECF No. 10, p. 3, fn. 2.

10. While Mr. Chen would have no objection if the relief sought by Ganglu was solely to submit to the State Court for its consideration the proposed form of order that was circulated prior to the Petition Date, Ganglu also requests stay relief to allow the State Court to proceed to trial and ruling on the Ratification Issue. For the reasons discussed herein, Mr. Chen submits that stay relief should be denied as it serves no purpose and is an unnecessary expenditure of time and resources.

11. The complaint filed by Ganglu in the State Court seeks two forms of relief: (i) the dissolution of Mapuche, LLC, and (ii) appointment of a receiver. The filing of the voluntary petition under chapter 7 and the appointment of a chapter 7 trustee provides Ganglu the relief it is seeking in the State Court Action without any further action on Ganglu's part. The chapter 7 trustee acts as a neutral fiduciary that will wind down and liquidate the assets of the company and make distributions in accordance with the priorities under applicable law. Ganglu has already agreed that "(i) the Bankruptcy Court is the appropriate forum to preserve and to dispose of the

4

Debtors' property and to address transfers of property of the estates, and (ii) the Trustee is an appropriate fiduciary for these purposes." *See* Stipulation, ECF No. 38, p. 2.

12. Therefore, it is unclear what Ganglu is seeking to accomplish by allowing Ganglu to submit a proposed order to the State Court regarding findings it made and to request that the State Court proceed to address and decide the Ratification Issue. Counsel for Ganglu represented at the October 30, 2014 hearing that Ganglu needs stay relief in order to attract investors. However, it is unclear how the entry of an order that finds that Mr. Du did not sign a written consent will attract investors. Second, whether Ganglu can remove Mr. Chen as manager of Mapuche is an issue that is moot by virtue of the appointment of the Trustee.

13. Further, because Mapuche is a corporate entity, it cannot represent itself in the State Court Action and would be prejudiced in that it would not have the benefit of representation by counsel.

14. Based upon the foregoing, Mr. Chen submits that Ganglu fails to meet its burden to show that "cause" exists under the totality of the circumstances, and the Motion for Stay Relief should be denied.

WHEREFORE, Mr. Chen respectfully requests that the Court: (i) deny the Motion for Stay Relief; and (ii) that grant such other relief as is deemed just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was served on all counsel of record or pro se parties identified on the attached Service List via the Court's CM/ECF notification to those parties who are registered CM/ECF participants in this case on November 21, 2014.

DATED: November 21, 2014  **MARKOWITZ RINGEL TRUSTY & HARTOG, P.A**.
*Counsel to Wei Chen*
101 NE Third Avenue, Suite 1210
Fort Lauderdale, FL 33301
Tel: (954) 767-0030 // Fax: (954) 767-0035

- and -

9130 S. Dadeland Blvd., Suite 1800
Miami, Florida 33156
Tel:  (305) 670-5000 // Fax:   (305) 670-5011

By: /s/ *Grace E. Robson*
Jerry M. Markowitz, Esq.
Fla. Bar No. 182420
jmarkowitz@mrthlaw.com
Grace E. Robson, Esq.
Fla. Bar No. 178063
grobson@mrthlaw.com
Timothy R. Bow, Esq.
Fla. Bar No. 104710
tbow@mrthlaw.com

521839

**Service List**

**14-32819-JKO Notice will be electronically mailed to:**

Timothy R Bow on behalf of Creditor Wei Chen
tbow@mrthlaw.com,
jgarey@mrthlaw.com,ycandia@mrthlaw.com,mrthbkc@gmail.com,ecfnotices@mrthlaw.com

Jason Z. Jones, Esq. on behalf of Creditor Caddell Construction Co. (DE), LLC
jjones@joneslawpa.com

Mark A Levy, Esq on behalf of Interested Party City of Plantation
mark.levy@brinkleymorgan.com,
sandra.gonzalez@brinkleymorgan.com;brinkleymorganecf@gmail.com

Nicole L Levy on behalf of Interested Party Tangshan Ganglu Iron & Steel Company, Ltd.
nllevy@duanemorris.com, LRTaseff@duanemorris.com,dperez@duanemorris.com,YArnavat-Parga@duanemorris.com,shmarder@duanemorris.com,DiMassa@duanemorris.com,LJKotler@duanemorris.com

Brett D Lieberman on behalf of Debtor Mapuche LLC
blieberman@messana-law.com, thurley@messana-law.com;emair@messana-law.com;nbarrus@messana-law.com;tmessana@messana-law.com;tmessana@bellsouth.net

