# EXHIBIT 1

## AFFIDAVIT OF
## LIDA RODRIGUEZ-TASEFF

Lida Rodriguez-Taseff, being duly sworn, deposes and says:

1.     I am an attorney licensed to practice law in the State of Florida and a member in good standing of the Florida Bar and of the United States District Court for the Southern District of Florida. I make this affidavit on personal knowledge. If called as a witness I will competently testify to the matters set forth in my affidavit.

2.     I have carefully read this Court's Order to Show Cause ("OSC") and have gone back and reviewed the filings in this case, my e-mails and other documents, and the transcripts of the relevant proceedings.

3.     I take full responsibility for the events that led to the issuance of the OSC. It was never my intent to mislead anyone when I authorized the filing of the Stipulation for stay relief between Duane Morris's client Tangshan Ganglu Iron & Steel Company, Ltd. ("Ganglu") and the Chapter 7 Trustee and the proposed Agreed Order and Amended Agreed Order granting limited stay relief that were attached as Exhibit A to the Stipulation. I apologize to the Court and to counsel if those filings were misleading in any way or created any confusion. I have acted in good faith at all times before this Court, but I am nevertheless embarrassed that what I did led to the issuance of the OSC.

4.     I ask that the Court gauge my conduct against the background of my twenty-one year career, which has been unblemished and exemplary. I am a leader within my firm -- a partner and a member of my firm's governing Partners' Board, its Diversity and Inclusion Committee, and its Women's Initiative Steering Committee. I am active in community affairs, and a hard-working, ethical lawyer. I have never had a Bar Complaint filed against me and prior to the Court's Order to Show Cause, have never before been threatened with sanctions by any

court. My practice is almost entirely commercial trial work in the state and federal courts. I am not a bankruptcy lawyer.

5.    I set forth the following facts surrounding the filings and emails that are the subject of the OSC to explain the lack of any improper purpose or intent on my part.

6.    I am the lead counsel representing Ganglu in *Tangshan Ganglu Iron & Steel Company, Ltd. v. Mapuche, LLC and Wei Chen,* Case No.: 14-0009677 (19), in the Circuit Court of the 17th Judicial Circuit, Broward County, Florida (the "State Court Action"). Ganglu is the majority member of Mapuche, LLC, the sole purpose of which is the redevelopment of the Plantation Fashion Mall. In its State Court Action for judicial dissolution of Mapuche and the appointment of a receiver, Ganglu alleges that it has invested approximately $162,000,000 in Mapuche but that Mapuche's General Manager, Wei Chen, has not managed to rebuild or rehabilitate any portion of the Mall, or even to come up with a workable master site plan proposal. In material part, Mr. Chen's defense has been that via an operating agreement, Ganglu's Chairman, Zhen Zeng Du had given Mr. Chen the absolute power to act for Mapuche in perpetuity. The validity of that agreement was tried to Judge Jack Tuter on October 1, 2, and 3, 2014. At the conclusion of the evidentiary hearing, Judge Tuter ruled from the bench that Mr. Du's signature on the document authorizing the execution of the operating agreement had been forged, and instructed Duane Morris to obtain the transcript, prepare an order, and circulate it to Mr. Chen's and Mapuche's lawyers. My partner Scott Marder and I did as instructed and incorporated the comments we received from counsel for Mapuche and Chen.

7.    On Monday, October 13, 2014, I emailed Mr. Chen's and Mapuche's lawyers the draft of the order that incorporated all of their changes and asked for their approval to submit it to Judge Tuter. In lieu of a direct response to my email, I was served with Mapuche's Suggestion of Bankruptcy.

8.    I promptly called Rudolph DiMassa, who heads the firm's bankruptcy practice from our firm's office in Philadelphia. Mr. DiMassa agreed to represent Ganglu in the Mapuche bankruptcy case along with Lawrence Kotler, another bankruptcy partner in the firm's Philadelphia office. My partner Kevin Vance, who has filing privileges in this Court, moved the admission pro hac vice of Messrs. DiMassa and Kotler, and on November 3, 2014, the Court so admitted them [DE 33, 34, *In re Mapuche LLC*, Case 14-32827-JKO].[1] Messrs. DiMassa and Kotler and I prepared Ganglu's motion for limited relief from the automatic stay, which we filed October 17 [*id.,* DE 10]. Mapuche's lead counsel, Thomas Messana, filed a Notice of Unavailability that same day [*id.,* DE 12].

9.    On October 20, Ganglu's stay relief motion was set for hearing on October 30, 2014 [*id.,* DE 16], and Mapuche moved to continue the hearing on the ground that Mr. Messana would be on vacation in Africa on that day [*id.,* DE 18]. On October 23, 2014, Brett Lieberman, one of Mr. Messana's colleagues, asked Nicole Levy, an associate in Duane Morris's Miami office, to agree to continue the hearing on the stay relief motion to the first available hearing date after November 6, 2014, when Mr. Messana was due to return. Ms. Levy checked with me and I told her to ask Mr. DiMassa. After speaking with Mr. DiMassa, Ms. Levy let Mr. Lieberman know that Ganglu agreed to the requested continuance.

10.    On October 28, 2014, this Court entered its order continuing the hearing on Ganglu's stay relief motion from October 30 to November 25, 2014 [*id.,* DE 31]. Other matters remained on the October 30 calendar but because the stay relief motion had been continued and Ganglu's interests were not directly implicated by the other matters that were to be heard on the 30th, Messrs. DiMassa and Kotler did not fly down. I attended the October 30 court session for Ganglu. Brett Lieberman attended for the debtors in Mr. Messana's stead.

---

[1] Unless otherwise noted (as in this record cite) DE references are to *In re US Capital/Fashion Mall*, Case 14-32819-JKO.

#3994226 v5

11.     During the hearing on October 30, Mr. Lieberman asked the Court to keep the stay in place until the hearing on November 25. See Tr. of October 30, 2014 hearing (Exhibit A hereto) at 18:3-11. The Court asked whether I objected, I replied that I did, and argued that Ganglu needed the stay lifted to permit Judge Tuter to enter a written order embodying his oral ruling that Mr. Du's signature on the operating agreement was a forgery because Ganglu was trying to secure investors and without a written order from Judge Tuter to show the potential investors that it had prevailed on the very important governance issue, "it was going to have its hands tied." I also argued that the debtors should not take a position on stay relief. *Id.* at 18:12-20:14. I then heard the Court say that it wished to hear from the Trustee before the hearing on November 25, *id.* at 21:8-13, and assumed (incorrectly as it turns out) that the Court would decide whether to continue the stay until November 25 once the Trustee let the Court know its view.

12.     Regrettably, I did not pick up what the Court said immediately thereafter, i.e., that *the stay would remain in place pending the hearing and decision on Ganglu's motion to vacate it. Id.* at 21:14-17. I fear that I was not paying sufficient attention for that crucial statement to register in my mind and I did not then grasp that by agreeing to continue the hearing, we had agreed to continue the stay. I apologize to the Court for my lapse of attention and for my misunderstanding.

13.     After the hearing, I spoke with the Trustee's attorney, Glenn Moses, who advised that the Trustee did not oppose Ganglu's limited stay relief motion, and would stipulate to that relief. Mr. Moses also told me that he agreed with me that the debtors did not have standing to oppose stay relief. Based on the Court's request for the Trustee's position on stay relief, the Trustee's offer to stipulate to it, and the debtor's questionable standing to object, I mistakenly concluded that once the Court heard the Trustee's position, it would lift the automatic stay for

the limited purposes set forth in Ganglu's motion. I then called Messrs. DiMassa and Kotler in Philadelphia and told them that.

14.    The next morning, October 31, 2014, Mr. Moses e-mailed me a draft proposed Stipulation on Motion for Relief from the Automatic Stay ("Stipulation for Stay Relief"), a copy of which is Exhibit B hereto. On November 3, after minor revisions, we filed the Stipulation for Stay Relief (in the US Capital/Fashion Mall case, No. 14-32819-JKO) both without [DE 38] and with [DE 38-1] the proposed order based upon that Stipulation and served that filing on Mr. Lieberman (among others). DE 38 and DE 38-1 are, together, Exhibit C hereto. In my mind, there was nothing about the proposed agreed order we attached to the Stipulation that was different from any of the many other proposed orders I have submitted to courts, with and without stipulations, during my career. I expected that the Court would consider granting limited stay relief once the Trustee made its position known and that the Court would thus enter the proposed order if the stipulation adequately answered all of the Court's questions.

15.    That same day, Mr. Lieberman e-mailed proposed orders on Administrative Consolidation and Continuing the Hearing on Stay Relief to me and Mr. Moses and asked whether we had any comments. Consistent with my understanding of what had occurred at and after the hearing, I replied to Mr. Lieberman by return email, communicating my unequivocal disagreement and advising him that we had filed the stipulation:

> Based on the Judge's pronouncement at last weeks' hearing relating to the lifting of the stay and the Judge's request to the Trustee to provide the Trustee's position on the lifting of the stay, *we do not agree with your proposed Amended Order Continuing Hearing. We have now submitted a Joint Stipulation setting forth the Trustee's position -- together with proposed order*.

(Emphasis added.) Mr. Lieberman's reply to me reflected his disagreement with my position:

> My understanding is that the Court ordered that the stay would continue until the November 25th hearing on the motion for stay relief. I disagree with your email . . . I am going to upload the proposed amended order I

#3994226 v5

circulated earlier and note that you do not agree to its entry.

Mr. Lieberman later emailed me a proposed order "revised . . . to reflect that the continuance order was discussed during the October 30, 2014 hearing." His email continued, "I anticipate uploading the attached with a note that you do not agree to its entry shortly." The foregoing email thread is Exhibit D hereto.

16.     Also on November 3, Mr. Moses emailed me revisions to the proposed order that was attached as an exhibit to our stipulation for stay relief that had already been filed. We then filed a Certificate of Service [DE 39], which attached the previously filed Stipulation and proposed Agreed Order (DE 38 and 38-1), together with the proposed Amended Agreed Order. That proposed Amended Agreed Order included the following footnote to the word "Agreed" in its title: "The form of this Amended Agreed Order has been agreed to by the Trustee, but not by the Debtor or by Mr. Wei Chen." We served the Certificate of Service and its attachments on Mr. Lieberman (among others). See [DE 39], Exhibit E hereto.

17.     The next morning, November 4, 2014, Mr. Lieberman submitted his proposed Amended Order via e-mail to the Court's Judicial Clerk, Aaron Brownell; Mr. Lieberman's email is Exhibit F hereto. About a half-hour later, at my direction, Rebecca Guillou, a paralegal in the trial department of Duane Morris's Miami office, emailed Mr. Brownell attaching and alerting him to our stipulation, our previously-filed proposed Agreed Order, and our proposed Amended Agreed Order, which expressly noted that the debtors did not agree:

> Please find attached **a Stipulation on Motion for Relief from the Automatic Stay** along with the proposed Agreed Order for same (DE 38). **Subsequently, we filed a proposed *Amended* Agreed Order, also attached.**

(Emphasis added.) The email concluded, "If the proposed Amended Agreed Order meets with the Court's approval, kindly have the Court enter same." A copy of Ms. Guillou's email is Exhibit G hereto.

#3994226 v5

18.     That afternoon, Mr. Brownell emailed me asking whether I was "submitting a competing order" to the order Mr. Lieberman had submitted. A copy of Mr. Brownell's email is Exhibit H hereto. At my instruction to resubmit to Mr. Brownell what we had emailed him earlier that day, Ms. Guillou replied to Mr. Brownell's email that "the attached Amended Agreed Order is our competing order," and attached the Stipulation and the proposed Amended Agreed Order. A copy of Ms. Guillou's email is Exhibit I hereto.

19.     Fourteen minutes after Ms. Guillou emailed Mr. Brownell, Mr. Lieberman sent an email to Ms. Guillou that complained that she had been "communicating with the Court without copying me" and asked that she send him copies of all correspondence she had ever sent to the Court and refrain from emailing the Court without copying him. I replied immediately, advising Mr. Lieberman that Ms. Guillou had copied others in his firm (Mr. Messana and Thomas Zeichman) on her emails to the Court and assuring him he would be added to all future emails. The foregoing email exchange is Exhibit J hereto. I thereafter promptly forwarded to Mr. Lieberman the two emails that Ms. Guillou had sent to Mr. Brownell (both of which show copies to his colleagues Messrs. Messana and Zeichman). My two emails to Mr. Lieberman, each one forwarding one of Ms. Guillou's emails to Mr. Brownell, are Composite Exhibit K hereto.

20.     In sum, with the exception of Ms. Guillou's two emails, Duane Morris served and copied Mr. Lieberman with everything we filed with or emailed to the Court simultaneously with the filing or emailing. In the case of the two emails, we simultaneously sent them to two of Mr. Lieberman's colleagues, and then emailed them to Mr. Lieberman within thirty minutes of his request. I had no purpose to deceive Mr. Lieberman (or anyone else). In fact, as I set forth above, I expressly advised Mr. Lieberman that I disagreed with his proposed order, explained why I disagreed (i.e., my mistaken understanding of the Court's ruling on October 30), and advised him that we had filed the stipulation. I cannot think of any way in which Mr. Lieberman

was misled by anything I or my staff did or failed to do.

_____
Lida Rodriguez-Taseff

STATE OF FLORIDA          )
                          ) ss:
COUNTY OF MIAMI-DADE)

BEFORE ME personally appeared Lida Rodriguez-Taseff, who is personally known to me or who produced _____ as identification and attests that the foregoing instrument was acknowledged before me this _____ day of January, 2015 and is true and correct to the best of her knowledge and belief. Affiant did take an oath.

(Seal)

DAWN PEREZ
Notary Public - State of Florida
My Comm. Expires Sep 20, 2015
Commission # EE 100603
Bonded Through National Notary Assn.

_____
Notary Public, State of Florida

_____
Printed Name of Notary Public

8 of 8

#3994226 v5

# EXHIBIT A

Page 1

1    UNITED STATES BANKRUPTCY COURT
      SOUTHERN DISTRICT OF FLORIDA
2
3 IN RE:        CASE NO. 14-32819-JKO
4 US CAPITAL/FASHION MALL, LLC,
5         Debtor.
                                    /
6 IN RE:        CASE NO. 14-32822-JKO
7 US CAPITAL HOLDINGS, LLC,
8         Debtor.
                                    /
9 IN RE:        CASE NO. 14-32827-JKO
10 MAPUCHE, LLC,
11         Debtor.
                                    /
12
          ECF #26, 28 (14-32819)
13        ECF #5, 25, 26, 27 (14-32822)
          ECF #4, 10, 18, 32, 36, 37(14-32827)
14
15          October 30, 2014

16          The above-entitled cause came on for hearing
    before the Honorable JOHN K. OLSON, one of the Judges in
17 SOUTHERN DISTRICT OF FLORIDA, at 299 E. Broward Blvd.,
    Fort Lauderdale, Broward County, Florida on October 30,
18 2014, commencing at or about 9:30 a.m., and the following
    proceedings were had.
19
20
21

    Transcribed from a digital recording by:
22      Cheryl L. Jenkins, RPR, RMR
23
24
25

Page 2

1
2
3      APPEARANCES:
4
       KENNETH A. WELT, Trustee
5
6
    GENOVESE JOBLOVE & BATTISTA, by
7      GLENN D. MOSES, Esquire
       MICHAEL SCHUSTER, Esquire
8      On behalf of the Trustee
9
10   MESSANA LAW FIRM, by
       BRETT LIEBERMAN, Esquire
11     On behalf of the debtors
12
13   BRINKLEY MORGAN, by
       MARK LEVY, Esquire
14   On behalf of the City of Plantation
15
16   DUANE MORRIS, LLP, by
       LIDA RODRIGUEZ-TASEFF, Esquire
17   On behalf of Tangshan Ganglu Iron & Steel
18
19   GRAY ROBINSON, by
       STEVEN SOLOMON, Esquire
20   On behalf of BCEGI, LLC and GHJ Construction
21
22   MARKOWITZ DAVIS RINGEL TRUSTY + HARTOG, by
       GRACE ROBSON, Esquire
23     On behalf of Chen Wei
24
25

Page 3

1
2        Continued Appearances
3
4   DAMARIS D. ROSICH-SCHWARTZ, Staff Attorney
      Office of the U.S. Trustee
5     Department of Justice
6
         ALSO PRESENT
7
8   ECRO - Electronic Court Reporting Operator
9        - - - - - - -
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 4

1      THE COURT:  Okay.  US Fashion Mall and
2 related companies, US Capital, Mapuche and so on.
3      MR. WELT:  Good morning, your Honor.
4      THE COURT:  Good morning, Mr. Welt.
5      MR. WELT:  Kenneth A. Welt, Chapter 7
6 trustee for the three debtor entities.
7      THE COURT:  Thank you, Mr. Welt.
8      MR. MOSES:  Good morning, your Honor.
9 Glenn Moses, Genovese Joblove & Battista on behalf of
10 Mr. Welt.  I'm also joined with my colleague,
11 Mr. Michael Schuster.
12      THE COURT:  Good morning Mr. Moses and
13 Mr. Schuster.
14      MS. ROSICH-SCHWARTZ:  Good morning,
15 your Honor.  Damaris Rosich-Schwartz on behalf of the
16 United States Trustee.
17      THE COURT:  Thank you, Ms. Rosich-Schwartz.
18 How did you get the luck of the draw here?
19      MS. ROSICH-SCHWARTZ:  I wouldn't call it
20 luck necessarily.
21      THE COURT:  You got to be the catcher on the
22 U.S.T.'s traveling team.
23      MR. LIEBERMAN:  Good morning, your Honor.
24 Brett Lieberman on behalf of the debtors, US
25 Capital/Fashion Mall, US Capital Holdings and Mapuche.

1 (Pages 1 to 4)

Page 5

1          THE COURT:  Thank you, Mr. Lieberman.
2          MR. LEVY:  Good morning, your Honor.
3 Mark Levy from Brinkley Morgan on behalf of the City of
4 Plantation.
5          THE COURT:  Some things never go away, do
6 they, Mr. Levy?
7          MR. LEVY:  They don't, your Honor.
8          MS. ROERIGUEZ-TASEFF:  Good morning, your
9 Honor.  Lida Rodriguez-Taseff.  From the law Firm of Duane
10 Morris, on behalf of Tangshan Ganglu Iron & Steel, the 99
11 percent member.
12          THE COURT:  Okay, and how do you spell your
13 name, ma'am?
14          MS. ROERIGUEZ-TASEFF:  Your Honor, first
15 name is L-i-d-a, last name Rodriguez, R-o-d-r-i-g-u-e-z,
16 hyp ---
17          THE COURT:  Thank you.
18          MS. ROERIGUEZ-TASEFF:  Thank you, Judge.
19          THE COURT:  And you're for Ganglu?
20          MS. ROERIGUEZ-TASEFF:  Yes, your Honor.
21          MR. SOLOMON:  Good morning, your Honor.
22 Steven Solomon from Gray Robinson on behalf of creditors
23 BCEGI, LLC, and GHJ Construction.
24          Thank you.
25          THE COURT:  General contractors on the jobs,

Page 6

1 Mr. Solomon?
2          MR. SOLOMON:  Correct, GHJ is the general
3 contractor, and BCEGI is the secured creditor.
4          THE COURT:  Okay.
5          Mr. Moses.
6          MR. MOSES:  Thank you, your Honor.
7          If it please the Court.  Your Honor, I'm
8 sure your Honor recalls from the Chapter 11 cases what the
9 property in issue is.  It's the ---
10          THE COURT:  I do, indeed.
11          MR. MOSES:  Okay.  So we don't need to go
12 through the details, but as of the petition date, there
13 was construction on the office tower, they were in the
14 middle of the renovation.  That's been halted.
15          During the period shortly before the filing,
16 the owners of the ultimate parent corporation, Mapuche,
17 LLC, were involved in a significant ownership dispute.
18          THE COURT:  I've read a little bit about
19 that.
20          MR. MOSES:  Okay.  So that's the -- and
21 obviously the Ganglu company either owns somewhere between
22 80 or 99 percent of Mapuche, and the other 1 to 20 percent
23 is owned by Mr. Chen Wei.
24          Among the disputes, your Honor, you're
25 familiar with, were allegations of fraudulent transfers,

Page 7

1 waste and other sundry items, including whether a most
2 recent version of an operating agreement was valid, and
3 earlier this month, Judge Tuter found on the record that,
4 in fact, the signature of Mr. Du on that operating
5 agreement was a forgery.
6          THE COURT:  He certainly reached that
7 conclusion emphatically based on my reading of the
8 transcript.
9          MR. MOSES:  And so your Honor has obviously
10 read the motion for stay relief.  You'll hear more about
11 that.  That's set for hearing on November 25th, that's
12 obviously an important motion to Ganglu for a number of
13 reasons.
14          The trustee at this time doesn't take any
15 position on the disputes between the parties, but we
16 obviously wanted to highlight some of the matters that had
17 transpired prior to the petition date.
18          A point to know, your Honor, is while the
19 members of Mapuche may dispute many things, there is one
20 thing that they do agree upon, and which we have obtained
21 confirmation and consent regardless of, the ultimate
22 validity of the operating agreement, and that is that this
23 Court is the appropriate forum, with Mr. Welt as the
24 independent fiduciary, to deal with property of the
25 estate, allegations of transfers, and to maximize the

Page 8

1 value of the real estate for all creditors and interested
2 parties.
3          And with that, that brings us to the matters
4 on today's calendar.
5          We first have a motion to operate the
6 debtor's business for a limited period of time, and to pay
7 prepetition wages of certain limited employees.
8          First, your Honor, we're not seeking to
9 operate the business in a traditional sense.  Your Honor
10 is aware the mall is closed.  Construction on the office
11 tower was halted due to the bankruptcy filings.
12          The only relief that we are seeking at this
13 time is the authority to take the necessary steps to
14 preserve, maintain and protect the property pending the
15 trustee's disposition of the project.
16          We attached a 30 day budget to the motion,
17 which deals largely with insurance, security, electricity
18 and other related expenditures.
19          The other component to that motion is a
20 request to pay the prepetition wages of certain limited
21 employees who have remained on to assist the trustee
22 relative to the debtor's extensive books and records, and
23 the trustee's due diligence with respect to the debtor's
24 financial affairs.  Other employees include maintenance,
25 housekeeping and landscaping staff.