Brett D Lieberman on behalf of Debtor US Capital Holdings, LLC
blieberman@messana-law.com, thurley@messana-law.com;emair@messana-law.com;nbarrus@messana-law.com;tmessana@messana-law.com;tmessana@bellsouth.net

Brett D Lieberman on behalf of Debtor US Capital/Fashion Mall, LLC
blieberman@messana-law.com, thurley@messana-law.com;emair@messana-law.com;nbarrus@messana-law.com;tmessana@messana-law.com;tmessana@bellsouth.net

Brett D Lieberman on behalf of Interested Party Mapuche LLC
blieberman@messana-law.com, thurley@messana-law.com;emair@messana-law.com;nbarrus@messana-law.com;tmessana@messana-law.com;tmessana@bellsouth.net

Brett D Lieberman on behalf of Interested Party US Capital Holdings, LLC
blieberman@messana-law.com, thurley@messana-law.com;emair@messana-law.com;nbarrus@messana-law.com;tmessana@messana-law.com;tmessana@bellsouth.net

Jerry M Markowitz on behalf of Creditor Wei Chen
jmarkowitz@mrthlaw.com,
rrubio@mrthlaw.com,mrthbkc@gmail.com,gruiz@mrthlaw.com,ycandia@mrthlaw.com

Thomas M. Messana, Esq. on behalf of Debtor Mapuche LLC
tmessana@messana-law.com, emair@messana-law.com;blieberman@messana-law.com;thurley@messana-law.com;tmessana@bellsouth.net;nbarrus@messana-law.com;ekates@bakerlaw.com;jmooremaley@messana-law.com;tzeichman@messana-law.com

Thomas M. Messana, Esq. on behalf of Debtor US Capital Holdings, LLC
tmessana@messana-law.com, emair@messana-law.com;blieberman@messana-law.

law.com;thurley@messana-law.com;tmessana@bellsouth.net;nbarrus@messana-law.com;ekates@bakerlaw.com;jmooremaley@messana-law.com;tzeichman@messana-law.com

Thomas M. Messana, Esq. on behalf of Debtor US Capital/Fashion Mall, LLC
tmessana@messana-law.com, emair@messana-law.com;blieberman@messana-law.com;thurley@messana-law.com;tmessana@bellsouth.net;nbarrus@messana-law.com;ekates@bakerlaw.com;jmooremaley@messana-law.com;tzeichman@messana-law.com

Thomas M. Messana, Esq. on behalf of Interested Party Mapuche LLC
tmessana@messana-law.com, emair@messana-law.com;blieberman@messana-law.com;thurley@messana-law.com;tmessana@bellsouth.net;nbarrus@messana-law.com;ekates@bakerlaw.com;jmooremaley@messana-law.com;tzeichman@messana-law.com

Thomas M. Messana, Esq. on behalf of Interested Party US Capital Holdings, LLC
tmessana@messana-law.com, emair@messana-law.com;blieberman@messana-law.com;thurley@messana-law.com;tmessana@bellsouth.net;nbarrus@messana-law.com;ekates@bakerlaw.com;jmooremaley@messana-law.com;tzeichman@messana-law.com

Glenn D Moses, Esq on behalf of Trustee Kenneth A Welt
gmoses@gjb-law.com, gjbecf@gjb-law.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Grace E. Robson, Esq. on behalf of Creditor Wei Chen
grobson@mrthlaw.com, jgarey@mrthlaw.com,mrthbkc@gmail.com,sramirez@mrthlaw.com

Michael L Schuster on behalf of Trustee Kenneth A Welt
mschuster@gjb-law.com, gjbecf@gjb-law.com;mchang@gjb-law.com

Steven J. Solomon, Esq. on behalf of Creditor BCEGI, LLC
steven.solomon@gray-robinson.com, lnegron@gray-robinson.com;lauren.rome@gray-robinson.com;Amador.Ruiz-Baliu@gray-robinson.com

Steven J. Solomon, Esq. on behalf of Creditor GHJ Construction Corporation
steven.solomon@gray-robinson.com, lnegron@gray-robinson.com;lauren.rome@gray-robinson.com;Amador.Ruiz-Baliu@gray-robinson.com

Kevin E. Vance on behalf of Creditor Tangshan Ganglu Iron & Steel Company, Ltd.
kevance@duanemorris.com, cmackey@duanemorris.com;pnmendoza@duanemorris.com

Kevin E. Vance on behalf of Interested Party Tangshan Ganglu Iron & Steel Company, Ltd.
kevance@duanemorris.com, cmackey@duanemorris.com;pnmendoza@duanemorris.com

Kenneth A Welt
fl10@ecfcbis.com;pacerfilings@gmail.com;kaw@trustesolutions.net;court@trusteeservices.biz