2 (Pages 5 to 8)

Page 9

1        These employees have been extremely helpful
2 to the trustee, and remained on in the hope of receiving
3 their prepetition wages, each of which are far below the
4 limit of $12,475 set forth in the Code.
5        We've discussed this motion with the
6 trustee.  With respect to the payroll application, we have
7 an agreement to continue the request vis-a-vis two
8 employees that would be deemed insiders.
9        THE COURT:  Ms. Hup (phonetic).
10        MR. MOSES:  Ms. Hup and Mr. Jay (phonetic),
11 but to allow the relief to go forward with respect to the
12 balance of the employees.
13        With respect to the authority to operate, we
14 have an agreement to grant the request on a limited basis
15 through the next hearing, which, if your Honor can
16 accommodate on the 25th when you have the stay relief
17 motion, at which time we will seek further authority to
18 operate pending the disposition of the property, and by
19 that date, and prior to the hearing, we will file an
20 amended budget with the Court to take us through the
21 estimated period, to complete the trustee's disposition of
22 the asset, and we'll seek further relief at that time, and
23 that is the motion to operate and to pay the prepetition
24 wages.
25        THE COURT:  Any objections?

Page 10

1        MS. ROERIGUEZ-TASEFF:  No, your Honor.
2 Ganglu is -- has no opposition to the motion.
3        THE COURT:  Okay.  I couldn't imagine why
4 anyone would object to these in these circumstances.  The
5 721 operating authority motion is granted.  The authority
6 to pay the prepetition wages for everyone but the two
7 arguable insiders is granted.  I will continue -- I guess
8 I should grant the 721 on an interim basis and simply
9 continue it to November 25th?
10        MR. MOSES:  Yes, and set it ---
11        THE COURT:  And ---
12        MR. MOSES:  We anticipated an order setting
13 a further hearing on the 25th.
14        THE COURT:  And that would be on the 25th.
15        MR. MOSES:  Yes, sir.  Thank you.
16        THE COURT:  Okay, and, Mr. Moses, give me
17 orders to that effect.
18        MR. MOSES:  I will.  I will do that.
19        THE COURT:  Thank you.
20        MR. MOSES:  Thank you, your Honor.
21        The other, for the trustee, we have two
22 retention applications, Ms. Sandirose Magder or Analytic
23 Consulting, as the trustee's financial consultant, and
24 Cyphensics, LLC, which is the forensic computer
25 consultant, which has accessed, and downloaded, and backed

Page 11

1 up the debtor's computer system and data.
2        Just a point to make, your Honor.  The
3 debtor's corporate office is located in a building
4 adjacent to the mall, which is the former flower shop.
5        That office is not titled in the debtor's
6 name and, therefore, the trustee wanted to act quickly,
7 obtain all the information he can as quickly as possible,
8 and get out of there as quickly as possible and so the
9 need to retain a forensic computer specialist.
10        With respect to these applications, we have
11 discussed it with the United States Trustee.  They have
12 requested that their engagement be approved on an interim
13 basis, subject to a final hearing on the 25th.  We don't
14 have any objection to that request, your Honor.
15        THE COURT:  Well, I couldn't grant it on a,
16 on a short -- on a different basis than that.
17        My grave concern here, Mr. Moses, is that
18 Ms. Magder's LinkedIn Page lists her as a senior
19 consultant to Trustee Services, Inc., Mr. Welt's company.
20 That is not disclosed anywhere in the applications to
21 employ her, and on that basis alone, I'm inclined to deny
22 the applications.
23        MR. WELT:  May I address it, your Honor.
24        THE COURT:  You may, Mr. Welt, but I want to
25 know what's going on here, and why that wasn't disclosed.

Page 12

1 Her LinkedIn page says she's been there since two --
2 working for you since 2008.
3        MR. WELT:  She, Sandirose Magder has worked
4 on my cases probably prior to 2008.  I cannot tell this
5 Court why she listed herself as that position.  She's
6 always hired as a separate accountant on a temporary
7 basis, works it case by case.  She is not an officer, or
8 related to Trustee Services, and she is here, your Honor,
9 she can address that as well.  I cannot say why she has
10 put that on here LinkedIn page.
11        THE COURT:  Can you tell me why, in listing
12 Connections, she has it listed that she's worked for you
13 for at least 10 years?
14        MR. WELT:  I can't answer the question,
15 your Honor.
16        THE COURT:  Well, you signed the
17 application.
18        MR. WELT:  I have, your Honor, and she has
19 worked on various cases before this Court and other
20 courts.
21        THE COURT:  Mr. Moses, have you got some
22 explanation for me?
23        MR. MOSES:  Your Honor, this ---
24        THE COURT:  I just don't like it --
25        MR. MOSES:  I ---

3 (Pages 9 to 12)

Page 13

1 THE COURT: -- when disclosures aren't made.
2 MR. MOSES: And, your Honor, we appreciate
3 that. We will file an amended affidavit today disclosing
4 these particular issues, clarifying any conceptions or
5 misconceptions.
6 THE COURT: I want disclosure of whether she
7 is a 1099 employee or a W-2 employee.
8 MR. WELT: Understood, your Honor.
9 THE COURT: And how many engagements she's
10 been involved in. Is she -- I mean, not disclosing that
11 you're, that you're a regular employee, according to what
12 her page says, of Trustee Services, Inc. is very
13 troublesome.
14 MR. MOSES: We appreciate that, your Honor.
15 MR. WELT: To me as well, your Honor.
16 THE COURT: Well, you signed the
17 application --
18 MR. WELT: I did.
19 THE COURT: -- that didn't have the
20 disclosures in it either, Mr. Welt.
21 MR. WELT: I did, your Honor, that is
22 correct.
23 THE COURT: All right. Is her work -- is it
24 necessary to have her employed for the next three weeks?
25 MR. MOSES: Your Honor, actually she --

Page 14

1 Ms. Magder has been very involved. She's been our boot on
2 the ground of the trustee with respect to accessing and
3 downloading financial information of the debtor entity.
4 She's -- I was going to reference her with her hourly rate
5 as one of the most valuable players, from an economic
6 perspective in the case. She's been very, very important
7 and crucial to us in downloading, and accessing, and
8 understanding the information, and being able to translate
9 that to us, your Honor. She has been very involved, and
10 we anticipate her being very involved in the coming weeks.
11 THE COURT: Ms. Rosich-Schwartz.
12 MS. ROSICH-SCHWARTZ: Your Honor, based upon
13 the amendments, we would also recommend that maybe
14 continue to the 11-25 --
15 THE COURT: Continue it or --
16 MS. ROSICH-SCHWARTZ: --hearing.
17 THE COURT: -- grant it on an interim basis?
18 I mean, they evidently need somebody to do
19 this work. She's evidently already in it.
20 MS. ROSICH-SCHWARTZ: Correct, your Honor,
21 and we discussed at length Ms. Rose's application with the
22 trustee, and with Mr. Moses yesterday, and we would be
23 okay with it on an interim basis, and on the 25th, if the
24 amendments are made, and if we have an objection, we will
25 raise it, your Honor.

Page 15

1 THE COURT: All right. I'll approve the
2 employment on an interim basis. Final hearing
3 November 25th, at whatever time that was?
4 MR. WELT: Thank you, your Honor.
5 THE COURT: Now, you've got an application
6 to employ Mr. Socek and Cypherensics.
7 Mr. Welt, your website of Trustee Services
8 offers computer forensics as one of its services, and says
9 our computer forensic experts are skilled at a variety of
10 things. Is Mr. Socek one of those computer experts?
11 MR. WELT: An independent contractor, used
12 on a case by case basis, your Honor, and in full
13 disclosure is the husband of Sandirose Magder.
14 THE COURT: I got that part. So, are there
15 other computer forensic experts that are referred to in
16 what it says on Trustee Services' web page?
17 MR. WELT: Whether it says it on Trustee
18 Services' web page or not, your Honor, there are others.
19 There was one that I use on a regular basis. He was on a
20 cruise when I was appointed. I had concerns that the
21 electronic data, which is very important to the case,
22 would either disappear, or not be preserved. So I
23 immediately called up Sandirose Magder's husband, and --
24 who has other work, and he stopped the work to complete
25 this I think over a weekend.

Page 16

1 THE COURT: Okay.
2 MR. WELT: So that's why, your Honor, but he
3 is Sandirose Magder's husband.
4 THE COURT: Okay. I'll approve it on an
5 interim basis. I can't do more than that in the first 21
6 days of the case.
7 MR. WELT: Thank you.
8 THE COURT: So, and have a continued hearing
9 on November 25th.
10 What's next, Mr. Moses?
11 MR. MOSES: Thank you, your Honor. That's
12 it for the trustee.
13 The debtor had filed a motion to jointly
14 administer the cases. I'm not sure if your Honor wants
15 presentation on that.
16 THE COURT: Makes a certain amount of sense
17 to me. Does anybody object?
18 (No verbal response.)
19 THE COURT: We're all going to come -- we're
20 all going to be together, I suppose ---
21 MR. MOSES: Well, we fully support it,
22 your Honor.
23 THE COURT: Okay. Ms. Rodriguez, any
24 objection?
25 MS. RODRIGUEZ: No, your Honor.

4 (Pages 13 to 16)

Page 17

1        THE COURT: Thank you. Okay. I'll grant
2 those motions in each of the three cases.
3        MR. LIEBERMAN: Thank you, your Honor.
4        THE COURT: And the lead case will be
5 Mapuche, or the lead case will be US Capital?
6        MR. LIEBERMAN: The first filed case was US
7 Capital Fashion Mall, your Honor. It's the ---
8        THE COURT: It's the third ---
9        MR. LIEBERMAN: It's the sub of a sub, yes,
10 your Honor.
11        THE COURT: Okay. Well, I suppose if
12 Eastern Airlines can be known as Ionosphere Clubs for
13 history, Mapuche can be known as US Fashion Mall.
14        Okay. We'll put them all into US Fashion
15 Mall.
16        Now, anything else left?
17        MR. MOSES: That's it for today, your Honor.
18        THE COURT: Okay. I saw that the -- do we
19 have a continued date on the motion for stay relief by
20 Ganglu, is that ---
21        MR. MOSES: That's the 25th, your Honor.
22        THE COURT: It's on the 25th?
23        MR. MOSES: Yes. I believe it's 9:30. I
24 have to check.
25        THE COURT: Okay.

Page 18

1        MR. MOSES: I believe it's at 9:30.
2        THE COURT: Well, I'll see you all ---
3        MR. LIEBERMAN: And, Judge, as a matter of
4 housekeeping, with respect to that continuance, first of
5 all, Mr. Massana appreciates this Court's willingness to
6 continue it. He is in Africa right now on a safari, but I
7 would request that the Court modify its order on the
8 continuance to include a -- the contemplation of 362(e),
9 since there the continued hearing is after the 30 days
10 from the filing of the motion, we'd ask that the stay just
11 stay in place until the hearing be had on that.
12        THE COURT: Any objection, Ms. Rodriguez?
13        MS. RODRIGUEZ: Yes, your Honor. We are
14 very, very concerned.
15        Ganglu absolutely needs the stay lifted for
16 the very limited purpose of getting judges --
17 Judge Tutor's very clear rulings on October 3rd
18 memorialized on paper. That is our request, is simply to
19 get Judge Tuter to enter his order, which is very
20 important to Ganglu, because Ganglu is in the process of
21 trying to secure investors, and without a clear
22 indication from a court that it has prevailed on the
23 very central issue in litigation that was tried
24 before Judge Tuter, Ganglu is going to have its hands
25 tied.

Page 19

1        So for us, that is just a non-starter,
2 your Honor.
3        THE COURT: Okay.
4        MR. LIEBERMAN: Your Honor, I could ---
5        THE COURT: Does anyone object to the
6 granting of stay relief solely for that purpose?
7        MR. LIEBERMAN: Yes, your Honor. I mean,
8 we'd like to have an opportunity to object to stay relief.
9 We think that it is not efficient. We don't know why
10 equity would need to go back to state court if the relief
11 sought in the complaint for liquidation, and if the
12 appointment of professional fiduciary is essentially being
13 granted by the commencement of these cases, and to the
14 extent that, your Honor, this stay motion has been
15 continued until November 25th by agreement, we would
16 just ask that the stay be imposed until that hearing be
17 had.
18        THE COURT: Okay.
19        MS. RODRIGUEZ: Your Honor, if I may respond
20 to that?
21        It is believing to Ganglu that Mapuche, or
22 whatever we want to call this, these entities would be
23 opposing, would be taking a position on whether or not
24 Judge Tutor's order, which relates to the actions of
25 members, not the company itself, why would they be taking

Page 20

1 a position? The ruling by Judge Tuter did not implicate
2 the actions of Mapuche. It implicated the actions of one
3 of the two members.
4        THE COURT: Wei Chen.
5        MS. RODRIGUEZ: Correct, your Honor, and as
6 a result of that, in light of the fact that the ruling of
7 Judge Tuter only implicated the actions of Mr. Chen, it
8 would be -- Mapuche should just govern itself by whatever
9 determination the judge made.
10        So it's -- the debtor should not be
11 taking a position as to -- as to whether or not one of
12 the members forged documents, and whether or not an order
13 that was entered -- that should be entered after a full
14 trial should be entered on that particular issue.
15        THE COURT: Thank you.
16        MR. LIEBERMAN: Your Honor, there is a
17 motion for stay pending. It has been continued until
18 November 25th. I didn't believe that we were going to
19 argue it today, and ---
20        THE COURT: I hadn't intended to, but I see,
21 Ms. Rob -- Ms. Robson, what's your -- Ms. Robson what's
22 your position?
23        MS. ROBSON: Good morning, your Honor.
24 Grace Robson, Markowitz Ringel Trusty + Hartog. We
25 represent Wei Chen, and I did not also think that the

5 (Pages 17 to 20)

Page 21

1 issues discussed regarding the basis for the stay relief
2 were going to be argued today. I was simply here to
3 observe but, your Honor, I would say that we would
4 obviously dispute the allegations and the argument made by
5 counsel for Ganglu today, and request that your Honor just
6 have the hearing when it's set. I have no objection to
7 the request by Mr. Lieberman on 362(e).
8        THE COURT: Okay. I'm going to give the
9 trustee an opportunity to do some thinking about this as
10 well, and I don't know what the trustee's position on
11 any of it is, and since there was an agreement to
12 continue this, I will stick the parties with that
13 agreement.
14        The hearing on the motion for stay relief in
15 Mapuche is continued to November 25th, and the automatic
16 stay is continued through the conclusion of that hearing,
17 and a ruling on that motion.
18        MR. LIEBERMAN: Thank you, your Honor. I'll
19 upload an amended order.
20        THE COURT: That's fine. Run it past
21 Ms. Rodriguez and Mr. Moses, if you would.
22        MR. LIEBERMAN: Of course.
23        THE COURT: And Ms. Rob -- Robson, Robson,
24 Robson. Sorry, I have a friend in Tampa whose name is
25 spelled exactly the same way, and it's pronounced Robson,

Page 22

1 and I will probably never get it right, Ms. Robson.
2        MS. ROBSON: Either way is fine, your Honor.
3        THE COURT: All right. Mr. Lieberman, give
4 me that order.
5        MR. LIEBERMAN: Thank you, your Honor.
6        THE COURT: Anything else in --
7        MR. MOSES: That's it for today,
8 your Honor.
9        THE COURT: -- the Fashion Mall saga?
10        (No verbal response.)
11        THE COURT: Mr. Levy, how is the city's
12 temperature this week?
13        MR. LEVY: Your Honor, as you know the city
14 is very concerned that this project ultimately be
15 successful. We've had some conversations with Mr. Moses
16 and Mr. Welt, and there are scheduled meetings so that
17 we can try to make that happen as best we can, but the
18 city will closely monitor these proceedings so we can
19 try to get a responsible developer in place for the
20 project.
21        THE COURT: Okay. Thank you. I think
22 that's it then --
23        MR. MOSES: Thank you, your Honor.
24        THE COURT: -- for the Fashion police.
25        MR. LIEBERMAN: Thank you, your Honor.

Page 23

1        MS. ROERIGUEZ-TASEFF: Thank you, your
2 Honor.
3        THE COURT: Thank you all.
4
5
6
7        (Thereupon, the hearing was concluded.)
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 24

1
2
3        CERTIFICATION
4
5 STATE OF FLORIDA    :
6 COUNTY OF MIAMI-DADE :
7
8        I, Cheryl L. Jenkins, RPR, RMR, Shorthand
9 Reporter and Notary Public in and for the State of Florida
10 at Large, do hereby certify that the foregoing proceedings
11 were transcribed by me from an audio recording held on the
12 date and from the place as stated in the caption hereto on
13 Page 1 to the best of my ability.
14        WITNESS my hand this 4th day of November,
15 2014.
16
17
18        _____
19        CHERYL L. JENKINS, RPR, RMR
20        Court Reporter and Notary Public
         in and for the State of Florida at Large
21        Commission #FF064003
         December 27, 2017
22
23
24
25

6 (Pages 21 to 24)

**A**

ability 24:13
able 14:8
about 1:18 6:18 7:10
    21:9
above-entitled 1:15
absolutely 18:15
accessed 10:25
accessing 14:2,7
accommodate 9:16
according 13:11
accountant 12:6
act 11:6
actions 19:24 20:2,2,7
actually 13:25
address 11:23 12:9
adjacent 11:4
administer 16:14
affairs 8:24
affidavit 13:3
Africa 18:6
after 18:9 20:13
agree 7:20
agreement 7:2,5,22 9:7
    9:14 19:15 21:11,13
Airlines 17:12
allegations 6:25 7:25
    21:4
allow 9:11
alone 11:21
already 14:19
always 12:6
amended 9:20 13:3
    21:19
amendments 14:13,24
Among 6:24
amount 16:16
Analytic 10:22
answer 12:14
anticipate 14:10
anticipated 10:12
anybody 16:17
anyone 10:4 19:5
anything 17:16 22:6
anywhere 11:20
Appearances 2:3 3:2
application 9:6 12:17
    13:17 14:21 15:5
applications 10:22
    11:10,20,22
appointed 15:20
appointment 19:12
appreciate 13:2,14
appreciates 18:5
appropriate 7:23
approve 15:1 16:4
approved 11:12
arguable 10:7

argue 20:19
argued 21:2
argument 21:4
asset 9:22
assist 8:21
attached 8:16
Attorney 3:4
audio 24:11
authority 8:13 9:13,17
    10:5,5
automatic 21:15
aware 8:10
away 5:5
a.m 1:18

**B**

back 19:10
backed 10:25
balance 9:12
bankruptcy 1:1,16
    8:11
based 7:7 14:12
basis 9:14 10:8 11:13
    11:16,21 12:7 14:17
    14:23 15:2,12,19 16:5
    21:1
Battista 2:6 4:9
BCEG1 2:20 5:23 6:3
before 1:16 6:15 12:19
    18:24
behalf 2:8,11,14,17,20
    2:23 4:9,15,24 5:3,10
    5:22
being 14:8,10 19:12
believe 17:23 18:1
    20:18
believing 19:21
below 9:3
best 22:17 24:13
between 6:21 7:15
bit 6:18
Blvd 1:17
books 8:22
boot 14:1
Brett 2:10 4:24
brings 8:3
Brinkley 2:13 5:3
Broward 1:17,17
budget 8:16 9:20
building 11:3
business 8:6,9

**C**

calendar 8:4
call 4:19 19:22
called 15:23
came 1:15
Capital 1:7 4:2,25 17:5

17:7
Capital/Fashion 1:4
    4:25
caption 24:12
case 1:3,6,9 12:7,7 14:6
    15:12,12,21 16:6 17:4
    17:5,6
cases 6:8 12:4,19 16:14
    17:2 19:13
catcher 4:21
cause 1:15
central 18:23
certain 8:7,20 16:16
certainly 7:6
CERTIFICATION
    24:3
certify 24:10
Chapter 4:5 6:8
check 17:24
Chen 2:23 6:23 20:4,7
    20:25
Cheryl 1:22 24:8,19
city 2:14 5:3 22:13,18
city's 22:11
clarifying 13:4
clear 18:17,21
closed 8:10
closely 22:18
Clubs 17:4
Code 9:4
colleague 4:10
come 16:19
coming 14:10
commencement 19:13
commencing 1:18
Commission 24:21
companies 4:2
company 6:21 11:19
    19:25
complaint 19:11
complete 9:21 15:24
component 8:19
computer 10:24 11:1,9
    15:8,9,10,15
conceptions 13:4
concern 11:17
concerned 18:14 22:14
concerns 15:20
concluded 23:7
conclusion 7:7 21:16
confirmation 7:21
Connections 12:12
consent 7:21
construction 2:20 5:23
    6:13 8:10
consultant 10:23,25
    11:19

Consulting 10:23
contemplation 18:8
continuance 18:4,8
continue 9:7 10:7,9
    14:14,15 18:6 21:12
continued 3:2 16:8
    17:19 18:9 19:15
    20:17 21:15,16
contractor 6:3 15:11
contractors 5:25
conversations 22:15
corporate 11:3
corporation 6:16
correct 6:2 13:22 14:20
    20:5
counsel 21:5
County 1:17 24:6
course 21:22
court 1:1,16 3:8 4:1,4,7
    4:12,17,21 5:1,5,12
    5:17,19,25 6:4,6,10
    6:18 7:6,23 9:9,20,25
    10:3,11,14,16,19
    11:15,24 12:5,11,16
    12:19,21,24 13:1,6,9
    13:16,19,23 14:11,15
    14:17 15:1,5,14 16:1
    16:4,8,16,19,23 17:1
    17:4,8,11,18,22,25
    18:2,7,12,22 19:3,5
    19:10,18 20:4,15,20
    21:8,20,23 22:3,6,9
    22:11,21,24 23:3
    24:20
courts 12:20
Court's 18:5
creditor 6:3
creditors 5:22 8:1
crucial 14:7
cruise 15:20
Cyphersenics 10:24
    15:6

**D**

D 2:7 3:4
Damaris 3:4 4:15
data 11:1 15:21
date 6:12 7:17 9:19
    17:19 24:12
DAVIS 2:22
day 8:16 24:14
days 16:6 18:9
deal 7:24
deals 8:17
debtor 1:5,8,11 4:6
    14:3 16:13 20:10
debtors 2:11 4:24
debtor's 8:6,22,23 11:1

11:3,5
December 24:21
deemed 9:8
deny 11:21
Department 3:5
details 6:12
determination 20:9
developer 22:19
different 11:16
digital 1:21
diligence 8:23
disappear 15:22
disclosed 11:20,25
disclosing 13:3,10
disclosure 13:6 15:13
disclosures 13:1,20
discussed 9:5 11:11
    14:21 21:1
disposition 8:15 9:18
    9:21
dispute 6:17 7:19 21:4
disputes 6:24 7:15
DISTRICT 1:1,17
documents 20:12
downloaded 10:25
downloading 14:3,7
draw 4:18
Du 7:4
Duane 2:16 5:9
due 8:11,23
During 6:15

**E**

E 1:17
each 9:3 17:2
earlier 7:3
Eastern 17:12
ECF 1:12,13,13
economic 14:5
ECRO 3:8
effect 10:17
efficient 19:9
either 6:21 13:20 15:22
    22:2
electricity 8:17
electronic 3:8 15:21
emphatically 7:7
employ 11:21 15:6
employed 13:24
employee 13:7,7,11
employees 8:7,21,24
    9:1,8,12
employment 15:2
engagement 11:12
engagements 13:9
enter 18:19
entered 20:13,13,14
entities 4:6 19:22

entity 14:3
equity 19:10
Esquire 2:7,7,10,13,16
 2:19,22
essentially 19:12
estate 7:25 8:1
estimated 9:21
everyone 10:6
evidently 14:18,19
exactly 21:25
expenditures 8:18
experts 15:9,10,15
explanation 12:22
extensive 8:22
extent 19:14
extremely 9:1

**F**

fact 7:4 20:6
familiar 6:25
far 9:3
Fashion 4:1 17:7,13,14
 22:9,21
FF064003 24:21
fiduciary 7:24 19:12
file 9:19 13:3
filed 16:13 17:6
filing 6:15 18:10
filings 8:11
final 11:13 15:2
financial 8:24 10:23
 14:3
fine 21:20 22:2
Firm 2:10 5:9
first 5:14 8:5,8 16:5
 17:6 18:4
Florida 1:1,17,17 24:5
 24:9,20
flower 11:4
following 1:18
foregoing 24:10
forensic 10:24 11:9
 15:9,15
forensics 15:8
forged 20:12
forgery 7:5
former 11:4
Fort 1:17
forth 9:4
forum 7:23
forward 9:11
found 7:3
fraudulent 6:25
friend 21:24
from 1:21 5:3,9,22 6:8
 14:5 18:10,22 24:11
 24:12
full 15:12 20:13

fully 16:21
further 9:17,22 10:13

**G**

Ganglu 2:17 5:10,19
 6:21 7:12 10:2 17:20
 18:15,20,20,24 19:21
 21:5
general 5:25 6:2
Genovese 2:6 4:9
getting 18:16
GIIJ 2:20 5:23 6:2
give 10:16 21:8 22:3
Glenn 2:7 4:9
go 5:5 6:11 9:11 19:10
going 11:25 14:4 16:19
 16:20 18:24 20:18
 21:2,8
Good 4:3,4,8,12,14,23
 5:2,8,21 20:23
govern 20:8
Grace 2:22 20:24
grant 9:14 10:8 11:15
 14:17 17:1
granted 10:5,7 19:13
granting 19:6
grave 11:17
Gray 2:19 5:22
ground 14:2
guess 10:7

**H**

halted 6:14 8:11
hand 24:14
hands 18:24
happen 22:17
Hartog 2:22 20:24
hear 7:10
hearing 1:15 7:11 9:15
 9:19 10:13 11:13
 14:16 15:2 16:8 18:9
 18:11 19:16 21:6,14
 21:16 23:7
held 24:11
helpful 9:1
her 11:18,21 12:1 13:12
 13:23,24 14:4,4,10
hereto 24:12
herself 12:5
highlight 7:16
hired 12:6
history 17:13
Holdings 1:7 4:25
Honor 4:3,8,15,23 5:2
 5:7,9,14,20,21 6:6,7,8
 6:24 7:9,18 8:8,9
 9:15 10:1,20 11:2,14
 11:23 12:8,15,18,23

13:2,8,14,15,21,25
 14:9,12,20,25 15:4,12
 15:18 16:2,11,14,22
 16:25 17:3,7,10,17,21
 18:13 19:2,4,7,14,19
 20:5,16,23 21:3,5,18
 22:2,5,8,13,23,25
 23:2
Honorable 1:16
hope 9:2
hourly 14:4
housekeeping 8:25
 18:4
Hup 9:9,10
husband 15:13,23 16:3
hyp 5:16

**I**

imagine 10:3
immediately 15:23
implicate 20:1
implicated 20:2,7
important 7:12 14:6
 15:21 18:20
imposed 19:16
Inc 11:19 13:12
inclined 11:21
include 8:24 18:8
including 7:1
indeed 6:10
independent 7:24
 15:11
indication 18:22
information 11:7 14:3
 14:8
insiders 9:8 10:7
insurance 8:17
intended 20:20
interested 8:1
interim 10:8 11:12
 14:17,23 15:2 16:5
investors 18:21
involved 6:17 13:10
 14:1,9,10
Ionosphere 17:12
Iron 2:17 5:10
issue 6:9 18:23 20:14
issues 13:4 21:1
items 7:1

**J**

Jay 9:10
Jenkins 1:22 24:8,19
Joblove 2:6 4:9
jobs 5:25
JOHN 1:16
joined 4:10
jointly 16:13

judge 5:18 7:3 18:3,17
 18:19,24 19:24 20:1,7
 20:9
judges 1:16 18:16
just 11:2 12:24 18:10
 19:1,16 20:8 21:5
Justice 3:5

**K**

K 1:16
Kenneth 2:4 4:5
know 7:18 11:25 19:9
 21:10 22:13
known 17:12,13

**L**

L 1:22 24:8,19
landscaping 8:25
Large 24:10,20
largely 8:17
last 5:15
Lauderdale 1:17
law 2:10 5:9
lead 17:4,5
least 12:13
left 17:16
length 14:21
Levy 2:13 5:2,3,6,7
 22:11,13
Lida 2:16 5:9
Lieberman 2:10 4:23
 4:24 5:1 17:3,6,9
 18:3 19:4,7 20:16
 21:7,18,22 22:3,5,25
lifted 18:15
light 20:16
like 12:24 19:8
limit 9:4
limited 8:6,7,20 9:14
 18:16
LinkedIn 11:18 12:1
 12:10
liquidation 19:11
listed 12:5,12
listing 12:11
lists 11:18
litigation 18:23
little 6:18
LLC 1:4,7,10 2:20 5:23
 6:17 10:24
LLP 2:16
located 11:23
luck 4:18,20
L-i-d-a 5:15

**M**

made 13:1 14:24 20:9
 21:4

Magder 10:22 12:3
 14:1 15:13
Magder's 11:18 15:23
 16:3
maintain 8:14
maintenance 8:24
make 11:2 22:17
Makes 16:16
mall 1:4 4:1,25 8:10
 11:4 17:7,13,15 22:9
many 7:19 13:9
Mapuche 1:10 4:2,25
 6:16,22 7:19 17:5,13
 19:21 20:2,8 21:15
Mark 2:13 5:3
Markowitz 2:22 20:24
Massana 18:5
matter 18:3
matters 7:16 8:3
maximize 7:25
may 7:19 11:23,24
 19:19
maybe 14:13
ma'am 5:13
mean 13:10 14:18 19:7
meetings 22:16
member 5:11
members 7:19 19:25
 20:3,12
memorialized 18:18
MESSANA 2:10
MIAMI-DADE 24:6
Michael 2:7 4:11
middle 6:1
misconceptions 13:5
modify 18:7
monitor 22:18
month 7:3
more 7:10 16:5
Morgan 2:13 5:3
morning 4:3,4,8,12,14
 4:23 5:2,8,21 20:23
Morris 2:16 5:10
Moses 2:7 4:8,9,12 6:5
 6:6,11,20 7:9 9:10
 10:10,12,15,16,18,20
 11:17 12:21,23,25
 13:2,14,25 14:22
 16:10,11,21 17:17,21
 17:23 18:1 21:21
 22:7,15,23
most 7:1 14:5
motion 7:10,12 8:5,16
 8:19 9:5,17,23 10:2,5
 16:13 17:19 18:10
 19:14 20:17 21:14,17
motions 17:2

**N**

name 5:13,15,15 11:6
21:24
necessarily 4:20
necessary 8:13 13:24
need 6:11 11:9 14:18
19:10
needs 18:15
never 5:5 22:1
next 9:15 13:24 16:10
non-starter 19:1
Notary 24:9,20
November 7:11 10:9
15:3 16:9 19:15
20:18 21:15 24:14
number 7:12

**O**

object 10:4 16:17 19:5
19:8
objection 11:14 14:24
16:24 18:12 21:6
objections 9:25
observe 21:3
obtain 11:7
obtained 7:20
obviously 6:21 7:9,12
7:16 21:4
October 1:14,17 18:17
offers 15:8
office 3:4 6:13 8:10
11:3,5
officer 12:7
okay 4:1 5:12 6:4,11,20
10:3,16 14:23 16:1,4
16:23 17:1,11,14,18
17:25 19:3,18 21:8
22:21
OLSON 1:16
one 1:16 7:19 14:5 15:8
15:10,19 20:2,11
only 8:12 20:7
operate 8:5,9 9:13,18
9:23
operating 7:2,4,22 10:5
Operator 3:8
opportunity 19:8 21:9
opposing 19:23
opposition 10:2
order 10:12 18:7,19
19:24 20:12 21:19
22:4
orders 10:17
other 6:22 7:1 8:18,19
8:24 10:21 12:19
15:15,24
others 15:18
out 11:8

**P**

over 15:25
owned 6:23
owners 6:16
ownership 6:17
owns 6:21

**P**

page 11:18 12:1,10
13:12 15:16,18 24:13
paper 18:18
parent 6:16
part 15:14
particular 13:4 20:14
parties 7:15 8:2 21:12
past 21:20
pay 8:6,20 9:23 10:6
payroll 9:6
pending 8:14 9:18
20:17
percent 5:11 6:22,22
period 6:15 8:6 9:21
perspective 14:6
petition 6:12 7:17
phonetic 9:9,10
place 18:11 22:19
24:12
Plantation 2:14 5:4
players 14:5
please 6:7
point 7:18 11:2
police 22:24
position 7:15 12:5
19:23 20:1,1,22
21:10
possible 11:7,8
prepetition 8:7,20 9:3
9:23 10:6
PRESENT 3:6
presentation 16:15
preserve 8:14
preserved 15.22
prevailed 18:22
prior 7:17 9:19 12:4
probably 12:4 22:1
proceedings 1:18 22:18
24:10
process 18:20
professional 19:12
project 8:15 22:14,20
pronounced 21:25
property 6:9 7:24 8:14
9:18
protect 8:14
Public 24:9,20
purpose 18:16 19:6
put 12:10 17:14

**Q**

question 12:14
quickly 11:6,7,8

**R**

raise 14:25
rate 14:4
RE 1:3,6,9
reached 7:6
read 6:18 7:10
reading 7:7
real 8:1
reasons 7:13
recalls 6:8
receiving 9:2
recent 7:2
recommend 14:13
record 7:3
recording 1:21 24:11
records 8:22
reference 14:4
referred 15:15
regarding 21:1
regardless 7:21
regular 13:11 15:19
related 4:2 8:18 12:8
relates 19:24
relative 8:22
relief 7:10 8:12 9:11,16
9:22 17:19 19:6,8,10
21:1,14
remained 8:21 9:2
renovation 6:14
Reporter 24:9,20
Reporting 3:8
represent 20:25
request 8:20 9:7,14
11:14 18:7,18 21:5,7
requested 11:12
respect 8:23 9:6,11,13
11:10 14:2 18:4
respond 19.19
response 16:18 22:10
responsible 22:19
result 20:6
retain 11:9
retention 10:22
right 13:23 15:1 18:6
22:1,3
Ringel 2:22 20:24
RMR 1:22 24:8,19
Rob 20:21 21:25
Robinson 2:19 5:22
Robson 2:22 20.21,21
20:23,24 21:23,23,24
21:25 22:1,2
Rodriguez 5:15 16:23
16:25 18:12,13 19:19
20:5 21:21

**R**

Rodriguez-Taseff 2:16
5:9
ROERIGUEZ-TAS...
5.8,14,18,20 10:1
23:1
Rose's 14:21
Rosich-Schwartz 3:4
4 14,15,17,19 14:11
14:12,16,20
RPR 1:22 24:8.19
ruling 20:1,6 21:17
rulings 18:17
Run 21:20
R-o-d-r-i-g-u-e-z 5:15

**S**

s 4:22
safari 18:6
saga 22:9
same 21:25
Sandirose 10:22 12:3
15:13,23 16:3
saw 17:18
says 12:1 13:12 15:8,16
15:17
scheduled 22:16
Schuster 2:7 4:11,13
secure 18:21
secured 6:3
security 8:17
see 18:2 20:20
seek 9:17,22
seeking 8:8,12
senior 11:18
sense 8:9 16:16
separate 12:6
services 11:19 12:8
set 7:11 9:4 10:10 21:6
setting 10:12
shop 11.4
short 11:16
Shorthand 24:8
shortly 6:15
signature 7:4
signed 12:16 13:16
significant 6:17
simply 10:8 18:18 21:2
since 12:1,2 18:9 21:11
sir 10:15
skilled 15:9
Socek 15:6,10
solely 19:6
Solomon 2:19 5:21,22
6:1,2
some 5:5 7:16 12:21
21:9 22:15
somebody 14:18

somewhere 6:21
Sorry 21:24
sought 19:11
SOUTHERN 1:1,17
specialist 11:9
spell 5:12
spelled 21:25
staff 3:4 8:25
state 19:10 24:5,9,20
stated 24:12
States 1:1,16 4:16
11:11
stay 7:10 9:16 17:19
18:10,11,15 19:6,8,14
19:16 20:17 21:1,14
21:16
Steel 2:17 5:10
steps 8:13
Steven 2:19 5:22
stick 21:12
stopped 15:24
sub 17:9,9
subject 11:13
successful 22:15
sundry 7:1
support 16:21
suppose 16:20 17:11
sure 6:8 16:14
system 11:1

**T**

take 7:14 8:13 9:20
taking 19:23,25 20:11
Tampa 21:24
Tangshan 2:17 5:10
team 4:22
tell 12:4,11
temperature 22:12
temporary 12:6
Thank 4:7,17 5:1,17,18
5:24 6:6 10:15,19,20
15:4 16:7,11 17:1,3
20:15 21:18 22:5,21
22:23,25 23:1,3
their 9:3 11:12
thing 7:20
things 5:5 7.19 15:10
think 15:25 19:9 20:25
22:21
thinking 21:9
third 17:8
three 4:6 13:24 17:2
through 6:12 9:15,20
21:16
tied 18:25
time 7:14 8:6,13 9:17
9:22 15:3
titled 11:5

Page 4

| | | |
|---|---|---|
| today 13:3 17:17 20:19 21:2,5 22:7 | vis-a-vis 9:7 | 11 6:8 |
| today's 8:4 | **W** | 11-25 14:14 |
| together 16:20 | wages 8:7,20 9:3,24 10:6 | 14-32819 1:12 |
| tower 6:13 8:11 | want 11:24 13:6 19:22 | 14-32819-JKO 1:3 |
| traditional 8:9 | wanted 7:16 11:6 | 14-32822 1:13 |
| transcribed 1:21 24:11 | wants 16:14 | 14-32822-JKO 1:6 |
| transcript 7:8 | wasn't 11:25 | 14-32827-JKO 1:9 |
| transfers 6:25 7:25 | waste 7:1 | 18 1:13 |
| translate 14:8 | way 21:25 22:2 | |
| transpired 7:17 | web 15:16,18 | **2** |
| traveling 4:22 | website 15:7 | 20 6:22 |
| trial 20:14 | week 22:12 | 2008 12:2,4 |
| tried 18:23 | weekend 15:25 | 2014 1:14,18 24:15 |
| troublesome 13:13 | weeks 13:24 14:10 | 2017 24:21 |
| trustee 2:1,8 3:4 4:6,16 7:14 8:21 9:2,6 10:21 11:6,11,19 12:8 13:12 14:2,22 15:7,16,17 16:12 21:9 | Wei 2:23 6:23 20:4,25 | 21 16:5 |
| | well 11:15 12:9,16 13:15,16 16:21 17:11 18:2 21:10 | 25 1:13 |
| | | 25th 7:11 9:16 10:9,13 10:14 11:13 14:23 15:3 16:9 17:21,22 19:15 20:18 21:15 |
| trustee's 8:15,23 9:21 10:23 21:10 | Welt 2:4 4:3,4,5,5,7,10 7:23 11:23,24 12:3,14 12:18 13:8,15,18,20 13:21 15:4,7,11,17 16:2,7 22:16 | 26 1:13 |
| Trusty 2:22 20:24 | | 27 1:13 24:21 |
| try 22:17,19 | | 28 1:12 |
| trying 18:21 | Welt's 11:19 | 299 1:17 |
| Tuter 7:3 18:19,24 20:1 20:7 | were 1:18 6:13,17,25 20:18 21:2 24:11 | **3** |
| Tuter's 18:17 19:24 | we'll 9:22 17:14 | 3rd 18:17 |
| two 9:7 10:6,21 12:1 20:3 | we're 8:8 16:19,19 | 30 1:14,17 8:16 18:9 |
| | We've 9:5 22:15 | 32 1:13 |
| **U** | while 7:18 | 36 1:13 |
| ultimate 6:16 7:21 | willingness 18:5 | 362(e) 18:8 21:7 |
| ultimately 22:14 | WITNESS 24:14 | 37(14-32827) 1:13 |
| understanding 14:8 | work 13:23 14:19 15:24,24 | **4** |
| Understood 13:8 | worked 12:3,12,19 | 4th 24:14 |
| United 1:1,16 4:16 11:11 | working 12:2 | **7** |
| until 18:11 19:15,16 20:17 | works 12:7 | 7 4:5 |
| upload 21:19 | wouldn't 4:19 | 721 10:5,8 |
| use 15:19 | W-2 13:7 | **8** |
| used 15:11 | **Y** | 80 6:22 |
| U.S 3:4 | years 12:13 | **9** |
| U.S.T 4:22 | yesterday 14:22 | 9:30 1:18 17:23 18:1 |
| **V** | **S** | 99 5:10 6:22 |
| valid 7:2 | $12,475 9:4 | |
| validity 7:22 | **#** | |
| valuable 14:5 | #26 1:12 | |
| value 8:1 | #4 1:13 | |
| variety 15:9 | #5 1:13 | |
| various 12:19 | | |
| verbal 16:18 22:10 | **1** | |
| version 7:2 | 1 6:22 24:13 | |
| very 13:12 14:1,6,6,9 14:10 15:21 18:14,14 18:16,17,19,23 22:14 | 10 1:13 12:13 | |
| | 1099 13:7 | |

# EXHIBIT B

**Guillou, Rebecca L**

**From:** Moses, Glenn [mailto:gmoses@gjb-law.com]
**Sent:** Friday, October 31, 2014 9:42 AM
· Rodriguez-Taseff, Lida
ubject: stay relief stip

Hi Lida – please see the attached.  I think we can file a notice of this stipulation which addresses the trustee's formal position on stay relief.  Let me know your thoughts.

See you at lunch.

GENOVESE
JOBLOVE &
BATTISTA
PA
*Attorneys at Law*

Miami | Fort Lauderdale

**Glenn D. Moses, Esq.**
100 SE 2nd Street, 44th Floor
Miami, Florida 33131
**Direct:** (305)372-2522
**Main:** (305)349-2300
**Fax:** (305)428-8807
**Email:** gmoses@gjb-law.com
**Website:** www.gjb-law.com

1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re:

US CAPITAL/FASHION MALL, LLC,                    Case No.: 14-32819-JKO
et al.,[1]                                        (Jointly Administered)
                                                 Chapter 7

     Debtors.
_____/

## STIPULATION ON MOTION FOR RELIEF FROM THE AUTOMATIC STAY

This Stipulation is entered into this 31st day of October, 2014, by and between: (i) Kenneth A. Welt, as Chapter 7 Trustee (the "Trustee") for the Jointly Administered Bankruptcy Estates of Mapuche, LLC, US Capital Holdings, LLC and US Capital/Fashion Mall, LLC (together, the "Debtors" and the "Bankruptcy Cases" respectively), (ii) Tangshan Ganglu Iron & Steel Company, Ltd., a Chinese Corporation ("Ganglu"), and (iii) Zhen Zeng Du, individually ("Mr. Du").

WHEREAS, on October 14, 2014, each of the Debtors filed a voluntary petition for relief under Chapter 7 of Title 11, United States Code (the "Bankruptcy Code"); and

WHEREAS, the Debtors' Chapter 7 bankruptcy proceedings are being jointly administered under Case No. 14-32827-JKO, before the Hon. John K. Olson of the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court"); and

WHEREAS, the Trustee has been duly appointed the Chapter 7 Trustee for the estate of each of the Debtors; and

---

[1] The jointly administered Debtors are: US Capital/Fashion Mall, LLC (14-32819-JKO); US Capital Holdings, LLC (14-32822-JKO); and Mapuche, LLC (14-32827-JKO).

[11361-001/2260497/1]

WHEREAS, Ganglu owns the substantial majority of the membership interests in Mapuche, LLC; and

WHEREAS, Mapuche, LLC is the sole member of US Capital Holdings, LLC; and

WHEREAS, US Capital Holdings, LLC is the sole member of US Capital/Fashion Mall, LLC;

WHEREAS, Ganglu has filed with the Bankruptcy Court a Motion for Relief from the Automatic Stay [ECF No. 10 in Case No. 14-32827-JKO] (the "Stay Relief Motion") for the limited purposes of (i) permitting Ganglu to submit a proposed form of order after evidentiary hearing to the State Court, consistent with findings of fact promulgated by the State Court; (ii) permitting the State Court to enter/approve the proposed form of order, consistent with the State Court's directive as set forth in the Transcript of the Factual Findings; and (iii) permitting the State Court to address and decide the ratification issue (the "Relief Sought"); and

WHEREAS, Ganglu and Mr. Du have agreed that (i) the Bankruptcy Court is the appropriate forum to preserve and to dispose of the Debtors' property and to address transfers of property of the estates, and (ii) the Trustee is an appropriate fiduciary for these purposes; and

WHEREAS, Ganglu and Mr. Du have agreed not to seek dismissal of the Bankruptcy Cases, including with respect to the Relief Sought in the Stay Relief Motion; and

WHEREAS, the Trustee has reviewed and considered the Relief Sought in the Stay Relief Motion.

NOW, therefore, the Trustee, Ganglu and Mr. Du stipulate as follows:

1.      The above statements of fact are true and correct.

2.      The Trustee does not object to the Relief Sought in the Stay Relief Motion, and consents to the entry of an order granting the same.

[11361-001/2260497/1]

AGREED this 31st day of October, 2014.


_____
Kenneth A. Welt, Chapter 7 Trustee


_____
Zhen Zeng Du, individually


TANGSHAN GANGLU IRON & STEEL COMPANY, LTD.

By:_____

Its:_____

# EXHIBIT C

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re:

US CAPITAL/FASHION MALL, LLC,                    Case No.: 14-32819-JKO
et al.,[1]                                       (Jointly Administered)
                                                 Chapter 7

        Debtors.
_____/

## STIPULATION ON MOTION FOR RELIEF FROM THE AUTOMATIC STAY

This Stipulation is entered into this 31st day of October, 2014, by and between: (i) Kenneth A. Welt, as Chapter 7 Trustee (the "Trustee") for the Jointly Administered Bankruptcy Estates of Mapuche, LLC, US Capital Holdings, LLC and US Capital/Fashion Mall, LLC (together, the "Debtors" and the "Bankruptcy Cases" respectively), (ii) Tangshan Ganglu Iron & Steel Company, Ltd., a Chinese Corporation ("Ganglu"), by and through its Chairman and authorized representative, Zhen Zeng Du ("Mr. Du").

WHEREAS, on October 14, 2014, each of the Debtors filed a voluntary petition for relief under Chapter 7 of Title 11, United States Code (the "Bankruptcy Code");

WHEREAS, the Debtors' Chapter 7 bankruptcy proceedings are being jointly administered under Case No. 14-32827-JKO, before the Hon. John K. Olson of the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court");

WHEREAS, the Trustee has been duly appointed the Chapter 7 Trustee for the estate of each of the Debtors;

_____

[1] The jointly administered Debtors are: US Capital/Fashion Mall, LLC (14-32819-JKO); US Capital Holdings, LLC (14-32822-JKO); and Mapuche, LLC (14-32827-JKO).

WHEREAS, Ganglu owns the substantial majority of the membership interests in Mapuche, LLC;

WHEREAS, Mapuche, LLC is the sole member of US Capital Holdings, LLC;

WHEREAS, US Capital Holdings, LLC is the sole member of US Capital/Fashion Mall, LLC;

WHEREAS, Ganglu has filed with the Bankruptcy Court a Motion for Relief from the Automatic Stay [ECF No. 10 in Case No. 14-32827-JKO] (the "Stay Relief Motion") for the limited purposes of (i) permitting Ganglu to submit a proposed form of order after evidentiary hearing to the State Court, consistent with findings of fact promulgated by the State Court; (ii) permitting the State Court to enter/approve the proposed form of order, consistent with the State Court's directive as set forth in the Transcript of the Factual Findings; and (iii) permitting the State Court to address and decide the ratification issue (the "Relief Sought");

WHEREAS, Ganglu has agreed that (i) the Bankruptcy Court is the appropriate forum to preserve and to dispose of the Debtors' property and to address transfers of property of the estates, and (ii) the Trustee is an appropriate fiduciary for these purposes;

WHEREAS, Ganglu has agreed not to seek dismissal of the Bankruptcy Cases, including with respect to the Relief Sought in the Stay Relief Motion; and

WHEREAS, the Trustee has reviewed and considered the Relief Sought in the Stay Relief Motion.

NOW, therefore, the Trustee, Ganglu stipulates as follows:

1.    The above statements of fact are true and correct.

2.      The Trustee does not object to the Relief Sought in the Stay Relief Motion, and

hereby consents to the entry of the proposed Agreed Order granting the Relief Sought therein,

which is attached hereto as Exhibit "A".

AGREED this 3rd day of November, 2014.


By: _____ Michael C. Schuster, For:
Kenneth A. Welt, Chapter 7 Trustee


TANGSHAN    GANGLU    IRON    &    STEEL
COMPANY, LTD.

By: _____ Jianan Pu
Zhen Zong Du
Its: Chairman and authorized representative

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

US CAPITAL/FASHION MALL, LLC,                    Case No.: 14-32819-JKO
et al., [1]                                      (Jointly Administered)
                                                 Chapter 7

     Debtors.
_____/

## STIPULATION ON MOTION FOR RELIEF FROM THE AUTOMATIC STAY

This Stipulation is entered into this 31st day of October, 2014, by and between: (i) Kenneth A. Welt, as Chapter 7 Trustee (the "Trustee") for the Jointly Administered Bankruptcy Estates of Mapuche, LLC, US Capital Holdings, LLC and US Capital/Fashion Mall, LLC (together, the "Debtors" and the "Bankruptcy Cases" respectively), (ii) Tangshan Ganglu Iron & Steel Company, Ltd., a Chinese Corporation ("Ganglu"), by and through its Chairman and authorized representative, Zhen Zeng Du ("Mr. Du").

WHEREAS, on October 14, 2014, each of the Debtors filed a voluntary petition for relief under Chapter 7 of Title 11, United States Code (the "Bankruptcy Code");

WHEREAS, the Debtors' Chapter 7 bankruptcy proceedings are being jointly administered under Case No. 14-32827-JKO, before the Hon. John K. Olson of the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court");

WHEREAS, the Trustee has been duly appointed the Chapter 7 Trustee for the estate of each of the Debtors;

---

[1] The jointly administered Debtors are: US Capital/Fashion Mall, LLC (14-32819-JKO); US Capital Holdings, LLC (14-32822-JKO); and Mapuche, LLC (14-32827-JKO).

WHEREAS, Ganglu owns the substantial majority of the membership interests in Mapuche, LLC;

WHEREAS, Mapuche, LLC is the sole member of US Capital Holdings, LLC;

WHEREAS, US Capital Holdings, LLC is the sole member of US Capital/Fashion Mall, LLC;

WHEREAS, Ganglu has filed with the Bankruptcy Court a Motion for Relief from the Automatic Stay [ECF No. 10 in Case No. 14-32827-JKO] (the "Stay Relief Motion") for the limited purposes of (i) permitting Ganglu to submit a proposed form of order after evidentiary hearing to the State Court, consistent with findings of fact promulgated by the State Court; (ii) permitting the State Court to enter/approve the proposed form of order, consistent with the State Court's directive as set forth in the Transcript of the Factual Findings; and (iii) permitting the State Court to address and decide the ratification issue (the "Relief Sought");

WHEREAS, Ganglu has agreed that (i) the Bankruptcy Court is the appropriate forum to preserve and to dispose of the Debtors' property and to address transfers of property of the estates, and (ii) the Trustee is an appropriate fiduciary for these purposes;

WHEREAS, Ganglu has agreed not to seek dismissal of the Bankruptcy Cases, including with respect to the Relief Sought in the Stay Relief Motion; and

WHEREAS, the Trustee has reviewed and considered the Relief Sought in the Stay Relief Motion.

NOW, therefore, the Trustee, Ganglu stipulates as follows:

1.      The above statements of fact are true and correct.

2.      The Trustee does not object to the Relief Sought in the Stay Relief Motion, and

hereby consents to the entry of the proposed Agreed Order granting the Relief Sought therein,

which is attached hereto as Exhibit "A".

AGREED this 3rd day of November, 2014.


By: _____ *Michael C. Schuser, for:*
       Kenneth A. Welt, Chapter 7 Trustee


TANGSHAN   GANGLU   IRON   &   STEEL
COMPANY, LTD.

By: _____ */ Jianan Pu*
       Zhen Zeng Du
       Its: Chairman and authorized representative

# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

In re:

MAPUCHE, LLC. [1]                                        Case No.: 14-32827-JKO

                                                         Chapter 7

_____/                (Jointly Administered)

**AGREED ORDER GRANTING TANGSHAN GANGLU IRON & STEEL COMPANY,
LTD.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11
U.S.C. § 362(d) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001 FOR
LIMITED PURPOSE**

Tangshan Ganglu Iron & Steel Company, LTD. ("Ganglu") has filed with the Bankruptcy

Court a Motion for Relief from the Automatic Stay [ECF No. 10] (the "Stay Relief Motion") for

the limited purposes of (i) permitting Ganglu to submit a proposed form of order after

evidentiary hearing to the State Court, consistent with findings of fact promulgated by the State

Court; (ii) permitting the State Court to enter/approve the proposed form of order, consistent

with the State Court's directive as set forth in the Transcript of the Factual Findings; and (iii)

permitting the State Court to address and decide the ratification issue. The court having reviewed

---

[1] The jointly administered Debtors are: US Capital/Fashion Mall, LLC (14-32819-JKO); US
Capital Holdings, LLC (14-32822-JKO); and Mapuche, LLC (14-32827-JKO).

the Stay Relief Motion and good cause appearing, it is:

ORDERED that the Stay Relief Motion is hereby GRANTED.

The automatic stay is hereby lifted solely for the purpose of permitting: (i) Ganglu to submit a proposed form of order after evidentiary hearing to the State Court, consistent with findings of fact promulgated by the State Court; (ii) the State Court to enter/approve the proposed form of order, consistent with the State Court's directive as set forth in the Transcript of the Factual Findings; and (iii) the State Court to address and decide the ratification issue.

###

Submitted by:
Kevin E. Vance, Esquire
**DUANE MORRIS LLP**
200 South Biscayne Boulevard, Suite 3400
Miami, Florida 33131
Telephone: 305.960.2311 / Facsimile: 305.397.2264
*kevance@duanemorris.com*
*Attorneys for Tangshan Ganglu*
*Iron & Steel Company, Ltd.*

*The party submitting this Agreed Order shall serve a conformed copy of the signed Agreed Order on all parties of interest.*

# EXHIBIT D

**Perez, Dawn**

| | |
|---|---|
| `rom: | Brett Lieberman <blieberman@messana-law.com> |
| ,ent: | Monday, November 03, 2014 3:38 PM |
| To: | Rodriguez-Taseff, Lida |
| Cc: | Moses, Glenn; aday@gjb-law.com; Schuster, Michael; Thomas M. Messana; Levy, Nicole L.; Marder, Scott H.; Thomas Zeichman |
| Subject: | RE: Fashion Mall: Joint Administration and Amended Order Continuing Hearing on Stay Relief |
| Attachments: | Order on Motion to Continue Hearing (Amended) (revised draft).pdf |

Lida,

I've revised the proposed Amended Order to reflect that the continuance order was discussed during the October 30, 2014 hearing. I anticipate uploading the attached with a note that you do not agree to its entry shortly.

Best,
Brett


Brett D. Lieberman
Attorney at Law

~Iessana, P.A.
401 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301
954-712-7400 - Office Telephone
954-712-7427 - Direct Telephone
954-712-7401 - Office Facsimile
blieberman@messana-law.com
www.messana-law.com


-----Original Message-----
From: Rodriguez-Taseff, Lida [mailto:LRTaseff@duanemorris.com]
Sent: Monday, November 03, 2014 1:41 PM
To: Brett Lieberman
Cc: Moses, Glenn; aday@gjb-law.com; Schuster, Michael; Thomas M. Messana; Levy, Nicole L.; Marder, Scott H.; Thomas Zeichman
Subject: RE: Fashion Mall: Joint Administration and Amended Order Continuing Hearing on Stay Relief

Thank you.


Lida Rodriguez-Taseff
Partner

1

Duane Morris LLP
200 South Biscayne Boulevard, Suite 3400 Miami, FL 33131-2318
P:305.960.2242 F:305.397.2443
 .RTaseff@duanemorris.com
www.duanemorris.com

-----Original Message-----
From: Brett Lieberman [mailto:blieberman@messana-law.com]
Sent: Monday, November 03, 2014 1:20 PM
To: Rodriguez-Taseff, Lida
Cc: Moses, Glenn; aday@gjb-law.com; Schuster, Michael; Thomas M. Messana; Levy, Nicole L.; Marder, Scott H.; Thomas Zeichman
Subject: Re: Fashion Mall: Joint Administration and Amended Order Continuing Hearing on Stay Relief

Lida,

My understanding is that the Court ordered that the stay would continue until the November 25th hearing on the motion for stay relief. I disagree with your email below. I am going to upload the proposed amended order I circulated earlier and note that you do not agree to its entry.

Best,
 rett

Sent from my iPhone

> On Nov 3, 2014, at 12:46 PM, "Rodriguez-Taseff, Lida" <LRTaseff@duanemorris.com> wrote:
>
> Brett,
> Based on the Judge's pronouncements at last week's hearing relating to the lifting of the stay and the Judge's request to the Trustee to provide the Trustee's position on the lifting of the stay, we do not agree with your proposed Amended Order Continuing Hearing.  We have now submitted a Joint Stipulation setting forth the Trustee's position -- together with proposed order.
> Thanks,
> Lida
>
> Lida Rodriguez-Taseff
> Partner
>
> Duane Morris LLP
> 200 South Biscayne Boulevard, Suite 3400 Miami, FL 33131-2318
> P:305.960.2242 F:305.397.2443
> LRTaseff@duanemorris.com
> www.duanemorris.com
>
>
>
>

>
> -----Original Message-----
> From: Brett Lieberman [mailto:blieberman@messana-law.com]
> Sent: Monday, November 03, 2014 9:49 AM
· To: Moses, Glenn; Rodriguez-Taseff, Lida
> Cc: aday@gjb-law.com; 'Schuster, Michael'; Thomas M. Messana; Levy,
> Nicole L.; Marder, Scott H.; Thomas Zeichman
> Subject: Fashion Mall: Joint Administration and Amended Order
> Continuing Hearing on Stay Relief
>
> All:
> Please find attached drafts of the Order on Administrative Consolidation and the Amended Order Continuing the
Hearing on Stay Relief.
>
> Please send me comments, if any, as soon as possible.
>
> Best,
> Brett
>
>
>
> Brett D. Lieberman
> Attorney at Law
>
> Messana, P.A.
> 401 East Las Olas Boulevard, Suite 1400 Fort Lauderdale, Florida 33301
   954-712-7400 - Office Telephone
> 954-712-7427 - Direct Telephone
> 954-712-7401 - Office Facsimile
> blieberman@messana-law.com
> www.messana-law.com
>
>
>
>
>
> For more information about Duane Morris, please visit
> http://www.DuaneMorris.com
>
>
> Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the
review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it
to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

In re:

Mapuche LLC

           CASE NO. 14-32827-JKO
           CHAPTER 7

    Debtor,

_____/

**ORDER AMENDING[1] AGREED ORDER GRANTING MAPUCHE, LLC'S MOTION
TO CONTINUE OCTOBER 30, 2014 HEARING ON TANGSHAN GANGLU IRON &
STEEL COMPANY, LTD'S MOTION FOR STAY RELIEF (ECF No. 10)**

   THIS CAUSE came before the Court upon *Mapuche, LLC's Motion to Continue the*

*October 30, 2014 Hearing on Tangshan Ganglu Iron & Steel Company, Ltd's* ("Ganglu")

*Motion for Stay Relief* (ECF No. 18) and the Debtor's *ore tenus* motion (collectively, the

"Motion") to amend this Court's October 28, 2014 Order (the "Continuance Order") (ECF No.

---

[1] Amended to specifically address 11 U.S.C. § 362(e).

31) which continued the hearing on Ganglu's Motion for Stay Relief (ECF No. 10) to November 25, 2014. The Court, having considered the Motion, hearing from counsel to the Debtor and Ganglu, having been informed of counsel for Ganglu's agreement to the entry of the Continuance Order, finding good cause for the granting of the Motion, and being otherwise fully advised in the premises, it is now therefore:

**ORDERED** as follows:

1.       The Motion is Granted.

2.       The hearing to consider Tangshan Ganglu Iron & Steel Company, Ltd's Motion for Stay Relief (ECF No. 10) is continued to **November 25, 2014 at 9:30 a.m., United States Bankruptcy Court, U.S. Courthouse, 299 E Broward Blvd, Room 301, Fort Lauderdale, FL 33301**.

3.       The automatic stay shall continue in full force and effect pending the conclusion of the above scheduled November 25, 2014 hearing.

###

Submitted by:
Thomas M. Messana, Esq.
Messana, P.A.
Post Office Box 2485
Fort Lauderdale, Florida 33303
Telephone:  (954) 712-7400
Facsimile:  (954) 712-7401
Email:  tmessana@messana-law.com

Copy furnished to:

Thomas M. Messana, Esq, who is directed to serve a conformed copy of this Order on all interested parties and to file a certificate of service with the Court.

2

# EXHIBIT E

**Mackey, Caryn**

| | |
|---|---|
| **From:** | FLSB_ECF_Notification@flsb.uscourts.gov |
| **Sent:** | Monday, November 03, 2014 4:46 PM |
| **To:** | Courtmail@flsb.uscourts.gov |
| **Subject:** | Ch-7 14-32819-JKO Certificate of Service US Capital/Fashion |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.**

## U.S. Bankruptcy Court

## Southern District of Florida

Notice of Electronic Filing

The following transaction was received from Kevin E. Vance entered on 11/3/2014 at 4:46 PM EST and filed on 11/3/2014
**Case Name:**      US Capital/Fashion Mall, LLC
**Case Number:**     14-32819-JKO
**Document Number:** 39

**Docket Text:**
Certificate of Service Filed by Creditor Tangshan Ganglu Iron & Steel Company, Ltd. (Re: [38] Document filed by Creditor Tangshan Ganglu Iron & Steel Company, Ltd.). (Vance, Kevin)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\Users\rlguillou\Desktop\MAPUCHE BANKRUPTCY\Certificate of Service.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1068065210 [Date=11/3/2014] [FileNumber=34318442-
0] [2ac36244014c918120a67a0f5ec80594ae737834b8cf1ed16c6df71fcba0c61bec
a87350e9bb549b87c889676758f958f6271c6397aaedf0404a40f1b13cb790]]

**14-32819-JKO Notice will be electronically mailed to:**

Mark A Levy, Esq on behalf of Interested Party City of Plantation
mark.levy@brinkleymorgan.com, sandra.gonzalez@brinkleymorgan.com;brinkleymorganecf@gmail.com

Brett D Lieberman on behalf of Debtor US Capital/Fashion Mall, LLC
blieberman@messana-law.com, thurley@messana-law.com;emair@messana-law.com;nbarrus@messana-law.com;tmessana@messana-law.com;tmessana@bellsouth.net

Thomas M. Messana, Esq. on behalf of Debtor US Capital/Fashion Mall, LLC
tmessana@messana-law.com, emair@messana-law.com;blieberman@messana-law.com;thurley@messana-law.com;tmessana@bellsouth.net;nbarrus@messana-law.com;ekates@bakerlaw.com;jmooremaley@messana-law.com;tzeichman@messana-law.com

Glenn D Moses, Esq on behalf of Trustee Kenneth A Welt
gmoses@gjb-law.com, gjbecf@gjb-law.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Michael L Schuster on behalf of Trustee Kenneth A Welt
mschuster@gjb-law.com, gjbecf@gjb-law.com;mchang@gjb-law.com

Steven J. Solomon, Esq. on behalf of Creditor BCEGI, LLC
steven.solomon@gray-robinson.com, lnegron@gray-robinson.com;lauren.rome@gray-robinson.com;Amador.Ruiz-Baliu@gray-robinson.com

Steven J. Solomon, Esq. on behalf of Creditor GHJ Construction Corporation
steven.solomon@gray-robinson.com, lnegron@gray-robinson.com;lauren.rome@gray-robinson.com;Amador.Ruiz-Baliu@gray-robinson.com

Kevin E. Vance on behalf of Creditor Tangshan Ganglu Iron & Steel Company, Ltd.
kevance@duanemorris.com, cmackey@duanemorris.com;pnmendoza@duanemorris.com

Kenneth A Welt
fl10@ecfcbis.com;pacerfilings@gmail.com;kaw@trustesolutions.net;court@trusteeservices.biz

**14-32819-JKO Notice will not be electronically mailed to:**

## UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In Re:                                         Case No. 14-32819 (JKO)
                                               CHAPTER 7 (Jointly Administered)

US CAPITAL/FASHION MALL, LLC,
et al [1]

_____ Debtor. _____/

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the Stipulation on Motion for Relief From the Automatic Stay and the Agreed Order Granting Tangshan Ganglu Iron & Steel Company, LTD.'s Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. section 362(d) and Federal Rule of Bankruptcy Procedure 4001 for Limited Purpose (ECF No. 38) as well as the Amended Agreed Order was served on November 3, 2014 via CM/ECF electronic notice and/or via U.S. Mail, postage pre-paid to the parties on the attached Service List.

Respectfully submitted this 3rd day of November, 2014.

---

[1] The jointly administered Debtors are: US Capital/Fashion Mall, LLC (14-32819-JKO); US Capital Holdings, LLC (14-32822-JKO); and Mapuche, LLC (14-32827-JKO).

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

US CAPITAL/FASHION MALL, LLC,                    Case No. 14-32819-JKO
et al.,[1]                                       (Jointly Administered)
                                                 Chapter 7

        Debtors.
_____/

## STIPULATION ON MOTION FOR RELIEF FROM THE AUTOMATIC STAY

This Stipulation is entered into this 31st day of October, 2014, by and between the Kenneth A. Welt, as Chapter 7 Trustee (the "Trustee") for the Jointly Administered Bankruptcy Estates of Mapuche, LLC, US Capital Holdings, LLC and US Capital/Fashion Mall, LLC (together, the "Debtors" and the "Bankruptcy Cases" respectively), and Tangshan Ganglu Iron & Steel Company, Ltd., a Chinese Corporation ("Ganglu"), by and through its Chairman and authorized representative, Zhen Zeng Du ("Mr. Du").

WHEREAS, on October 14, 2014, each of the Debtors filed a voluntary petition for relief under Chapter 7 of Title 11, United States Code (the "Bankruptcy Code");

WHEREAS, the Debtors' Chapter 7 bankruptcy proceedings are being jointly administered under Case No. 14-32827-JKO, before the Hon. John K. Olson of the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court");

WHEREAS, the Trustee has been duly appointed the Chapter 7 Trustee for the estate of each of the Debtors;

_____
[1] The jointly administered Debtors are: US Capital/Fashion Mall, LLC (14-32819-JKO); US Capital Holdings, LLC (14-32822-JKO); and Mapuche, LLC (14-32827-JKO).

    2.    The Trustee does not object to the Relief Sought in the Stay Relief Motion, and

hereby consents to the entry of the proposed Agreed Order granting the Relief Sought therein,

which is attached hereto as Exhibit "A".

    AGREED this 3rd day of November, 2014.

By: _____ Michael C. Schuster, Esq.
    Kenneth A. Welt, Chapter 7 Trustee


TANGSHAN GANGLU IRON & STEEL
COMPANY, LTD.

By: _____
    Zhen Zeng Du
    Its: Chairman and authorized representative

WHEREAS, Gangio owns the substantial majority of the membership interests in Mapuche, LLC;

WHEREAS, Mapuche, LLC is the sole member of US Capital Holdings, LLC;

WHEREAS, US Capital Holdings, LLC is the sole member of US Capital Fashion Mall, LLC;

WHEREAS, Gangio has filed with the Bankruptcy Court a Motion for Relief from the Automatic Stay [ECF No. 10 in Case No. 14-32827-JKO] (the "Stay Relief Motion") for the limited purposes of (i) permitting Gangio to submit a proposed form of order after evidentiary hearing to the State Court, consistent with findings of fact promulgated by the State Court; (ii) permitting the State Court to enter/approve the proposed form of order, consistent with the State Court's directive as set forth in the Transcript of the Factual Findings; and (iii) permitting the State Court to address and decide the ratification issue (the "Relief Sought");

WHEREAS, Gangio has agreed that (i) the Bankruptcy Court is the appropriate forum to preserve and to dispose of the Debtors' property and to address transfers of property of the estates, and (ii) the Trustee is an appropriate fiduciary for these purposes;

WHEREAS, Gangio has agreed not to seek dismissal of the Bankruptcy Cases, except as with respect to the Relief Sought in the Stay Relief Motion; and

WHEREAS, the Trustee has reviewed and considered the Relief Sought in the Stay Relief Motion.

NOW, therefore, the Trustee, Gangio stipulates as follows:

1.      The above statements of fact are true and correct.

# EXHIBIT "A"

the Stay Relief Motion and good cause appearing, it is:

ORDERED that the Stay Relief Motion is hereby GRANTED.

The automatic stay is hereby lifted solely for the purpose of permitting (i) Tangshan to submit a proposed form of order after evidentiary hearing to the State Court, consistent with findings of fact promulgated by the State Court; (ii) the State Court to enter/approve the proposed form of order, consistent with the State Court's directive as set forth in the Transcript of the Factual Findings; and (iii) the State Court to address and decide the ratification issue.

###

Submitted by:
Kevin E. Vance, Esquire
DUANE MORRIS LLP
200 South Biscayne Boulevard, Suite 3400
Miami, Florida 33131
Telephone: 305.960.2311   Facsimile: 305.397.2264
kevance@duanemorris.com
*Attorneys for Tangshan Ganglu*
*Iron & Steel Company, Ltd*

*The party submitting this Agreed Order shall serve a conformed copy of the Agreed Order on all parties of interest.*

ratification issue (the "Relief Requested"). The Court, having reviewed the Stay Relief Motion, having noted the Stipulation concerning the Stay Relief Motion which reflects (A) Ganglu has agreed that (i) this Court is the appropriate forum to preserve and to dispose of the Debtors' property and to address transfers of property of the estates, and (ii) the Trustee is an appropriate fiduciary for these purposes, and (B) the Trustee's consent to the entry of this Order, and good cause appearing, it is:

ORDERED as follows:

1. The Stay Relief Motion is hereby GRANTED as set forth herein.

2. The automatic stay is hereby lifted solely for the purpose of permitting: (i) Ganglu to submit a proposed form of order after evidentiary hearing to the State Court, consistent with findings of fact promulgated by the State Court; (ii) the State Court to enter/approve the proposed form of order, consistent with the State Court's directive as set forth in the Transcript of the Factual Findings; and (iii) the State Court to address and decide the ratification issue raised therein.

3. Ganglu shall not seek to dismiss any of the Debtors' bankruptcy cases, including with respect to the Relief Sought in the Stay Relief Motion.

### 

Submitted by:
Kevin E. Vance, Esquire
**DUANE MORRIS LLP**
200 South Biscayne Boulevard, Suite 3400
Miami, Florida 33131
Telephone: 305.960.2311 / Facsimile: 305.397.2264
*kevance@duanemorris.com*
*Attorneys for Tangshan Ganglu*
*Iron & Steel Company, Ltd.*

*The party submitting this Amended Agreed Order shall serve a conformed copy of the signed Amended Agreed Order on all parties of interest.*

<u>**VIA U.S MAIL TO ALL PARTIES ON THE ATTACHED CREDITOR MATRIX**</u>

Wright National Flood Insurance
P.O. Box 33003
Saint Petersburg, FL 33733-8003

Brett D Lieberman
401 E Las Olas Blvd # 1400
Ft Lauderdale, FL 33301-2218

Kenneth A Welt
1776 Pine Island Rd #101
Plantation, FL 33322-5200

Thomas M. Messana Esq.
401 E Las Olas Blvd # 1400
Fort Lauderdale, FL 33301-2218

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)GHJ Construction Corporation

(u)Tangshan Ganglu Iron & Steel Company, Ltd.

End of Label Matrix
Mailable recipients    33
Bypassed recipients     2
Total                  35

# EXHIBIT F

**Perez, Dawn**

| | |
|---|---|
| ⁻rom: | Brett Lieberman <blieberman@messana-law.com> |
| ͻent: | Tuesday, November 04, 2014 9:59 AM |
| To: | 'aaron_brownell@flsb-uscourts.gov' |
| Cc: | 'Damaris.D.Rosich-Schwartz@usdoj.gov'; Rodriguez-Taseff, Lida; 'Moses, Glenn'; 'aday@gjb-law.com'; 'Schuster, Michael'; Thomas M. Messana; Levy, Nicole L.; Marder, Scott H.; Thomas Zeichman |
| Subject: | Mapuche: Case No. 14-32827 Proposed Amended Order Continuing Hearing on Stay Relief |
| Attachments: | Order on Motion to Continue Hearing (Amended).pdf |

Mr. Brownell,

Please find attached a proposed *Order Amending Agreed Order Granting Mapuche, LLC's Motion to Continue October 30, 2014 Hearing on Tangshan Ganglu Iron & Steel Company, LTD's Motion for Stay Relief*, consistent with the Court's oral ruling during the hearings on October 30, 2014  Mapuche, LLC's bankruptcy case number is 14-32827-JKO, but will be administratively consolidated with bankruptcy lead case US Capital/ Fashion Mall. LLC, Case No. 14-32819-JKO.

Ms. Rodriguez-Taseff, counsel for Tangshan Ganglu Iron & Steel Company, LTD, does not agree to its entry.

If it meets with the Court's approval, kindly have the Court enter same.

Regards.
Brett Lieberman


Messana P.A.

*Brett D. Lieberman*
Attorney at Law

**Messana, P.A.**
401 East Las Olas Boulevard. Suite 1400
Fort Lauderdale, Florida 33301
954-712-7400 -
954-712-7427 -
954-712-7401 -
blieberman@messana-law.com
www.messana-law.com

**Perez, Dawn**

| | |
|---|---|
| From: | Brett Lieberman <blieberman@messana-law.com> |
| Sent: | Tuesday, November 04, 2014 10:00 AM |
| To: | 'aaron_brownell@flsb.uscourts.gov' |
| Cc: | 'Damaris.D.Rosich-Schwartz@usdoj.gov'; Rodriguez-Taseff, Lida; 'Moses, Glenn'; 'aday@gjb-law.com'; 'Schuster, Michael'; Thomas M. Messana; Levy, Nicole L.; Marder, Scott H.; Thomas Zeichman |
| Subject: | Mapuche: Case No. 14-32827 Proposed Amended Order Continuing Hearing on Stay Relief |
| Attachments: | Order on Motion to Continue Hearing (Amended).pdf |

Mr. Brownell,

Please find attached a proposed *Order Amending Agreed Order Granting Mapuche, LLC's Motion to Continue October 30, 2014 Hearing on Tangshan Ganglu Iron & Steel Company, LTD's Motion for Stay Relief*, consistent with the Court's oral ruling during the hearings on October 30, 2014. Mapuche, LLC's bankruptcy case number is 14-32827-JKO, but will be administratively consolidated with bankruptcy lead case US Capital/ Fashion Mall, LLC, Case No. 14-32819-JKO.

Ms. Rodriguez-Taseff, counsel for Tangshan Ganglu Iron & Steel Company, LTD, does not agree to its entry.

If it meets with the Court's approval, kindly have the Court enter same.

Regards,
Brett Lieberman

MESSANA P.A.

*Brett D. Lieberman*
Attorney at Law

**Messana, P.A.**
401 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301
954-712-7400 -
954-712-7427 -
954-712-7401 -
blieberman@messana-law.com
www.messana-law.com

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

In re:

Mapuche LLC                                    CASE NO. 14-32827-JKO
                                               CHAPTER 7

        Debtor.

_____/

**ORDER AMENDING[1] AGREED ORDER GRANTING MAPUCHE, LLC'S MOTION
TO CONTINUE OCTOBER 30, 2014 HEARING ON TANGSHAN GANGLU IRON &
STEEL COMPANY, LTD'S MOTION FOR STAY RELIEF (ECF No. 10)**

        THIS CAUSE came before the Court upon *Mapuche, LLC's Motion to Continue the*

*October 30, 2014 Hearing on Tangshan Ganglu Iron & Steel Company, Ltd's* ("Ganglu")

*Motion for Stay Relief* (ECF No. 18) and the Debtor's *ore tenus* motion (collectively, the

"Motion") to amend this Court's October 28, 2014 Order (the "Continuance Order") (ECF No.

_____

[1] Amended to specifically address 11 U.S.C. § 362(e).

31) which continued the hearing on Ganglu's Motion for Stay Relief (ECF No. 10) to November 25, 2014. The Court, having considered the Motion, hearing from counsel to the Debtor and Ganglu, having been informed of counsel for Ganglu's agreement to the entry of the Continuance Order, finding good cause for the granting of the Motion, and being otherwise fully advised in the premises, it is now therefore:

**ORDERED** as follows:

1.    The Motion is Granted.

2.    The hearing to consider Tangshan Ganglu Iron & Steel Company, Ltd's Motion for Stay Relief (ECF No. 10) is continued to **November 25, 2014 at 9:30 a.m., United States Bankruptcy Court, U.S. Courthouse, 299 E Broward Blvd, Room 301, Fort Lauderdale, FL 33301**.

3.    The automatic stay shall continue in full force and effect pending the conclusion of the above scheduled November 25, 2014 hearing.

### 

Submitted by:
Thomas M. Messana, Esq.
Messana, P.A.
Post Office Box 2485
Fort Lauderdale, Florida 33303
Telephone:  (954) 712-7400
Facsimile:  (954) 712-7401
Email:  tmessana@messana-law.com

Copy furnished to:

Thomas M. Messana, Esq. who is directed to serve a conformed copy of this Order on all interested parties and to file a certificate of service with the Court.

# EXHIBIT G

**Guillou, Rebecca L**

| | |
|---|---|
| **From:** | Guillou, Rebecca L |
| **Sent:** | Tuesday, November 04, 2014 10:27 AM |
| **To:** | 'aaron_brownell@flsb.uscourts.gov'; 'aaron_brownell@flsb.uscourts.gov' |
| **Cc:** | 'gmoses@gjb-law.com'; Schuster, Michael; 'tmessana@messana-law.com'; 'tzeichman@messana-law.com'; 'mark.levy@brinkleymorgan.com'; 'lnegron@gray-robinson.com'; 'lauren.rome@gray-robinson.com'; 'amador.ruiz-baliu@gray-robinson.com'; 'sandra.gonzalez@brinkleymorgan.com'; 'fl110@ecfcbis.com'; 'court@trusteeservices.biz'; Rodriguez-Taseff, Lida; Arnavat-Parga, Yolanda; Perez, Dawn |
| **Subject:** | Case No. 14-32819 Stipulation on Motion for Relief from the Automatic Stay and proposed Amended Agreed Order |
| **Attachments:** | Amended Agreed Order.pdf; Mapuche Bankruptcy -11.03.14 - Stipulation re Ganglu Stay Relief Motion [D.E. 38].PDF |

Mr. Brownell,

Please find attached a Stipulation on Motion for Relief from the Automatic Stay along with the proposed Agreed Order for same (DE 38). Subsequently, we filed a proposed *Amended* Agreed Order, also attached.

If the proposed Amended Agreed Order meets with the Court's approval, kindly have the Court enter same.

Thank you.
Rebecca



Rebecca Guillou
Paralegal

Duane Morris LLP
200 South Biscayne Boulevard, Suite 3400
Miami, FL 33131-2318

**P:** +1 305 960 2327
**F:** +1 305 397 1872

1

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**Fort Lauderdale Division**

In re:

US CAPITAL/FASHION MALL, LLC, et al.,[1]

                                                        Case No.: 14-32819-JKO

                                                        Chapter 7

            Debtors.

_____/        (Jointly Administered)

**AMENDED AGREED[2] ORDER GRANTING TANGSHAN GANGLU IRON & STEEL**
**COMPANY, LTD.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**
**PURSUANT TO 11 U.S.C. § 362(d) AND FEDERAL RULE OF BANKRUPTCY**
**PROCEDURE 4001 FOR LIMITED PURPOSE**

Tangshan Ganglu Iron & Steel Company, LTD. ("Ganglu") has filed with the Bankruptcy

Court a Motion for Relief from the Automatic Stay [ECF No. 10 filed in Mapuche, LLC, Case

No. 14-32827-JKO] (the "Stay Relief Motion") for the limited purposes of (i) permitting Ganglu

to submit a proposed form of order after evidentiary hearing to the State Court, consistent with

findings of fact promulgated by the State Court; (ii) permitting the State Court to enter/approve

the proposed form of order, consistent with the State Court's directive as set forth in the

Transcript of the Factual Findings; and (iii) permitting the State Court to address and decide the

---

[1] The jointly administered Debtors are: US Capital/Fashion Mall, LLC (14-32819-JKO); US
Capital Holdings, LLC (14-32822-JKO); and Mapuche, LLC (14-32827-JKO).

[2] The form of this Amended Agreed Order has been agreed to by the Trustee, but not by the
Debtors or by Mr. Wei Chen.

ratification issue (the "Relief Requested"). The Court, having reviewed the Stay Relief Motion, having noted the Stipulation concerning the Stay Relief Motion which reflects (A) Ganglu has agreed that (i) this Court is the appropriate forum to preserve and to dispose of the Debtors' property and to address transfers of property of the estates, and (ii) the Trustee is an appropriate fiduciary for these purposes, and (B) the Trustee's consent to the entry of this Order, and good cause appearing, it is:

ORDERED as follows:

1. The Stay Relief Motion is hereby GRANTED as set forth herein.

2. The automatic stay is hereby lifted solely for the purpose of permitting: (i) Ganglu to submit a proposed form of order after evidentiary hearing to the State Court, consistent with findings of fact promulgated by the State Court; (ii) the State Court to enter/approve the proposed form of order, consistent with the State Court's directive as set forth in the Transcript of the Factual Findings; and (iii) the State Court to address and decide the ratification issue raised therein.

3. Ganglu shall not seek to dismiss any of the Debtors' bankruptcy cases, including with respect to the Relief Sought in the Stay Relief Motion.

### 

Submitted by:
Kevin E. Vance, Esquire
**DUANE MORRIS LLP**
200 South Biscayne Boulevard, Suite 3400
Miami, Florida 33131
Telephone: 305.960.2311 / Facsimile: 305.397.2264
*kevance@duanemorris.com*
*Attorneys for Tangshan Ganglu*
*Iron & Steel Company, Ltd.*

***The party submitting this Amended Agreed Order shall serve a conformed copy of the signed Amended Agreed Order on all parties of interest.***

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

US CAPITAL/FASHION MALL, LLC,
et al.,[1]

Case No.: 14-32819-JKO
(Jointly Administered)
Chapter 7

Debtors.

_____/

### STIPULATION ON MOTION FOR RELIEF FROM THE AUTOMATIC STAY

This Stipulation is entered into this 31st day of October, 2014, by and between: (i) Kenneth A. Welt, as Chapter 7 Trustee (the "Trustee") for the Jointly Administered Bankruptcy Estates of Mapuche, LLC, US Capital Holdings, LLC and US Capital/Fashion Mall, LLC (together, the "Debtors" and the "Bankruptcy Cases" respectively), (ii) Tangshan Ganglu Iron & Steel Company, Ltd., a Chinese Corporation ("Ganglu"), by and through its Chairman and authorized representative, Zhen Zeng Du ("Mr. Du").

WHEREAS, on October 14, 2014, each of the Debtors filed a voluntary petition for relief under Chapter 7 of Title 11, United States Code (the "Bankruptcy Code");

WHEREAS, the Debtors' Chapter 7 bankruptcy proceedings are being jointly administered under Case No. 14-32827-JKO, before the Hon. John K. Olson of the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court");

WHEREAS, the Trustee has been duly appointed the Chapter 7 Trustee for the estate of each of the Debtors;

_____

[1] The jointly administered Debtors are: US Capital/Fashion Mall, LLC (14-32819-JKO); US Capital Holdings, LLC (14-32822-JKO); and Mapuche, LLC (14-32827-JKO).

WHEREAS, Ganglu owns the substantial majority of the membership Interests in Mapuche, LLC;

WHEREAS, Mapuche, LLC is the sole member of US Capital Holdings, LLC;

WHEREAS, US Capital Holdings, LLC is the sole member of US Capital/Fashion Mall, LLC;

WHEREAS, Ganglu has filed with the Bankruptcy Court a Motion for Relief from the Automatic Stay [ECF No. 10 in Case No. 14-32827-JKO] (the "Stay Relief Motion") for the limited purposes of (i) permitting Ganglu to submit a proposed form of order after evidentiary hearing to the State Court, consistent with findings of fact promulgated by the State Court; (ii) permitting the State Court to enter/approve the proposed form of order, consistent with the State Court's directive as set forth in the Transcript of the Factual Findings; and (iii) permitting the State Court to address and decide the ratification issue (the "Relief Sought").

WHEREAS, Ganglu has agreed that (i) the Bankruptcy Court is the appropriate forum to preserve and to dispose of the Debtors' property and to address transfers of property of the estates, and (ii) the Trustee is an appropriate fiduciary for these purposes;

WHEREAS, Ganglu has agreed not to seek dismissal of the Bankruptcy Cases, including with respect to the Relief Sought in the Stay Relief Motion; and

WHEREAS, the Trustee has reviewed and considered the Relief Sought in the Stay Relief Motion.

NOW, therefore, the Trustee, Ganglu stipulates as follows:

1.      The above statements of fact are true and correct.

2.      The Trustee does not object to the Relief Sought in the Stay Relief Motion, and hereby consents to the entry of the proposed Agreed Order granting the Relief Sought therein, which is attached hereto as Exhibit "A".

AGREED this 3rd day of November, 2014.


By: _____ Michael C. Schuster, Pro:
       Kenneth A. Welt, Chapter 7 Trustee


TANGSHAN  GANGLU  IRON  &  STEEL
COMPANY, LTD.

By: _____
       Zhen Zeng Da
       Its: Chairman and authorized representative

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

US CAPITAL/FASHION MALL, LLC,                    Case No.: 14-32819-JKO
et al.,[1]                                       (Jointly Administered)
                                                 Chapter 7

          Debtors.
_____/

## STIPULATION ON MOTION FOR RELIEF FROM THE AUTOMATIC STAY

This Stipulation is entered into this 31st day of October, 2014, by and between: (i) Kenneth A. Welt, as Chapter 7 Trustee (the "Trustee") for the Jointly Administered Bankruptcy Estates of Mapuche, LLC, US Capital Holdings, LLC and US Capital/Fashion Mall, LLC (together, the "Debtors" and the "Bankruptcy Cases" respectively), (ii) Tangshan Ganglu Iron & Steel Company, Ltd., a Chinese Corporation ("Ganglu"), by and through its Chairman and authorized representative, Zhen Zeng Du ("Mr. Du").

WHEREAS, on October 14, 2014, each of the Debtors filed a voluntary petition for relief under Chapter 7 of Title 11, United States Code (the "Bankruptcy Code");

WHEREAS, the Debtors' Chapter 7 bankruptcy proceedings are being jointly administered under Case No. 14-32827-JKO, before the Hon. John K. Olson of the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court");

WHEREAS, the Trustee has been duly appointed the Chapter 7 Trustee for the estate of each of the Debtors;

---

[1] The jointly administered Debtors are: US Capital/Fashion Mall, LLC (14-32819-JKO); US Capital Holdings, LLC (14-32822-JKO); and Mapuche, LLC (14-32827-JKO).

WHEREAS, Ganglu owns the substantial majority of the membership interests in Mapuche, LLC;

WHEREAS, Mapuche, LLC is the sole member of US Capital Holdings, LLC;

WHEREAS, US Capital Holdings, LLC is the sole member of US Capital/Fashion Mall, LLC;

WHEREAS, Ganglu has filed with the Bankruptcy Court a Motion for Relief from the Automatic Stay [ECF No. 10 in Case No. 14-32827-JKO] (the "Stay Relief Motion") for the limited purposes of (i) permitting Ganglu to submit a proposed form of order after evidentiary hearing to the State Court, consistent with findings of fact promulgated by the State Court; (ii) permitting the State Court to enter/approve the proposed form of order, consistent with the State Court's directive as set forth in the Transcript of the Factual Findings; and (iii) permitting the State Court to address and decide the ratification issue (the "Relief Sought");

WHEREAS, Ganglu has agreed that (i) the Bankruptcy Court is the appropriate forum to preserve and to dispose of the Debtors' property and to address transfers of property of the estates, and (ii) the Trustee is an appropriate fiduciary for these purposes;

WHEREAS, Ganglu has agreed not to seek dismissal of the Bankruptcy Cases, including with respect to the Relief Sought in the Stay Relief Motion; and

WHEREAS, the Trustee has reviewed and considered the Relief Sought in the Stay Relief Motion.

NOW, therefore, the Trustee, Ganglu stipulates as follows:

1.      The above statements of fact are true and correct.

2.     The Trustee does not object to the Relief Sought in the Stay Relief Motion, and hereby consents to the entry of the proposed Agreed Order granting the Relief Sought therein, which is attached hereto as Exhibit "A".

AGREED this 3rd day of November, 2014.

By: _____ *Michael C. Schuster, Por.*
     Kenneth A. Welt, Chapter 7 Trustee

TANGSHAN    GANGLU    IRON    &    STEEL
COMPANY, LTD.

By: _____
     Zhou Zeng Du
     Its: Chairman and authorized representative

# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

In re:

MAPUCHE, LLC. [1]

Case No   14-32827-JKO

Chapter 7

(Jointly Administered)

/

**AGREED ORDER GRANTING TANGSHAN GANGLU IRON & STEEL COMPANY,
LTD.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11
U.S.C. § 362(d) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001 FOR
LIMITED PURPOSE**

Tangshan Ganglu Iron & Steel Company, LTD. ("Ganglu") has filed with the Bankruptcy

Court a Motion for Relief from the Automatic Stay [ECF No. 10] (the "Stay Relief Motion") for

the limited purposes of (i) permitting Ganglu to submit a proposed form of order after

evidentiary hearing to the State Court, consistent with findings of fact promulgated by the State

Court; (ii) permitting the State Court to enter/approve the proposed form of order, consistent

with the State Court's directive as set forth in the Transcript of the Factual Findings; and (iii)

permitting the State Court to address and decide the ratification issue. The court having reviewed

---

[1] The jointly administered Debtors are: US Capital/Fashion Mall, LLC (14-32819-JKO); US
Capital Holdings, LLC (14-32822-JKO); and Mapuche, LLC (14-32827-JKO).

the Stay Relief Motion and good cause appearing, it is:

ORDERED that the Stay Relief Motion is hereby GRANTED.

The automatic stay is hereby lifted solely for the purpose of permitting: (i) Ganglu to submit a proposed form of order after evidentiary hearing to the State Court, consistent with findings of fact promulgated by the State Court; (ii) the State Court to enter approve the proposed form of order, consistent with the State Court's directive as set forth in the Transcript of the Factual Findings; and (iii) the State Court to address and decide the ratification issue.

###

Submitted by:
Kevin E. Vance, Esquire
**DUANE MORRIS LLP**
200 South Biscayne Boulevard, Suite 3400
Miami, Florida 33131
Telephone: 305.960.2311 / Facsimile: 305.397.2264
*kevance@duanemorris.com*
*Attorneys for Tangshan Ganglu*
*Iron & Steel Company, Ltd.*

*The party submitting this Agreed Order shall serve a conformed copy of the signed Agreed Order on all parties of interest.*

# EXHIBIT H

## Rodriguez-Taseff, Lida

| | |
|---|---|
| ⁻rom: | Aaron_Brownell@flsb.uscourts.gov |
| ent: | Tuesday, November 04, 2014 4:11 PM |
| To: | Brett Lieberman |
| Cc: | 'aday@gjb-law.com'; 'Damaris.D.Rosich-Schwartz@usdoj.gov'; 'Moses, Glenn'; Rodriguez-Taseff, Lida; 'Schuster, Michael'; Levy, Nicole L.; Marder, Scott H.; Thomas M. Messana; Thomas Zeichman |
| Subject: | Re: Mapuche: Case No. 14-32827 Proposed Amended Order Continuing Hearing on Stay Relief |
| Attachments: | Order on Motion to Continue Hearing (Amended).pdf |

Ms. Rodriguez-Taseff:

Are you submitting a competing order?

Best,
Aaron

Aaron Brownell
Law Clerk to the Honorable John K. Olson
aaron_brownell@flsb.uscourts.gov
954.769.5773

From:    Brett Lieberman <blieberman@messana-law.com>
To:    "'aaron_brownell@flsb.uscourts.gov'" <aaron_brownell@flsb.uscourts.gov>
Cc:    "'Damaris.D.Rosich-Schwartz@usdoj.gov'" <Damaris.D.Rosich-Schwartz@usdoj.gov>, "'Rodriguez-Taseff, Lida'" <LRTaseff@duanemorris.com>, "'Moses, Glenn'" <gmoses@gjb-law.com>, "'aday@gjb-law.com'" <aday@gjb-law.com>, "'Schuster, Michael'" <mschuster@gjb-law.com>, "Thomas M. Messana" <messana@messana-law.com>, "'Levy, Nicole L.'" <NLLevy@duanemorris.com>, "'Marder, Scott H.'" <SHMarder@duanemorris.com>, Thomas Zeichman <tzeichman@messana-law.com>
Date:    11/04/2014 10:00 AM
Subject:    Mapuche: Case No. 14-32827 Proposed Amended Order Continuing Hearing on Stay Relief

Mr. Brownell,

Please find attached a proposed *Order Amending Agreed Order Granting Mapuche, LLC's Motion to Continue October 30, 2014 Hearing on Tangshan Ganglu Iron & Steel Company, LTD's Motion for Stay Relief*, consistent with the Court's oral ruling during the hearings on October 30, 2014. Mapuche, LLC's bankruptcy case number is 14-32827-JKO, but will be administratively consolidated with bankruptcy lead case US Capital/ Fashion Mall, LLC, Case No. 14-32819-JKO.

Ms. Rodriguez-Taseff, counsel for Tangshan Ganglu Iron & Steel Company, LTD, does not agree to its entry.

If it meets with the Court's approval, kindly have the Court enter same.

Regards,
⁻rett Lieberman

MESSANA P.A.

*Brett D. Lieberman*
torney at Law

**Messana, P.A.**
401 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301
954-712-7400 -
954-712-7427 -
954-712-7401 -
blieberman@messana-law.com
www.messana-law.com

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

In re:
Mapuche LLC                                      CASE NO. 14-32827-JKO
                                                 CHAPTER 7

        Debtor,
_____/

**ORDER AMENDING[1] AGREED ORDER GRANTING MAPUCHE, LLC'S MOTION
TO CONTINUE OCTOBER 30, 2014 HEARING ON TANGSHAN GANGLU IRON &
STEEL COMPANY, LTD'S MOTION FOR STAY RELIEF (ECF No. 10)**

       THIS CAUSE came before the Court upon *Mapuche, LLC's Motion to Continue the
October 30, 2014 Hearing on Tangshan Ganglu Iron & Steel Company, Ltd's* ("Ganglu")
*Motion for Stay Relief* (ECF No. 18) and the Debtor's *ore tenus* motion (collectively, the
"Motion") to amend this Court's October 28, 2014 Order (the "Continuance Order") (ECF No.

---

[1] Amended to specifically address 11 U.S.C. § 362(e).

31) which continued the hearing on Ganglu's Motion for Stay Relief (ECF No. 10) to November 25, 2014. The Court, having considered the Motion, hearing from counsel to the Debtor and Ganglu, having been informed of counsel for Ganglu's agreement to the entry of the Continuance Order, finding good cause for the granting of the Motion, and being otherwise fully advised in the premises, it is now therefore:

**ORDERED** as follows:

1.      The Motion is Granted.

2.      The hearing to consider Tangshan Ganglu Iron & Steel Company, Ltd's Motion for Stay Relief (ECF No. 10) is continued to **November 25, 2014 at 9:30 a.m., United States Bankruptcy Court, U.S. Courthouse, 299 E Broward Blvd, Room 301, Fort Lauderdale, FL 33301**.

3.      The automatic stay shall continue in full force and effect pending the conclusion of the above scheduled November 25, 2014 hearing.

###

Submitted by:
Thomas M. Messana, Esq.
Messana, P.A.
Post Office Box 2485
Fort Lauderdale, Florida 33303
Telephone:  (954) 712-7400
Facsimile:  (954) 712-7401
Email:  tmessana@messana-law.com

Copy furnished to:

Thomas M. Messana, Esq, who is directed to serve a conformed copy of this Order on all interested parties and to file a certificate of service with the Court.

# EXHIBIT I

**Perez, Dawn**

| | |
|---|---|
| From: | Guillou, Rebecca L |
| Sent: | Tuesday, November 04, 2014 4:32 PM |
| To: | 'aaron_brownell@flsb.uscourts.gov'; 'aaron_brownell@flsb.uscourts.gov' |
| Cc: | 'gmoses@gjb-law.com'; 'tmessana@messana-law.com'; 'tzeichman@messana-law.com'; 'mark.levy@brinkleymorgan.com'; Steven.Solomon@gray-robinson.com; 'lnegron@gray-robinson.com'; 'lauren.rome@gray-robinson.com'; 'amador.ruiz-baliu@gray-robinson.com'; 'sandra.gonzalez@brinkleymorgan.com'; 'fl110 @ecfcbis.com'; 'court@trusteeservices.biz'; Rodriguez-Taseff, Lida; Arnavat-Parga, Yolanda; Perez, Dawn; Marder, Scott H.; Schuster, Michael |
| Subject: | Competing Order - Case No.: 14-32827 |
| Attachments: | Amended Agreed Order.pdf; Mapuche Bankruptcy -11.03.14 - Stipulation re Ganglu Stay Relief Motion [D.E. 38].PDF |

Mr. Brownell,

In response to your query, below, the attached Amended Agreed Order is our competing order.

Thank you.
Rebecca



Rebecca Guillou
Paralegal
Duane Morris LLP
200 South Biscayne Boulevard, Suite 3400
Miami, FL 33131-2318

P: +1 305 960 2227
F: +1 305 397 1072

**From:** <Aaron_Brownell@flsb.uscourts.gov>
**Date:** November 4, 2014 at 4:10:58 PM EST
**To:** Brett Lieberman <blieberman@messana-law.com>
**Cc:** "'aday@gjb-law.com'" <aday@gjb-law.com>, "'Damaris.D.Rosich-Schwartz@usdoj.gov'" <Damaris.D.Rosich-Schwartz@usdoj.gov>, "'Moses, Glenn'" <gmoses@gjb-law.com>, "'Rodriguez-Taseff, Lida'" <LRTaseff@duanemorris.com>, "'Schuster, Michael'" <mschuster@gjb-law.com>, "'Levy, Nicole L.'" <NLLevy@duanemorris.com>, "'Marder, Scott H.'" <SHMarder@duanemorris.com>, "Thomas M. Messana" <tmessana@messana-law.com>, Thomas Zeichman <tzeichman@messana-law.com>
**Subject:** Re: Mapuche: Case No. 14-32827 Proposed Amended Order Continuing Hearing on Stay Relief

Ms. Rodriguez-Taseff,

Are you submitting a competing order?

Best,

Aaron


Aaron Brownell
Law Clerk to the Honorable John K. Olson
aaron_brownell@flsb.uscourts.gov
954.769.5773

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

US CAPITAL/FASHION MALL, LLC,
et al.,[1]

Case No.: 14-32819-JKO
(Jointly Administered)
Chapter 7

Debtors.
_____/

### STIPULATION ON MOTION FOR RELIEF FROM THE AUTOMATIC STAY

This Stipulation is entered into this 31st day of October, 2014, by and between: (i) Kenneth A. Welt, as Chapter 7 Trustee (the "Trustee") for the Jointly Administered Bankruptcy Estates of Mapuche, LLC, US Capital Holdings, LLC and US Capital/Fashion Mall, LLC (together, the "Debtors" and the "Bankruptcy Cases" respectively), (ii) Tangshan Ganglu Iron & Steel Company, Ltd., a Chinese Corporation ("Ganglu"), by and through its Chairman and authorized representative, Zhen Zeng Du ("Mr. Du").

WHEREAS, on October 14, 2014, each of the Debtors filed a voluntary petition for relief under Chapter 7 of Title 11, United States Code (the "Bankruptcy Code");

WHEREAS, the Debtors' Chapter 7 bankruptcy proceedings are being jointly administered under Case No. 14-32827-JKO, before the Hon. John K. Olson of the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court");

WHEREAS, the Trustee has been duly appointed the Chapter 7 Trustee for the estate of each of the Debtors;

_____

[1] The jointly administered Debtors are: US Capital/Fashion Mall, LLC (14-32819-JKO); US Capital Holdings, LLC (14-32822-JKO); and Mapuche, LLC (14-32827-JKO).

WHEREAS, Ganglu owns the substantial majority of the membership interests in Mapuche, LLC;

WHEREAS, Mapuche, LLC is the sole member of US Capital Holdings, LLC;

WHEREAS, US Capital Holdings, LLC is the sole member of US Capital/Fashion Mall, LLC;

WHEREAS, Ganglu has filed with the Bankruptcy Court a Motion for Relief from the Automatic Stay [ECF No. 10 in Case No. 14-32827-JKO] (the "Stay Relief Motion") for the limited purposes of (i) permitting Ganglu to submit a proposed form of order after evidentiary hearing to the State Court, consistent with findings of fact promulgated by the State Court; (ii) permitting the State Court to enter/approve the proposed form of order, consistent with the State Court's directive as set forth in the Transcript of the Factual Findings; and (iii) permitting the State Court to address and decide the ratification issue (the "Relief Sought");

WHEREAS, Ganglu has agreed that (i) the Bankruptcy Court is the appropriate forum to preserve and to dispose of the Debtors' property and to address transfers of property of the estates, and (ii) the Trustee is an appropriate fiduciary for these purposes;

WHEREAS, Ganglu has agreed not to seek dismissal of the Bankruptcy Cases, including with respect to the Relief Sought in the Stay Relief Motion; and

WHEREAS, the Trustee has reviewed and considered the Relief Sought in the Stay Relief Motion.

NOW, therefore, the Trustee, Ganglu stipulates as follows:

1.      The above statements of fact are true and correct.

2.      The Trustee does not object to the Relief Sought in the Stay Relief Motion, and hereby consents to the entry of the proposed Agreed Order granting the Relief Sought therein, which is attached hereto as Exhibit "A".

AGREED this 3rd day of November, 2014.

By: _____ Michael C. Schuster, For:
Kenneth A. Welt, Chapter 7 Trustee

TANGSHAN    GANGLU    IRON    &    STEEL COMPANY, LTD.

By: _____ Junan Pu
Zhou Zong Da
Its: Chairman and authorized representative

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

US CAPITAL/FASHION MALL, LLC,
et al.,[1]

Case No.: 14-32819-JKO
(Jointly Administered)
Chapter 7

            Debtors.
_____/

### STIPULATION ON MOTION FOR RELIEF FROM THE AUTOMATIC STAY

This Stipulation is entered into this 31st day of October, 2014, by and between: (i) Kenneth A. Welt, as Chapter 7 Trustee (the "Trustee") for the Jointly Administered Bankruptcy Estates of Mapuche, LLC, US Capital Holdings, LLC and US Capital/Fashion Mall, LLC (together, the "Debtors" and the "Bankruptcy Cases" respectively), (ii) Tangshan Ganglu Iron & Steel Company, Ltd., a Chinese Corporation ("Ganglu"), by and through its Chairman and authorized representative, Zhen Zeng Du ("Mr. Du").

WHEREAS, on October 14, 2014, each of the Debtors filed a voluntary petition for relief under Chapter 7 of Title 11, United States Code (the "Bankruptcy Code");

WHEREAS, the Debtors' Chapter 7 bankruptcy proceedings are being jointly administered under Case No. 14-32827-JKO, before the Hon. John K. Olson of the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court");

WHEREAS, the Trustee has been duly appointed the Chapter 7 Trustee for the estate of each of the Debtors;

---

[1] The jointly administered Debtors are: US Capital/Fashion Mall, LLC (14-32819-JKO); US Capital Holdings, LLC (14-32822-JKO); and Mapuche, LLC (14-32827-JKO).

WHEREAS, Ganglu owns the substantial majority of the membership interests in Mapuche, LLC;

WHEREAS, Mapuche, LLC is the sole member of US Capital Holdings, LLC;

WHEREAS, US Capital Holdings, LLC is the sole member of US Capital/Fashion Mall, LLC;

WHEREAS, Ganglu has filed with the Bankruptcy Court a Motion for Relief from the Automatic Stay [ECF No. 10 in Case No. 14-32827-JKO] (the "Stay Relief Motion") for the limited purposes of (i) permitting Ganglu to submit a proposed form of order after evidentiary hearing to the State Court, consistent with findings of fact promulgated by the State Court; (ii) permitting the State Court to enter/approve the proposed form of order, consistent with the State Court's directive as set forth in the Transcript of the Factual Findings; and (iii) permitting the State Court to address and decide the ratification issue (the "Relief Sought");

WHEREAS, Ganglu has agreed that (i) the Bankruptcy Court is the appropriate forum to preserve and to dispose of the Debtors' property and to address transfers of property of the estates, and (ii) the Trustee is an appropriate fiduciary for these purposes;

WHEREAS, Ganglu has agreed not to seek dismissal of the Bankruptcy Cases, including with respect to the Relief Sought in the Stay Relief Motion; and

WHEREAS, the Trustee has reviewed and considered the Relief Sought in the Stay Relief Motion.

NOW, therefore, the Trustee, Ganglu stipulates as follows:

1.    The above statements of fact are true and correct.

2.      The Trustee does not object to the Relief Sought in the Stay Relief Motion, and

hereby consents to the entry of the proposed Agreed Order granting the Relief Sought therein,

which is attached hereto as Exhibit "A".

AGREED this 3rd day of November, 2014.


By: _____ Michael C. Schuson, For:
        Kenneth A. Welt, Chapter 7 Trustee


TANGSHAN  GANGLU  IRON  &  STEEL
COMPANY, LTD.

By: _____
        Zhen Zong Da                    anan Pu
        Its: Chairman and authorized representative

# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

In re:

MAPUCHE, LLC. [1]                          Case No.: 14-32827-JKO

                                           Chapter 7

_____/           (Jointly Administered)

**AGREED ORDER GRANTING TANGSHAN GANGLU IRON & STEEL COMPANY, LTD.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001 FOR LIMITED PURPOSE**

Tangshan Ganglu Iron & Steel Company, LTD. ("Ganglu") has filed with the Bankruptcy Court a Motion for Relief from the Automatic Stay [ECF No. 10] (the "Stay Relief Motion") for the limited purposes of (i) permitting Ganglu to submit a proposed form of order after evidentiary hearing to the State Court, consistent with findings of fact promulgated by the State Court; (ii) permitting the State Court to enter/approve the proposed form of order, consistent with the State Court's directive as set forth in the Transcript of the Factual Findings; and (iii) permitting the State Court to address and decide the ratification issue. The court having reviewed

---

[1] The jointly administered Debtors are: US Capital/Fashion Mall, LLC (14-32819-JKO); US Capital Holdings, LLC (14-32822-JKO); and Mapuche, LLC (14-32827-JKO).

the Stay Relief Motion and good cause appearing, it is:

**ORDERED** that the Stay Relief Motion is hereby GRANTED.

The automatic stay is hereby lifted solely for the purpose of permitting: (i) Ganglu to submit a proposed form of order after evidentiary hearing to the State Court, consistent with findings of fact promulgated by the State Court; (ii) the State Court to enter/approve the proposed form of order, consistent with the State Court's directive as set forth in the Transcript of the Factual Findings; and (iii) the State Court to address and decide the ratification issue.

### 

Submitted by:
Kevin E. Vance, Esquire
**DUANE MORRIS LLP**
200 South Biscayne Boulevard, Suite 3400
Miami, Florida 33131
Telephone: 305.960.2511 / Facsimile: 305.397.2264
kevance@duanemorris.com
*Attorneys for Tangshan Ganglu*
*Iron & Steel Company, Ltd.*

*The party submitting this Agreed Order shall serve a conformed copy of the signed Agreed Order on all parties of interest.*

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

In re:

US CAPITAL/FASHION MALL, LLC, et al.,[1]

                         Case No.: 14-32819-JKO

                         Chapter 7

      Debtors.

_____/    (Jointly Administered)

## AMENDED AGREED[2] ORDER GRANTING TANGSHAN GANGLU IRON & STEEL COMPANY, LTD.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001 FOR LIMITED PURPOSE

      Tangshan Ganglu Iron & Steel Company, LTD. ("Ganglu") has filed with the Bankruptcy

Court a Motion for Relief from the Automatic Stay [ECF No. 10 filed in Mapuche, LLC, Case

No. 14-32827-JKO] (the "Stay Relief Motion") for the limited purposes of (i) permitting Ganglu

to submit a proposed form of order after evidentiary hearing to the State Court, consistent with

findings of fact promulgated by the State Court; (ii) permitting the State Court to enter/approve

the proposed form of order, consistent with the State Court's directive as set forth in the

Transcript of the Factual Findings; and (iii) permitting the State Court to address and decide the

---

[1] The jointly administered Debtors are: US Capital/Fashion Mall, LLC (14-32819-JKO); US Capital Holdings, LLC (14-32822-JKO); and Mapuche, LLC (14-32827-JKO).

[2] The form of this Amended Agreed Order has been agreed to by the Trustee, but not by the Debtors or by Mr. Wei Chen.

ratification issue (the "Relief Requested"). The Court, having reviewed the Stay Relief Motion, having noted the Stipulation concerning the Stay Relief Motion which reflects (A) Ganglu has agreed that (i) this Court is the appropriate forum to preserve and to dispose of the Debtors' property and to address transfers of property of the estates, and (ii) the Trustee is an appropriate fiduciary for these purposes, and (B) the Trustee's consent to the entry of this Order, and good cause appearing, it is:

> **ORDERED** as follows:

> 1.   The Stay Relief Motion is hereby GRANTED as set forth herein.

> 2.   The automatic stay is hereby lifted solely for the purpose of permitting: (i) Ganglu to submit a proposed form of order after evidentiary hearing to the State Court, consistent with findings of fact promulgated by the State Court; (ii) the State Court to enter/approve the proposed form of order, consistent with the State Court's directive as set forth in the Transcript of the Factual Findings; and (iii) the State Court to address and decide the ratification issue raised therein.

> 3.   Ganglu shall not seek to dismiss any of the Debtors' bankruptcy cases, including with respect to the Relief Sought in the Stay Relief Motion.

###

Submitted by:
Kevin E. Vance, Esquire
**DUANE MORRIS LLP**
200 South Biscayne Boulevard, Suite 3400
Miami, Florida 33131
Telephone: 305.960.2311 / Facsimile: 305.397.2264
*kevance@duanemorris.com*
*Attorneys for Tangshan Ganglu*
*Iron & Steel Company, Ltd.*

***The party submitting this Amended Agreed Order shall serve a conformed copy of the signed Amended Agreed Order on all parties of interest.***

# EXHIBIT J

**Perez, Dawn**

| | |
|---|---|
| From: | Rodriguez-Taseff, Lida |
| Sent: | Tuesday, November 04, 2014 5:03 PM |
| To: | Brett Lieberman; Guillou, Rebecca L |
| Cc: | 'gmoses@gjb-law.com'; 'tmessana@messana-law.com'; 'tzeichman@messana-law.com'; 'mark.levy@brinkleymorgan.com'; 'Steven.Solomon@gray-robinson.com'; 'lnegron@gray-robinson.com'; 'lauren.rome@gray-robinson.com'; 'amador.ruiz-baliu@gray-robinson.com'; 'sandra.gonzalez@brinkleymorgan.com'; Levy, Nicole L.; Marder, Scott H.; 'fl110@ecfcbis.com'; 'court@trusteeservices.biz'; Schuster, Michael (mschuster@gjb-law.com); 'Moses, Glenn' |
| Subject: | RE: Competing Order - Case No.: 14-32827 |

Dear Mr. Lieberman,
You are not correct. Ms. Guillou copied your firm on all of her communications. (See separate e-mails). In any case, in the future, she will add you personally to all communications.
Thank you,
Lida Rodriguez-Taseff



**From:** Brett Lieberman [mailto:blieberman@messana-law.com]
**Sent:** Tuesday, November 04, 2014 4:56 PM
**To:** Guillou, Rebecca L
**Cc:** 'gmoses@gjb-law.com'; 'tmessana@messana-law.com'; 'tzeichman@messana-law.com'; Rodriguez-Taseff, Lida; 'mark.levy@brinkleymorgan.com'; 'Steven.Solomon@gray-robinson.com'; 'lnegron@gray-robinson.com'; 'lauren.rome@gray-robinson.com'; 'amador.ruiz-baliu@gray-robinson.com'; 'sandra.gonzalez@brinkleymorgan.com'; Levy, Nicole L.; Marder, Scott H.; 'fl110@ecfcbis.com'; 'court@trusteeservices.biz'; Schuster, Michael (mschuster@gjb-law.com); 'Moses, Glenn'
**Subject:** RE: Competing Order - Case No.: 14-32827

Ms. Guillou,

I have just been made aware that you have been communicating with the Court without copying me on any of the correspondences.

Please immediately send me all correspondences you have sent to the Court in connection with this matter and refrain from communicating with the Court without providing me notice.

Thank you,

1

MESSANA P.A.

*Brett D. Lieberman*
Attorney at Law

**Messana, P.A.**
401 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301
954-712-7400 -
954-712-7427 -
954-712-7401 -
blieberman@messana-law.com
www.messana-law.com

**From:** Guillou, Rebecca L [mailto:RLGuillou@duanemorris.com]
**Sent:** Tuesday, November 04, 2014 4:32 PM
**To:** 'aaron_brownell@flsb.uscourts.gov'; 'aaron_brownell@flsb.uscourts.gov'
**Cc:** 'gmoses@gjb-law.com'; 'tmessana@messana-law.com'; 'tzeichman@messana-law.com';
'mark.levy@brinkleymorgan.com'; steven.solomon@gray-robinson.com; 'lnegron@gray-robinson.com';
'lauren.rome@gray-robinson.com'; 'amador.ruiz-baliu@gray-robinson.com'; 'sandra.gonzalez@brinkleymorgan.com';
'fl110@ecfcbis.com'; 'court@trusteeservices.biz'; Rodriguez-Taseff, Lida; Arnavat-Parga, Yolanda; Perez, Dawn; Marder,
Scott H.; Schuster, Michael
**Subject:** Competing Order - Case No.: 14-32827

Mr. Brownell,

In response to your query, below, the attached Amended Agreed Order is our competing order.

Thank you.
Rebecca



Rebecca Guillou
Paralegal

Duane Morris LLP
200 South Biscayne Boulevard, Suite    **P:** +1 305 960 2327
3400                                    **F:** +1 305 397 1872
Miami, FL 33131-2318

**From:** <Aaron_Brownell@flsb.uscourts.gov>
**Date:** November 4, 2014 at 4:10:58 PM EST
**To:** Brett Lieberman <blieberman@messana-law.com>
**Cc:** "'aday@gjb-law.com'" <aday@gjb-law.com>, "'Damaris.D.Rosich-Schwartz@usdoj.gov'" <Damaris.D.Rosich-
Schwartz@usdoj.gov>, "'Moses, Glenn'" <gmoses@gjb-law.com>, "'Rodriguez-Taseff, Lida'"
-LRTaseff@duanemorris.com>, "'Schuster, Michael'" <mschuster@gjb-law.com>, "'Levy, Nicole L.'"
<NLLevy@duanemorris.com>, "'Marder, Scott H.'" <SHMarder@duanemorris.com>, "'Thomas M. Messana"

<tmessana@messana-law.com>, Thomas Zeichman <tzeichman@messana-law.com>
**Subject: Re: Mapuche: Case No. 14-32827 Proposed Amended Order Continuing Hearing on Stay Relief**

Ms. Rodriguez-Taseff:

Are you submitting a competing order?

Best,
Aaron


Aaron Brownell
Law Clerk to the Honorable John K. Olson
aaron_brownell@flsb.uscourts.gov
954.769.5773


For more information about Duane Morris, please visit **http://www.DuaneMorris.com**

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

# COMPOSITE EXHIBIT K

**Rodriguez-Taseff, Lida**

| | |
|---|---|
| ˙om: | Rodriguez-Taseff, Lida |
| ᴊent: | Tuesday, November 04, 2014 5:04 PM |
| To: | Brett Lieberman |
| Subject: | FW: Competing Order - Case No.: 14-32827 |
| Attachments: | Amended Agreed Order.pdf; Mapuche Bankruptcy -11.03.14 - Stipulation re Ganglu Stay Relief Motion [D.E. 38].PDF |



**From:** Guillou, Rebecca L
  ᴊnt: Tuesday, November 04, 2014 4:32 PM
  ɪ o: 'aaron_brownell@flsb.uscourts.gov'; 'aaron_brownell@flsb.uscourts.gov'
**Cc:** 'gmoses@gjb-law.com'; 'tmessana@messana-law.com'; 'tzeichman@messana-law.com';
'mark.levy@brinkleymorgan.com'; Steven.Solomon@gray-robinson.com; 'lnegron@gray-robinson.com';
'lauren.rome@gray-robinson.com'; 'amador.ruiz-baliu@gray-robinson.com'; 'sandra.gonzalez@brinkleymorgan.com';
'fl110@ecfcbis.com'; 'court@trusteeservices.biz'; Rodriguez-Taseff, Lida; Arnavat-Parga, Yolanda; Perez, Dawn; Marder,
Scott H.; Schuster, Michael
**Subject:** Competing Order - Case No.: 14-32827

Mr. Brownell,

In response to your query, below, the attached Amended Agreed Order is our competing order.

Thank you.
Rebecca



Rebecca Guillou
Paralegal

Duane Morris LLP
200 South Biscayne Boulevard, Suite
3400
Miami, FL 33131-2318

**P:** +1 305 960 2327
**F:** +1 305 397 1872

1

**From:** <Aaron_Brownell@flsb.uscourts.gov>
**Date:** November 4, 2014 at 4:10:58 PM EST
**ɔ:** Brett Lieberman <blieberman@messana-law.com>
**Cc:** "'aday@gjb-law.com'" <aday@gjb-law.com>, "'Damaris.D.Rosich-Schwartz@usdoj.gov'" <Damaris.D.Rosich-Schwartz@usdoj.gov>, "'Moses, Glenn'" <gmoses@gjb-law.com>, "'Rodriguez-Taseff, Lida'" <LRTaseff@duanemorris.com>, "'Schuster, Michael'" <mschuster@gjb-law.com>, "'Levy, Nicole L.'" <NLLevy@duanemorris.com>, "'Marder, Scott H.'" <SHMarder@duanemorris.com>, "Thomas M. Messana" <tmessana@messana-law.com>, Thomas Zeichman <tzeichman@messana-law.com>
**Subject: Re: Mapuche: Case No. 14-32827 Proposed Amended Order Continuing Hearing on Stay Relief**

Ms. Rodriguez-Taseff:

Are you submitting a competing order?

Best,
Aaron


Aaron Brownell
Law Clerk to the Honorable John K. Olson
aaron_brownell@flsb.uscourts.gov
954.769.5773

2

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

In re:

US CAPITAL/FASHION MALL, LLC, et al.,[1]

                                Case No.: 14-32819-JKO

                                Chapter 7

       Debtors.

_____/    (Jointly Administered)

## AMENDED AGREED[2] ORDER GRANTING TANGSHAN GANGLU IRON & STEEL COMPANY, LTD.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001 FOR LIMITED PURPOSE

Tangshan Ganglu Iron & Steel Company, LTD. ("Ganglu") has filed with the Bankruptcy

Court a Motion for Relief from the Automatic Stay [ECF No. 10 filed in Mapuche, LLC, Case

No. 14-32827-JKO] (the "Stay Relief Motion") for the limited purposes of (i) permitting Ganglu

to submit a proposed form of order after evidentiary hearing to the State Court, consistent with

findings of fact promulgated by the State Court; (ii) permitting the State Court to enter/approve

the proposed form of order, consistent with the State Court's directive as set forth in the

Transcript of the Factual Findings; and (iii) permitting the State Court to address and decide the

---

[1] The jointly administered Debtors are: US Capital/Fashion Mall, LLC (14-32819-JKO); US Capital Holdings, LLC (14-32822-JKO); and Mapuche, LLC (14-32827-JKO).

[2] The form of this Amended Agreed Order has been agreed to by the Trustee, but not by the Debtors or by Mr. Wei Chen.

ratification issue (the "Relief Requested"). The Court, having reviewed the Stay Relief Motion, having noted the Stipulation concerning the Stay Relief Motion which reflects (A) Ganglu has agreed that (i) this Court is the appropriate forum to preserve and to dispose of the Debtors' property and to address transfers of property of the estates, and (ii) the Trustee is an appropriate fiduciary for these purposes, and (B) the Trustee's consent to the entry of this Order, and good cause appearing, it is:

**ORDERED** as follows:

1. The Stay Relief Motion is hereby GRANTED as set forth herein.

2. The automatic stay is hereby lifted solely for the purpose of permitting: (i) Ganglu to submit a proposed form of order after evidentiary hearing to the State Court, consistent with findings of fact promulgated by the State Court; (ii) the State Court to enter/approve the proposed form of order, consistent with the State Court's directive as set forth in the Transcript of the Factual Findings; and (iii) the State Court to address and decide the ratification issue raised therein.

3. Ganglu shall not seek to dismiss any of the Debtors' bankruptcy cases, including with respect to the Relief Sought in the Stay Relief Motion.

###

Submitted by:
Kevin E. Vance, Esquire
**DUANE MORRIS LLP**
200 South Biscayne Boulevard, Suite 3400
Miami, Florida 33131
Telephone: 305.960.2311 / Facsimile: 305.397.2264
*kevance@duanemorris.com*
*Attorneys for Tangshan Ganglu*
*Iron & Steel Company, Ltd.*

*The party submitting this Amended Agreed Order shall serve a conformed copy of the signed Amended Agreed Order on all parties of interest.*

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

US CAPITAL/FASHION MALL, LLC,
et al., [1]

                               Case No.: 14-32819-JKO
                               (Jointly Administered)
                               Chapter 7

        Debtors.
_____/

### STIPULATION ON MOTION FOR RELIEF FROM THE AUTOMATIC STAY

This Stipulation is entered into this 31st day of October, 2014, by and between: (i) Kenneth A. Welt, as Chapter 7 Trustee (the "Trustee") for the Jointly Administered Bankruptcy Estates of Mapuche, LLC, US Capital Holdings, LLC and US Capital Fashion Mall, LLC (together, the "Debtors" and the "Bankruptcy Cases" respectively), (ii) Tangshan Ganglu Iron & Steel Company, Ltd., a Chinese Corporation ("Ganglu"), by and through its Chairman and authorized representative, Zhen Zeng Du ("Mr. Du").

WHEREAS, on October 14, 2014, each of the Debtors filed a voluntary petition for relief under Chapter 7 of Title 11, United States Code (the "Bankruptcy Code");

WHEREAS, the Debtors' Chapter 7 bankruptcy proceedings are being jointly administered under Case No. 14-32827-JKO, before the Hon. John K. Olson of the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court");

WHEREAS, the Trustee has been duly appointed the Chapter 7 Trustee for the estate of each of the Debtors;

_____

[1] The jointly administered Debtors are: US Capital/Fashion Mall, LLC (14-32819-JKO); US Capital Holdings, LLC (14-32822-JKO); and Mapuche, LLC (14-32827-JKO).

WHEREAS, Ganglu owns the substantial majority of the membership interests in Mapuche, LLC;

WHEREAS, Mapuche, LLC is the sole member of US Capital Holdings, LLC;

WHEREAS, US Capital Holdings, LLC is the sole member of US Capital/Fashion Mall, LLC;

WHEREAS, Ganglu has filed with the Bankruptcy Court a Motion for Relief from the Automatic Stay [ECF No. 10 in Case No. 14-32827-JKO] (the "Stay Relief Motion") for the limited purposes of (i) permitting Ganglu to submit a proposed form of order after evidentiary hearing to the State Court, consistent with findings of fact promulgated by the State Court; (ii) permitting the State Court to enter/approve the proposed form of order, consistent with the State Court's directive as set forth in the Transcript of the Factual Findings; and (iii) permitting the State Court to address and decide the ratification issue (the "Relief Sought");

WHEREAS, Ganglu has agreed that (i) the Bankruptcy Court is the appropriate forum to preserve and to dispose of the Debtors' property and to address transfers of property of the estates, and (ii) the Trustee is an appropriate fiduciary for these purposes;

WHEREAS, Ganglu has agreed not to seek dismissal of the Bankruptcy Cases, including with respect to the Relief Sought in the Stay Relief Motion; and

WHEREAS, the Trustee has reviewed and considered the Relief Sought in the Stay Relief Motion.

NOW, therefore, the Trustee, Ganglu stipulates as follows:

1.      The above statements of fact are true and correct.

2.     The Trustee does not object to the Relief Sought in the Stay Relief Motion, and hereby consents to the entry of the proposed Agreed Order granting the Relief Sought therein, which is attached hereto as Exhibit "A".

AGREED this 3rd day of November, 2014.

By: _____ Michael C. Schuster, For:
     Kenneth A. Welt, Chapter 7 Trustee

TANGSHAN GANGLU IRON & STEEL COMPANY, LTD.

By: _____
     Zhen Zeng Da
     Its: Chairman and authorized representative

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

US CAPITAL/FASHION MALL, LLC,
et al.,[1]

Case No.: 14-32819-JKO
(Jointly Administered)
Chapter 7

Debtors.

_____/

## STIPULATION ON MOTION FOR RELIEF FROM THE AUTOMATIC STAY

This Stipulation is entered into this 31st day of October, 2014, by and between: (i) Kenneth A. Welt, as Chapter 7 Trustee (the "Trustee") for the Jointly Administered Bankruptcy Estates of Mapuche, LLC, US Capital Holdings, LLC and US Capital/Fashion Mall, LLC (together, the "Debtors" and the "Bankruptcy Cases" respectively), (ii) Tangshan Ganglu Iron & Steel Company, Ltd., a Chinese Corporation ("Ganglu"), by and through its Chairman and authorized representative, Zhen Zeng Du ("Mr. Du").

WHEREAS, on October 14, 2014, each of the Debtors filed a voluntary petition for relief under Chapter 7 of Title 11, United States Code (the "Bankruptcy Code");

WHEREAS, the Debtors' Chapter 7 bankruptcy proceedings are being jointly administered under Case No. 14-32827-JKO, before the Hon. John K. Olson of the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court");

WHEREAS, the Trustee has been duly appointed the Chapter 7 Trustee for the estate of each of the Debtors;

_____

[1] The jointly administered Debtors are: US Capital/Fashion Mall, LLC (14-32819-JKO); US Capital Holdings, LLC (14-32822-JKO); and Mapuche, LLC (14-32827-JKO).

WHEREAS, Ganglu owns the substantial majority of the membership interests in Mapuche, LLC;

WHEREAS, Mapuche, LLC is the sole member of US Capital Holdings, LLC;

WHEREAS, US Capital Holdings, LLC is the sole member of US Capital/Fashion Mall, LLC;

WHEREAS, Ganglu has filed with the Bankruptcy Court a Motion for Relief from the Automatic Stay [ECF No. 10 in Case No. 14-32827-JKO] (the "Stay Relief Motion") for the limited purposes of (i) permitting Ganglu to submit a proposed form of order after evidentiary hearing to the State Court, consistent with findings of fact promulgated by the State Court; (ii) permitting the State Court to enter/approve the proposed form of order, consistent with the State Court's directive as set forth in the Transcript of the Factual Findings; and (iii) permitting the State Court to address and decide the ratification issue (the "Relief Sought");

WHEREAS, Ganglu has agreed that (i) the Bankruptcy Court is the appropriate forum to preserve and to dispose of the Debtors' property and to address transfers of property of the estates, and (ii) the Trustee is an appropriate fiduciary for these purposes;

WHEREAS, Ganglu has agreed not to seek dismissal of the Bankruptcy Cases, including with respect to the Relief Sought in the Stay Relief Motion; and

WHEREAS, the Trustee has reviewed and considered the Relief Sought in the Stay Relief Motion.

NOW, therefore, the Trustee, Ganglu stipulates as follows:

1.     The above statements of fact are true and correct.

2.      The Trustee does not object to the Relief Sought in the Stay Relief Motion, and

hereby consents to the entry of the proposed Agreed Order granting the Relief Sought therein,

which is attached hereto as Exhibit "A".

AGREED this 3rd day of November, 2014.

By: _____ Michael C. Schuster, For:
        Kenneth A. Welt, Chapter 7 Trustee


TANGSHAN   GANGLU   IRON   &   STEEL
COMPANY, LTD.

By: _____
        Zhen Zeng Da
        Its: Chairman and authorized representative

# EXHIBIT "A"

### UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF FLORIDA
**Fort Lauderdale Division**

In re:

MAPUCHE, LLC. [1]

Case No.: 14-32827-JKO

Chapter 7

(Jointly Administered)

_____ /

## AGREED ORDER GRANTING TANGSHAN GANGLU IRON & STEEL COMPANY, LTD.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001 FOR LIMITED PURPOSE

Tangshan Ganglu Iron & Steel Company, LTD. ("Ganglu") has filed with the Bankruptcy

Court a Motion for Relief from the Automatic Stay [ECF No. 10] (the "Stay Relief Motion") for

the limited purposes of (i) permitting Ganglu to submit a proposed form of order after

evidentiary hearing to the State Court, consistent with findings of fact promulgated by the State

Court; (ii) permitting the State Court to enter/approve the proposed form of order, consistent

with the State Court's directive as set forth in the Transcript of the Factual Findings; and (iii)

permitting the State Court to address and decide the ratification issue. The court having reviewed

[1] The jointly administered Debtors are: US Capital/Fashion Mall, LLC (14-32819-JKO); US Capital Holdings, LLC (14-32822-JKO); and Mapuche, LLC (14-32827-JKO).

the Stay Relief Motion and good cause appearing, it is:

**ORDERED** that the Stay Relief Motion is hereby GRANTED.

The automatic stay is hereby lifted solely for the purpose of permitting: (i) Ganglu to submit a proposed form of order after evidentiary hearing to the State Court, consistent with findings of fact promulgated by the State Court; (ii) the State Court to enter/approve the proposed form of order, consistent with the State Court's directive as set forth in the Transcript of the Factual Findings; and (iii) the State Court to address and decide the ratification issue.

###

Submitted by:
Kevin E. Vance, Esquire
**DUANE MORRIS LLP**
200 South Biscayne Boulevard, Suite 3400
Miami, Florida 33131
Telephone: 305.960.2311 / Facsimile: 305.397.2264
*kevance@duanemorris.com*
*Attorneys for Tangshan Ganglu*
*Iron & Steel Company, Ltd.*

*The party submitting this Agreed Order shall serve a conformed copy of the signed Agreed Order on all parties of interest.*

## Rodriguez-Taseff, Lida

| | |
|---|---|
| From: | Rodriguez-Taseff, Lida |
| Sent: | Tuesday, November 04, 2014 5:07 PM |
| To: | Brett Lieberman |
| Subject: | FW: Case No. 14-32819 Stipulation on Motion for Relief from the Automatic Stay and proposed Amended Agreed Order |
| Attachments: | Amended Agreed Order.pdf; Mapuche Bankruptcy -11.03.14 - Stipulation re Ganglu Stay Relief Motion [D.E. 38].PDF |



**DuaneMorris**

**Lida Rodriguez-Taseff**
Partner

Duane Morris LLP
200 South Biscayne Boulevard, Suite 3400
Miami, FL 33131-2318
P: 305.960.2242
F: 305.397.2443

❯ BIO
❯ E-MAIL
❯ WEB SITE
❯ VCARD

**From:** Guillou, Rebecca L
**Sent:** Tuesday, November 04, 2014 10:27 AM
**To:** aaron_brownell@flsb.uscourts.gov; aaron_brownell@flsb.uscourts.gov
**Cc:** gmoses@gjb-law.com; Schuster, Michael; tmessana@messana-law.com; tzeichman@messana-law.com; mark.levy@brinkleymorgan.com; lnegron@gray-robinson.com; lauren.rome@gray-robinson.com; amador.ruiz-baliu@gray-robinson.com; sandra.gonzalez@brinkleymorgan.com; fl110@ecfcbis.com; court@trusteeservices.biz; Rodriguez-Taseff, Lida; Arnavat-Parga, Yolanda; Perez, Dawn
**Subject:** Case No. 14-32819 Stipulation on Motion for Relief from the Automatic Stay and proposed Amended Agreed Order

Mr. Brownell,

Please find attached a Stipulation on Motion for Relief from the Automatic Stay along with the proposed Agreed Order for same (DE 38).  Subsequently, we filed a proposed *Amended* Agreed Order, also attached.

If the proposed Amended Agreed Order meets with the Court's approval, kindly have the Court enter same.

Thank you.
Rebecca



**Rebecca Guillou**
Paralegal

Duane Morris LLP
200 South Biscayne Boulevard, Suite 3400
Miami, FL 33131-2318

**P:** +1 305 960 2327
**F:** +1 305 397 1872

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

In re:

US CAPITAL/FASHION MALL, LLC, et al.,[1]

                              Case No.: 14-32819-JKO

                              Chapter 7

        Debtors.

_____/    (Jointly Administered)

## AMENDED AGREED[2] ORDER GRANTING TANGSHAN GANGLU IRON & STEEL COMPANY, LTD.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001 FOR LIMITED PURPOSE

Tangshan Ganglu Iron & Steel Company, LTD. ("Ganglu") has filed with the Bankruptcy Court a Motion for Relief from the Automatic Stay [ECF No. 10 filed in Mapuche, LLC, Case No. 14-32827-JKO] (the "Stay Relief Motion") for the limited purposes of (i) permitting Ganglu to submit a proposed form of order after evidentiary hearing to the State Court, consistent with findings of fact promulgated by the State Court; (ii) permitting the State Court to enter/approve the proposed form of order, consistent with the State Court's directive as set forth in the Transcript of the Factual Findings; and (iii) permitting the State Court to address and decide the

---

[1] The jointly administered Debtors are: US Capital/Fashion Mall, LLC (14-32819-JKO); US Capital Holdings, LLC (14-32822-JKO); and Mapuche, LLC (14-32827-JKO).

[2] The form of this Amended Agreed Order has been agreed to by the Trustee, but not by the Debtors or by Mr. Wei Chen.

ratification issue (the "Relief Requested"). The Court, having reviewed the Stay Relief Motion, having noted the Stipulation concerning the Stay Relief Motion which reflects (A) Ganglu has agreed that (i) this Court is the appropriate forum to preserve and to dispose of the Debtors' property and to address transfers of property of the estates, and (ii) the Trustee is an appropriate fiduciary for these purposes, and (B) the Trustee's consent to the entry of this Order, and good cause appearing, it is:

ORDERED as follows:

1. The Stay Relief Motion is hereby GRANTED as set forth herein.

2. The automatic stay is hereby lifted solely for the purpose of permitting: (i) Ganglu to submit a proposed form of order after evidentiary hearing to the State Court, consistent with findings of fact promulgated by the State Court; (ii) the State Court to enter/approve the proposed form of order, consistent with the State Court's directive as set forth in the Transcript of the Factual Findings; and (iii) the State Court to address and decide the ratification issue raised therein.

3. Ganglu shall not seek to dismiss any of the Debtors' bankruptcy cases, including with respect to the Relief Sought in the Stay Relief Motion.

### 

Submitted by:
Kevin E. Vance, Esquire
**DUANE MORRIS LLP**
200 South Biscayne Boulevard, Suite 3400
Miami, Florida 33131
Telephone: 305.960.2311 / Facsimile: 305.397.2264
*kevance@duanemorris.com*
*Attorneys for Tangshan Ganglu*
*Iron & Steel Company, Ltd.*

*The party submitting this Amended Agreed Order shall serve a conformed copy of the signed Amended Agreed Order on all parties of interest.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re:

US CAPITAL/FASHION MALL, LLC,
et al.,[1]

Case No.: 14-32819-JKO
(Jointly Administered)
Chapter 7

Debtors.
_____/

### STIPULATION ON MOTION FOR RELIEF FROM THE AUTOMATIC STAY

This Stipulation is entered into this 31st day of October, 2014, by and between: (i) Kenneth A. Welt, as Chapter 7 Trustee (the "Trustee") for the Jointly Administered Bankruptcy Estates of Mapuche, LLC, US Capital Holdings, LLC and US Capital/Fashion Mall, LLC (together, the "Debtors" and the "Bankruptcy Cases" respectively), (ii) Tangshan Ganglu Iron & Steel Company, Ltd., a Chinese Corporation ("Ganglu"), by and through its Chairman and authorized representative, Zhen Zeng Du ("Mr. Du").

WHEREAS, on October 14, 2014, each of the Debtors filed a voluntary petition for relief under Chapter 7 of Title 11, United States Code (the "Bankruptcy Code");

WHEREAS, the Debtors' Chapter 7 bankruptcy proceedings are being jointly administered under Case No. 14-32827-JKO, before the Hon. John K. Olson of the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court");

WHEREAS, the Trustee has been duly appointed the Chapter 7 Trustee for the estate of each of the Debtors;

_____

[1] The jointly administered Debtors are: US Capital/Fashion Mall, LLC (14-32819-JKO); US Capital Holdings, LLC (14-32822-JKO); and Mapuche, LLC (14-32827-JKO).

WHEREAS, Ganglu owns the substantial majority of the membership interests in Mapuche, LLC;

WHEREAS, Mapuche, LLC is the sole member of US Capital Holdings, LLC;

WHEREAS, US Capital Holdings, LLC is the sole member of US Capital/Fashion Mall, LLC;

WHEREAS, Ganglu has filed with the Bankruptcy Court a Motion for Relief from the Automatic Stay [ECF No. 10 in Case No. 14-32827-JKO] (the "Stay Relief Motion") for the limited purposes of (i) permitting Ganglu to submit a proposed form of order after evidentiary hearing to the State Court, consistent with findings of fact promulgated by the State Court; (ii) permitting the State Court to enter/approve the proposed form of order, consistent with the State Court's directive as set forth in the Transcript of the Factual Findings; and (iii) permitting the State Court to address and decide the ratification issue (the "Relief Sought");

WHEREAS, Ganglu has agreed that (i) the Bankruptcy Court is the appropriate forum to preserve and to dispose of the Debtors' property and to address transfers of property of the estates, and (ii) the Trustee is an appropriate fiduciary for these purposes;

WHEREAS, Ganglu has agreed not to seek dismissal of the Bankruptcy Cases, including with respect to the Relief Sought in the Stay Relief Motion; and

WHEREAS, the Trustee has reviewed and considered the Relief Sought in the Stay Relief Motion.

NOW, therefore, the Trustee, Ganglu stipulates as follows:

1.    The above statements of fact are true and correct.

2.    The Trustee does not object to the Relief Sought in the Stay Relief Motion, and hereby consents to the entry of the proposed Agreed Order granting the Relief Sought therein, which is attached hereto as Exhibit "A".

AGREED this 3rd day of November, 2014.

By: _____ *Michael C. Schuster, For:*
        Kenneth A. Welt, Chapter 7 Trustee


TANGSHAN GANGLU IRON & STEEL COMPANY, LTD.

By: _____
        Zhen Zeng Du
        Its: Chairman and authorized representative

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

US CAPITAL/FASHION MALL, LLC,
et al.,[1]

Case No.: 14-32819-JKO
(Jointly Administered)
Chapter 7

         Debtors.
_____/

### STIPULATION ON MOTION FOR RELIEF FROM THE AUTOMATIC STAY

This Stipulation is entered into this 31st day of October, 2014, by and between: (i) Kenneth A. Welt, as Chapter 7 Trustee (the "Trustee") for the Jointly Administered Bankruptcy Estates of Mapuche, LLC, US Capital Holdings, LLC and US Capital/Fashion Mall, LLC (together, the "Debtors" and the "Bankruptcy Cases" respectively), (ii) Tangshan Ganglu Iron & Steel Company, Ltd., a Chinese Corporation ("Ganglu"), by and through its Chairman and authorized representative, Zhen Zeng Du ("Mr. Du").

WHEREAS, on October 14, 2014, each of the Debtors filed a voluntary petition for relief under Chapter 7 of Title 11, United States Code (the "Bankruptcy Code");

WHEREAS, the Debtors' Chapter 7 bankruptcy proceedings are being jointly administered under Case No. 14-32827-JKO, before the Hon. John K. Olson of the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court");

WHEREAS, the Trustee has been duly appointed the Chapter 7 Trustee for the estate of each of the Debtors;

---

[1] The jointly administered Debtors are: US Capital/Fashion Mall, LLC (14-32819-JKO); US Capital Holdings, LLC (14-32822-JKO); and Mapuche, LLC (14-32827-JKO).

WHEREAS, Ganglu owns the substantial majority of the membership interests in Mapuche, LLC;

WHEREAS, Mapuche, LLC is the sole member of US Capital Holdings, LLC;

WHEREAS, US Capital Holdings, LLC is the sole member of US Capital/Fashion Mall, LLC;

WHEREAS, Ganglu has filed with the Bankruptcy Court a Motion for Relief from the Automatic Stay [ECF No. 10 in Case No. 14-32827-JKO] (the "Stay Relief Motion") for the limited purposes of (i) permitting Ganglu to submit a proposed form of order after evidentiary hearing to the State Court, consistent with findings of fact promulgated by the State Court; (ii) permitting the State Court to enter/approve the proposed form of order, consistent with the State Court's directive as set forth in the Transcript of the Factual Findings; and (iii) permitting the State Court to address and decide the ratification issue (the "Relief Sought");

WHEREAS, Ganglu has agreed that (i) the Bankruptcy Court is the appropriate forum to preserve and to dispose of the Debtors' property and to address transfers of property of the estates, and (ii) the Trustee is an appropriate fiduciary for these purposes;

WHEREAS, Ganglu has agreed not to seek dismissal of the Bankruptcy Cases, including with respect to the Relief Sought in the Stay Relief Motion; and

WHEREAS, the Trustee has reviewed and considered the Relief Sought in the Stay Relief Motion.

NOW, therefore, the Trustee, Ganglu stipulates as follows:

1.      The above statements of fact are true and correct.

2.    The Trustee does not object to the Relief Sought in the Stay Relief Motion, and hereby consents to the entry of the proposed Agreed Order granting the Relief Sought therein, which is attached hereto as Exhibit "A".

AGREED this 3rd day of November, 2014.

By: _____ *Michael C. Schuster, for:*
       Kenneth A. Welt, Chapter 7 Trustee

TANGSHAN  GANGLU  IRON  &  STEEL
COMPANY, LTD.

By: _____
       Zhen Zeng Da
       Its: Chairman and authorized representative

# EXHIBIT "A"

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division**

In re:

MAPUCHE, LLC.[1]                                          Case No.: 14-32827-JKO

                                                         Chapter 7

                                                         (Jointly Administered)
_____/

<u>**AGREED ORDER GRANTING TANGSHAN GANGLU IRON & STEEL COMPANY,
LTD.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11
U.S.C. § 362(d) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001 FOR
LIMITED PURPOSE**</u>

Tangshan Ganglu Iron & Steel Company, LTD. ("Ganglu") has filed with the Bankruptcy

Court a Motion for Relief from the Automatic Stay [ECF No. 10] (the "Stay Relief Motion") for

the limited purposes of (i) permitting Ganglu to submit a proposed form of order after

evidentiary hearing to the State Court, consistent with findings of fact promulgated by the State

Court; (ii) permitting the State Court to enter/approve the proposed form of order, consistent

with the State Court's directive as set forth in the Transcript of the Factual Findings; and (iii)

permitting the State Court to address and decide the ratification issue. The court having reviewed

_____

[1] The jointly administered Debtors are: US Capital/Fashion Mall, LLC (14-32819-JKO); US
Capital Holdings, LLC (14-32822-JKO); and Mapuche, LLC (14-32827-JKO).

the Stay Relief Motion and good cause appearing, it is:

**ORDERED** that the Stay Relief Motion is hereby GRANTED.

The automatic stay is hereby lifted solely for the purpose of permitting: (i) Ganghu to submit a proposed form of order after evidentiary hearing to the State Court, consistent with findings of fact promulgated by the State Court; (ii) the State Court to enter/approve the proposed form of order, consistent with the State Court's directive as set forth in the Transcript of the Factual Findings; and (iii) the State Court to address and decide the ratification issue.

###

Submitted by:
Kevin E. Vance, Esquire
**DUANE MORRIS LLP**
200 South Biscayne Boulevard, Suite 3400
Miami, Florida 33131
Telephone: 305.960.2311 / Facsimile: 305.397.2264
*kevance@duanemorris.com*
*Attorneys for Tangshan Ganghu*
*Iron & Steel Company, Ltd.*

*The party submitting this Agreed Order shall serve a conformed copy of the signed Agreed Order on all parties of interest.*