UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

In re:

US CAPITAL/FASHION MALL, LLC, et al.,[1]     Case No.: 14-32819-JKO

　　　　　　　　　　　　　　　　　　　　　Chapter 7
　　　　Debtors.
_____/    (Jointly Administered)

**OBJECTION OF KENNETH A. WELT, CHAPTER 7 TRUSTEE, TO TANGSHAN GANGLU IRON & STEEL CO. LTD.'S MOTION FOR ENTRY OF AN ORDER CONVERTING THE JOINTLY ADMINISTERED BANKRUPTCY CASES TO CASES UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

**KENNETH A. WELT**, the Chapter 7 Trustee (the "Trustee") for US Capital/Fashion Mall, LLC, US Capital Holdings, LLC, and Mapuche, LLC (collectively, the "Debtors"), files this Objection to the Motion of Tangshan Ganglu Iron & Steel Co. Ltd. ("Ganglu") for the entry of an Order converting these jointly administered cases to cases under Chapter 11 of the Bankruptcy Code [ECF No. 177] (the "Motion to Convert"). In support thereof, the Trustee respectfully states as follows:

**PRELIMINARY STATEMENT**

Bankruptcy estates realize the highest and best value when property is sold in competitive and open market conditions, free and clear of liens, claims and encumbrances, which is precisely what the Trustee seeks to accomplish in these cases. This is in stark contrast to what has been proposed by Ganglu.

---

[1] The Debtors in these cases are: US Capital/Fashion Mall, LLC (14-32819-JKO); US Capital Holdings, LLC (14-32822-JKO); and Mapuche, LLC (14-32827-JKO). The Debtors' cases are being jointly administered pursuant to this Court's order dated November 9, 2014 [ECF No. 53].

The Debtors and its members have a long and sordid history of infighting. Conversion to chapter 11, for the benefit of only one of those members, will undoubtedly reignite such litigation at significant cost to the estates, will cause unnecessary delay (including the potential for competing plans), putting a well established sale process and the interests of creditors and other equity at significant risk. Other than the desire to avoid or chill a competitive bidding process or the possibility of obtaining releases, there is no obvious rationale for the relief sought which could not be accomplished in a chapter 7.

This Court has already denied Ganglu's efforts to obtain control of the Debtors. The Motion to Convert, which is another attempt at obtaining such relief, should likewise be denied.

## PROCEDURAL BACKGROUND

### Introduction

1. On October 14, 2014, each of the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Kenneth A. Welt was thereafter appointed as the Debtors' Chapter 7 Trustee.

2. US Capital/Fashion Mall, LLC is the owner of approximately 32.07 acres of real estate known as the former Plantation Fashion Mall located at 321 North University Drive in Plantation, Florida (the "Fashion Mall Property"). The Fashion Mall Property is an existing enclosed, vacated, mall comprising approximately 828,721 square feet of gross leasable area including department store anchor space, retail shop space, a food court, and an attached 7-story office building shell. US Capital/Fashion Mall, LLC is owned by US Capital Holdings, LLC, which in turn is owned by Mapuche, LLC ("Mapuche").

3. The Fashion Mall Property is vacant. The Debtors, U.S. Capital/Fashion Mall, LLC and US Capital Holdings, LLC, previously filed for relief under Chapter 11 before this

Court on February 24, 2012 (Case No. 12-14517-JKO).[2]  On September 11, 2012, this Court confirmed those Debtors' Joint Plan of Reorganization.

4.      At the time of the current bankruptcy filing, the Debtors were in the midst of a renovation of an on-site office complex.  The Debtors also sought to redevelop the Fashion Mall Property into a project to be known as "321 North," which was intended to be a major retail office and residential project.  The Debtors' business was operated from office space located adjacent to the Fashion Mall Property, at 375 N. University Drive in Plantation, Florida (the "375 North Property").  The 375 North Property is titled in the name of Wei Chen.

### Shareholder Litigation and Accusations

5.      Shortly after confirmation of the chapter 11 proceedings, Mapuche and its respective owners became embroiled in contentious litigation.  In addition to numerous allegations leveled against each other, separate lawsuits were commenced in the 17th Judicial Circuit in and for Broward County, Florida (the "State Court").  Attached as Exhibit "A" is a copy of a complaint filed by Mapuche against Ganglu and its Chairman, Mr. Zehn Zeng Du, styled *Mapuche, LLC v. Zehn Zeng Du, Tangshan Ganglu Iron & Steel Company, Ltd., Xianquan Meng and Bo Rui Investment PTE, Ltd.* Case No CACE 14-011447 (the "Mapuche v. Ganglu Litigation").  In the Mapuche v. Ganglu Litigation, it is asserted that, among other things, Ganglu and Mr. Du committed acts of fraud, conspiracy, breach of fiduciary duty and violations of Florida's Deceptive and Unfair Trade Practices Act.

6.      Additionally, in the matter of *Tangshan Ganglu Iron & Steel Company, Ltd. v. Mapuche LLC and Wei Chen*, Case No. CACE 14-009677 (the "Ganglu v. Chen Litigation"), Ganglu asserted claims of fraud, self dealing and waste against Chen, and sought the judicial dissolution of, and the appointment of a receiver for, Mapuche.  A copy of the Second Amended

---

[2] Mapuche was not a debtor in those proceedings.

3

Complaint in the Ganglu v. Chen Litigation is attached as Exhibit "B".

7. It has also been alleged that Ganglu owns somewhere between 80% to 99% of the membership interests in Mapuche, with Mr. Chen holding the balance. In the Motion to Convert, Ganglu asserts that it has invested in excess of $186 million in the Debtors, either directly or through loan guarantees, from 2004 through 2013. Separately, counsel for Ganglu asserted that such investments approximated $162 million.[3] The Debtors have challenged the extent of such investments in pleadings filed with the Court, and have also pointed to possible additional claims and improprieties involving not only Mr. Chen, but Mr. Du and members of his family. *See Debtors' Response to Ganglu's Request for Stay Relief* [ECF No. 97, ¶¶ 34-36]. The Trustee has commenced an investigation into claims and allegations involving all aspects of these cases.

## Motion for Stay Relief

8. On October 17, 2014, Ganglu filed a Motion for Relief from the Automatic Stay in order to obtain certain findings from the Honorable Jack Tuter in the Ganglu v. Chen Litigation [ECF No. 10 in the Mapuche case] (the "Motion for Stay Relief").

9. On November 3, 2014, counsel for Ganglu filed a Stipulation on Motion for Relief from the Automatic Stay [ECF No. 38] (the "Stipulation"), pursuant to which the Trustee (and only the Trustee) agreed to the Stay Relief Motion, and Ganglu stipulated, among other things, that this Court is the appropriate forum to preserve and dispose of the Debtors' property and to address transfers of property of the estates, and that the Trustee is an appropriate fiduciary for these purposes.[4]

---

[3] *See* Affidavit of Lida Rodriguez-Taseff in response to Order to Show Cause [ECF No. 192-1, ¶ 6].

[4] An "Amended Agreed Order" is attached to a Certificate of Service filed by Ganglu's counsel at ECF No. 39.

4

10. Ganglu argued at the hearing on the Motion for Stay Relief that it sought certain rulings from the State Court so that Ganglu could assert control over Mapuche. *See* Transcript of Nov. 25, 2014 hearing, pp. 19-20, attached hereto as Exhibit "C".

11. On December 23, 2014, this Court entered an Amended Order Granting in Part and Denying in Part the Stay Relief Motion [ECF No. 153] (the "Order Granting Partial Stay Relief"). Pursuant to the Order Granting Partial Relief, Ganglu was granted limited stay relief to submit (through the Trustee) a proposed order to the State Court memorializing its October 3, 2014 ruling in the Ganglu v. Chen Litigation, but to proceed no further (including with respect to any attempts to obtain control of Mapuche).

### Post-Petition Financing

12. In order to secure the necessary funds to maintain, preserve and insure the Fashion Mall Property pending a sale, on December 5, 2014, the Trustee filed an *Emergency Motion for Interim and Final Orders (A) Authorizing Trustee to Obtain Post-Petition Financing and Granting Superpriority Lien Position pursuant to 11 U.S.C. 364(d) and Fed. R. Bankr. P. 4001(c); and (B) Scheduling Final Hearing* [ECF No. 118] (the "Financing Motion"). Pursuant to the Financing Motion, the Trustee sought approval of a loan in the amount of $450,000.00 (the "Financing") from New Wave Lenders (2014-B) LP ("NWL").[5]

13. A Final Order approving the Financing Motion was entered on January 12, 2015 [ECF No. 165]. A full set of the loan documents executed in connection with the Financing Motion (the "Loan Documents") is filed with the Court at ECF No. 189.

---

[5] The Trustee had previously sought financing from Sabadell United Bank pursuant to a *Motion for Interim and Final Orders (A) Authorizing Trustee to Obtain Post-Petition Financing and Granting Superpriority Lien Position pursuant to 11 U.S.C. 364(d) and Fed. R. Bankr. P. 4001(c); and (B) Scheduling Final Hearing* [ECF No. 62] (the "Sabadell Motion"). Due to various issues and delays with Sabadell United Bank, the Trustee was required to seek alternate financing from NWL. The Sabadell Motion was denied as moot on December 12, 2014 [ECF No. 140].

**Proposed Sale of the Fashion Mall Property**

14. The Trustee believes that the best way to maximize the value of the Fashion Mall Property for the benefit of all interested parties is through an auction sale. To this end, this Court approved the Trustee's retention of CBRE, Inc. ("CBRE") as his exclusive real estate broker to market and sell the Fashion Mall Property [ECF No. 170].

15. Thereafter, the Trustee entered into an Asset Purchase Agreement with RAM Realty Acquisitions, LLC (the "Stalking Horse Bidder") to sell the Fashion Mall Property for the sum of $24,000,000.00, subject to higher and better offers.

16. On January 28, 2015, the Trustee filed a *Motion for the Entry of an Order (1) Authorizing the Trustee to Schedule Auction Sale of Fashion Mall Property, (2) Approving Bidding Procedures and Breakup Fee in Connection with Sale, (3) Approving the Form and Manner of Notice of Sale, (4) Scheduling a Final Hearing, and (5) Approving the Sale of the Fashion Mall Property, Free and Clear of Liens, Claims and Encumbrances* [ECF No. 207] (the "Sale Motion"). A hearing to approve the "bidding procedures" portion of the Sale Motion is set for February 12, 2015.

17. The proposed sale will be subject to higher and better offers and will be exposed to the market through CBRE. The Trustee submits that the sale of the Fashion Mall Property to the Stalking Horse Bidder, or the highest and best bidder following an auction pursuant to Court approved bidding procedures, is in the best interests of the estates.

18. Moreover, the Trustee anticipates a robust auction in short order based on the significant interest to date. Thus far, approximately 75 confidentiality agreements have been

signed by interested parties, and 14 tours of the Fashion Mall Property have been conducted by CBRE.

### Ganglu's Motion to Convert

19. Ganglu seeks to convert these cases to chapter 11 so that it might acquire the Fashion Mall Property through a plan of reorganization. Pursuant to the Motion to Convert, Ganglu asserts that it will (a) infuse a sufficient amount of cash to pay all undisputed claims and administrative expenses of the estates (in an amount Ganglu estimates to be between $7.0 and $10.0 million); (b) create a reserve of an "appropriate amount" of cash to cover the disputed claim of GHJ Construction ("GHJ"); and (c) seek the appointment of a chapter 11 trustee (for which Ganglu will advocate for the appointment of Mr. Welt).

20. Neither a proposed plan of reorganization nor a disclosure statement is attached to the Motion to Convert.

### OBJECTION TO MOTION TO CONVERT

21. The Trustee agrees with Ganglu as to the legal standards for conversion pursuant to 11 U.S.C. § 706(b): ". . . [the] decision whether to convert is left in the sound discretion of the court, based on what will most inure to the benefit of all parties in interest." *In re Baker*, 503 B.R. 751, 755 (Bankr. M.D. Fla. 2013) (*citations omitted*); *See also In re Hardigan*, 490 B.R. 437 (Bankr. S.D. Ga. 2013) (A principal consideration for the court is whether conversion would benefit the creditors, debtor, other parties in interest, and the bankruptcy estate).

22. The Trustee disagrees, however, that conversion would benefit all of the parties in interest in these cases. Ganglu already sought to obtain control of the Debtors through its Motion for Stay Relief. The Court denied such relief in part. Now, several months into these cases, after the Trustee put in motion the steps to successfully market and sell the Fashion Mall

Property, Ganglu seeks another bite at the apple. While conversion might benefit the interests of Ganglu, it would be detrimental to the estates, creditors and the non-Ganglu ownership in Mapuche.

## Conversion to Chapter 11 = Risk, Delay and Litigation

23. There is no question that conversion to chapter 11 will bring risk, delay and extensive litigation. The Motion to Convert raises more questions than it answers.

24. First, Ganglu has not submitted any proposed plan of reorganization for the Court's consideration. It is unclear what the terms of such plan (or disclosure statement) will provide. Does it provide for releases of Ganglu and Mr. Du? The dismissal of the Mapuche v. Ganglu Litigation? How does the plan propose to treat equity in Mapuche or the interests of Mr. Chen? Surely the contentious litigation between Ganglu and Chen, which has already spilled over into this Court, will flame up during a contested confirmation process.

25. How will Ganglu estimate the amount necessary for the reserve of GHJ's claim (or any other claims which might be disputed)? The Debtors have scheduled that claim, which the Trustee is investigating, as disputed in the amount of $12.1 million. To date, GHJ has not filed a proof of claim.[6] The Trustee suspects that GHJ will assert that an amount necessary to satisfy the full amount of its claim should be escrowed pending its final allowance.

26. Does Ganglu have funds unconditionally committed for plan purposes in the United States? Ganglu is a foreign corporation, with its principal address in the People's Republic of China and limited assets in the United States. A concern over Ganglu's ability to come up with sufficient funds has been raised by its own lawyer. In opposing the Debtors' *ore tenus* request for a continuation of the automatic stay pending a hearing on the Motion for Stay

---

[6] The claims bar date is February 17, 2015.

Relief, Ganglu's counsel argued that her client required stay relief in order to attract investors, and without a clear indication that it prevailed before Judge Tutor, Ganglu would have its "hands tied".[7]

27. If Ganglu has funds unconditionally committed in the United States, are they in an amount necessary to cover all allowed claims (and not just Ganglu's estimate of undisputed claims up to $10 million)?

28. Moreover, there would be no exclusivity in a converted chapter 11. There is nothing to prevent Mr. Chen, a creditor, a developer or investor (which acquires a claim), or a chapter 11 Trustee, from proposing separate plans of reorganization/liquidation. One could easily foresee a scenario of multiple competing plans, with the attendant cross litigation, delay and confusion it would bring, if the Motion to Convert were granted. In the event of an unsuccessful chapter 11, the resulting delay would negatively impact the ability to sell the Fashion Mall Property in the manner it is currently positioned.

### The Trustee's Proposed Sale Process is in the Best Interests of ALL Parties

29. The Fashion Mall is not an operating business. It has been shuttered for the better part of a decade (during which Ganglu was an owner in Mapuche). But for the minimal staff employed by the Trustee to maintain the property, there are no employees, no going concern

---

[7] *See* Transcript of October 30, 2014 hearing at pp 18-19 (attached as Exhibit "D"):

THE COURT: Any objection, Ms. Rodriguez?

MS. RODRIGUEZ: Yes, your Honor. We are very, very concerned. Ganglu absolutely needs the stay lifted for the very limited purpose of getting judges -- Judge Tutor's very clear rulings on October 3rd memorialized on paper. That is our request, is simply to get Judge Tuter [sic] to enter his order, which is very important to Ganglu, because Ganglu is in the process of trying to secure investors, and without a clear indication from a court that it has prevailed on the very central issue in litigation that was tried before Judge Tuter [sic], Ganglu is going to have its hands tied. So for us, that is just a non-starter, your Honor.

value to preserve. Therefore, the public policy of promoting rehabilitation of companies over liquidation, as argued by Ganglu, does not apply here.

30. Notwithstanding certain events which have transpired, this is (and should be) a straightforward liquidation case. The Fashion Mall Property should be sold, subject to higher and better offers pursuant to court approved bidding procedures which the Trustee seeks to implement.

31. Provided that Ganglu can become a Qualified Bidder, it can participate in the sale process like everyone else. As set forth in pleadings filed with the Court, the Trustee (unsuccessfully) invited Ganglu to attempt to qualify and serve as a stalking horse purchaser in a competitive sale process. *See* Affidavit of Rudolph J. DiMassa, Jr. [ECF No. 192-3, ¶ 4].

32. The Trustee's sale process does not seek to alienate any party, nor does it invite litigation or significant controversy. Rather, it is designed to maximize the value of the Fashion Mall Property for all creditors and equity, utilizing well established sale procedures. The proceeds of such sale should be distributed in accordance with the priorities set forth in the Bankruptcy Code. Litigation claims should be preserved, investigated and, as appropriate, prosecuted. Accordingly, the sale (and the chapter 7) process should move forward without the looming cloud of the Motion to Convert.

### Impact on Approved Financing

33. Conversion to chapter 11, with the attendant risks and concerns outlined herein, could also create an event of default under the Trustee's Financing with NWL and the applicable Loan Documents.

34. Paragraph 2(f) of the Promissory Note provides:

> The entire unpaid principal balance of this Note, and all of Lender's costs, fees, and any and all subsequent protective

>advances, together will all accrued interest thereon, shall be immediately due and payable, and authority of Borrower to use the proceeds of this Note shall cease on the date that is the earliest to occur of (such earliest date being the "<u>Maturity Date</u>"):
>
>. . .
>
>(f) the removal or displacement of a trustee in the Case.

*See* ECF No. 189, pp. 20-21.

35. In addition, Paragraph 13(v) of the Mortgage provides that the following constitutes an "Event of Default" under the Loan Documents:

>. . . if any change or event shall occur which in Mortgagee's exclusive judgment impairs any security for the Loan, increases Mortgagee's risk in connection with the Loan, or indicates that any Obligor may be unable to perform such Obligor's obligations under any Loan Documents; . . .

*See* ECF No. 189, p. 37.

36. Moreover, the Trustee obtained financing in an amount to last through the estimated sale process, with some limited cushion, but not for an extended period of time thereafter. Any delay associated with a contested chapter 11 (or conversion process) could result in the need to seek and obtain additional financing.

## **CONCLUSION**

For all of the foregoing reasons, it is not in the interest of all creditors and interested parties to convert these cases to chapter 11 for the sole benefit of Ganglu. The Trustee's sale should move forward without the risk and uncertainty promoted by the Motion to Convert.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an Order denying the Motion to Convert and granting such other and further relief as is proper.

Respectfully submitted this 10th day of February, 2015.

> GENOVESE JOBLOVE & BATTISTA, P.A.
> *Attorneys for Kenneth A. Welt, Chapter 7 Trustee*
> 100 Southeast Second Street, Suite 4400
> Miami, Florida 33131
> Telephone: (305) 349-2300
> Facsimile: (305) 349-2310
>
> By: /s/ Glenn D. Moses, Esq.
>     Glenn D. Moses
>     Florida Bar No. 174556
>     gmoses@gjb-law.com
>     Allison R. Day
>     Florida Bar No. 494097
>     Michael L. Schuster
>     Florida Bar No. 57119
>     mschuster@gjb-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 10th day of February, 2015 via CM/ECF upon all parties registered to receive notices of electronic filing in this case and upon the attached service list.

> By: /s/ Glenn D. Moses
>     Glenn D. Moses, Esq.
>     Florida Bar No. 174556

**SERVICE LIST**

*Served Via CM/ECF Notification*

Joaquin J Alemany on behalf of Creditor Tangshan Ganglu Iron & Steel Company, Ltd.
joaquin.alemany@hklaw.com, jose.casal@hklaw.com

Valerie Barton Barnhart on behalf of Creditor Lotspeich Co. of Florida, Inc.
vbarnhart@kelleykronenberg.com, jgardella@kelleykronenberg.com;sosber@kelleykronenberg.com

Valerie Barton Barnhart on behalf of Creditor Right Way Plumbing Co.
vbarnhart@kelleykronenberg.com, jgardella@kelleykronenberg.com;sosber@kelleykronenberg.com

Becket and Lee LLP, Esq on behalf of Creditor American Express Bank FSB
notices@becket-lee.com

Richard E Berman on behalf of Creditor Wei Chen
reb@bermankean.com, deannel@bermankean.com

Timothy R Bow on behalf of Creditor Wei Chen
tbow@mrthlaw.com, jgarey@mrthlaw.com,ycandia@mrthlaw.com,mrthbkc@gmail.com,ecfnotices@mrthlaw.com

Daniel DeSouza on behalf of Creditor DeSouza Law, P.A.
ddesouza@desouzalaw.com

Drew M Dillworth on behalf of Other Professional Duane Morris LLP
ddillworth@stearnsweaver.com, mfernandez@stearnsweaver.com;bank@stearnsweaver.com;rross@stearnsweaver.com;dillworthcdp@ecf.epiqsystems.com;cgraver@stearnsweaver.com

Drew M Dillworth on behalf of Other Professional Kevin E Vance
ddillworth@stearnsweaver.com, mfernandez@stearnsweaver.com;bank@stearnsweaver.com;rross@stearnsweaver.com;dillworthcdp@ecf.epiqsystems.com;cgraver@stearnsweaver.com

Drew M Dillworth on behalf of Other Professional Lawrence J. Kotler
ddillworth@stearnsweaver.com, mfernandez@stearnsweaver.com;bank@stearnsweaver.com;rross@stearnsweaver.com;dillworthcdp@ecf.epiqsystems.com;cgraver@stearnsweaver.com

Drew M Dillworth on behalf of Other Professional Lida Rodriguez-Taseff
ddillworth@stearnsweaver.com, mfernandez@stearnsweaver.com;bank@stearnsweaver.com;rross@stearnsweaver.com;dillworth

cdp@ecf.epiqsystems.com;cgraver@stearnsweaver.com

Drew M Dillworth on behalf of Other Professional Rudolph J. DiMassa, Jr.
ddillworth@stearnsweaver.com,
mfernandez@stearnsweaver.com;bank@stearnsweaver.com;rross@stearnsweaver.com;dillworth
cdp@ecf.epiqsystems.com;cgraver@stearnsweaver.com

Jeffrey R Eisensmith on behalf of Creditor Electrical Supplies, Inc.,
je@eisensmithlaw.com

Michael J Friedman on behalf of Creditor Southeast Mechanical Contractors, LLC
mfriedman@vlplaw.com

John C Hanson on behalf of Creditor Meisner Electric, Inc.
jhanson@barthet.com

Jason Z. Jones, Esq. on behalf of Creditor Caddell Construction Co. (DE), LLC
jjones@joneslawpa.com

Mark A Levy, Esq on behalf of Interested Party City of Plantation
mark.levy@brinkleymorgan.com,
sandra.gonzalez@brinkleymorgan.com;brinkleymorganecf@gmail.com

Nicole L Levy on behalf of Interested Party Tangshan Ganglu Iron & Steel Company, Ltd.
nllevy@duanemorris.com, LRTaseff@duanemorris.com,dperez@duanemorris.com,YArnavat-
Parga@duanemorris.com,shmarder@duanemorris.com,DiMassa@duanemorris.com,LJKotler@d
uanemorris.com

Charles H Lichtman on behalf of Interested Party Berger Singerman LLP
clichtman@bergersingerman.com, lwebster@bergersingerman.com;efile@bergersingerman.com

Charles H Lichtman on behalf of Interested Party Mapuche LLC
clichtman@bergersingerman.com, lwebster@bergersingerman.com;efile@bergersingerman.com

Brett D Lieberman on behalf of Debtor Mapuche LLC
blieberman@messana-law.com, thurley@messana-law.com;emair@messana-
law.com;nbarrus@messana-law.com;tmessana@messana-law.com;tmessana@bellsouth.net

Brett D Lieberman on behalf of Debtor US Capital Holdings, LLC
blieberman@messana-law.com, thurley@messana-law.com;emair@messana-
law.com;nbarrus@messana-law.com;tmessana@messana-law.com;tmessana@bellsouth.net

Brett D Lieberman on behalf of Debtor US Capital/Fashion Mall, LLC
blieberman@messana-law.com, thurley@messana-law.com;emair@messana-
law.com;nbarrus@messana-law.com;tmessana@messana-law.com;tmessana@bellsouth.net

Brett D Lieberman on behalf of Interested Party Mapuche LLC
blieberman@messana-law.com, thurley@messana-law.com;emair@messana-law.com;nbarrus@messana-law.com;tmessana@messana-law.com;tmessana@bellsouth.net

Brett D Lieberman on behalf of Interested Party US Capital Holdings, LLC
blieberman@messana-law.com, thurley@messana-law.com;emair@messana-law.com;nbarrus@messana-law.com;tmessana@messana-law.com;tmessana@bellsouth.net

Jerry M Markowitz on behalf of Creditor Wei Chen
jmarkowitz@mrthlaw.com, rrubio@mrthlaw.com,mrthbkc@gmail.com,gruiz@mrthlaw.com,ycandia@mrthlaw.com

Thomas M. Messana, Esq. on behalf of Debtor Mapuche LLC
tmessana@messana-law.com, emair@messana-law.com;blieberman@messana-law.com;thurley@messana-law.com;tmessana@bellsouth.net;nbarrus@messana-law.com;ekates@bakerlaw.com;jmooremaley@messana-law.com;tzeichman@messana-law.com

Thomas M. Messana, Esq. on behalf of Debtor US Capital Holdings, LLC
tmessana@messana-law.com, emair@messana-law.com;blieberman@messana-law.com;thurley@messana-law.com;tmessana@bellsouth.net;nbarrus@messana-law.com;ekates@bakerlaw.com;jmooremaley@messana-law.com;tzeichman@messana-law.com

Thomas M. Messana, Esq. on behalf of Debtor US Capital/Fashion Mall, LLC
tmessana@messana-law.com, emair@messana-law.com;blieberman@messana-law.com;thurley@messana-law.com;tmessana@bellsouth.net;nbarrus@messana-law.com;ekates@bakerlaw.com;jmooremaley@messana-law.com;tzeichman@messana-law.com

Thomas M. Messana, Esq. on behalf of Interested Party Mapuche LLC
tmessana@messana-law.com, emair@messana-law.com;blieberman@messana-law.com;thurley@messana-law.com;tmessana@bellsouth.net;nbarrus@messana-law.com;ekates@bakerlaw.com;jmooremaley@messana-law.com;tzeichman@messana-law.com

Thomas M. Messana, Esq. on behalf of Interested Party US Capital Holdings, LLC
tmessana@messana-law.com, emair@messana-law.com;blieberman@messana-law.com;thurley@messana-law.com;tmessana@bellsouth.net;nbarrus@messana-law.com;ekates@bakerlaw.com;jmooremaley@messana-law.com;tzeichman@messana-law.com

Glenn D Moses, Esq on behalf of Trustee Kenneth A Welt
gmoses@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;vlambdin@gjb-law.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Chad S Paiva on behalf of Interested Party RAM Realty Acquisitions, LLC
chad.paiva@gmlaw.com, katrina.bankert@gmlaw.com

Alan J. Perlman, Esq. on behalf of Interested Party New Wave Lenders (2014-B) LP
aperlman@ralaw.com, mhannau@ralaw.com

Grace E. Robson, Esq. on behalf of Creditor Wei Chen
grobson@mrthlaw.com, jgarey@mrthlaw.com,mrthbkc@gmail.com,sramirez@mrthlaw.com

Michael E Rothenberg on behalf of Creditor Tangshan Ganglu Iron & Steel Company, Ltd.
michael.rothenberg@hklaw.com, joaquin.alemany@hklaw.com

Michael L Schuster on behalf of Trustee Kenneth A Welt
mschuster@gjb-law.com, gjbecf@gjb-law.com;mchang@gjb-law.com;scomer@gjb-law.com

Steven J. Solomon, Esq. on behalf of Creditor BCEGI, LLC
steven.solomon@gray-robinson.com, lnegron@gray-robinson.com;lauren.rome@gray-robinson.com;Amador.Ruiz-Baliu@gray-robinson.com

Steven J. Solomon, Esq. on behalf of Creditor GHJ Construction Corporation
steven.solomon@gray-robinson.com, lnegron@gray-robinson.com;lauren.rome@gray-robinson.com;Amador.Ruiz-Baliu@gray-robinson.com

Kevin E. Vance on behalf of Creditor Tangshan Ganglu Iron & Steel Company, Ltd.
kevance@duanemorris.com, cmackey@duanemorris.com;pnmendoza@duanemorris.com

Kevin E. Vance on behalf of Interested Party Tangshan Ganglu Iron & Steel Company, Ltd.
kevance@duanemorris.com, cmackey@duanemorris.com;pnmendoza@duanemorris.com

Kenneth A Welt
fl10@ecfcbis.com;pacerfilings@gmail.com;kaw@trustesolutions.net;court@trusteeservices.biz

*Served Via US Mail*

| | |
|---|---|
| Lida Rodriguez-Taseff, Esq.<br>Duane Morris, LLP<br>200 S Biscayne Boulevard<br>Suite 3400<br>Miami, FL 33131-5323<br>lrtaseff@duanemorris.com | Scott H. Marder, Esq.<br>Duane Morris, LLP<br>111 S Calvert Street<br>Suite 2000<br>Baltimore, MD 21202-6114<br>shmarder@duanemorris.com |
| Benjamin E. Olive, Esq.<br>Hackleman, Olive & Judd, P.A.<br>2426 E Las Olas Boulevard<br>Fort Lauderdale, FL 33301-1573<br>bolive@hojlaw.com | Daniel DeSouza, Esq.<br>DeSouza Law, P.A.<br>1515 N University Drive<br>Suite 209<br>Coral Springs, FL 33071-6058<br>ddesouza@desouzalaw.com |

| | |
|---|---|
| Jose Casal, Esq.<br>Holland & Knight, LLP<br>701 Brickell Avenue<br>Suite 3300<br>Miami, FL 33131-2847<br>jose.casal@hklaw.com | Thomas Messana, Esq.<br>Messana, P.A.<br>PO Box 2485<br>Fort Lauderdale, FL 33303-2485<br>tmessana@messana-law.com |
| Jerry Markowitz, Esq.<br>Markowitz Ringel Trusty & Hartog, PA<br>9130 S Dadeland Boulevard<br>Suite 1800<br>Miami, FL 33156-7858<br>jmarkowitz@mrthlaw.com | |

Pavement Striping Corp.
1400 West 41 St
Hialeah, FL 33012

Phoenix Painting Co.
6303 N. Powerline Road
Fort Lauderdale, FL 33309

Janpro Demolition, Inc
1600 NE 205th Terrace
Miami, FL 33179

Southeast Mechanical Contractors, LLC
2120 SW 57th Terrace
Hollywood, FL 33023

Right Way Plumbing Co.
1329 Shotgun Road
Sunrise, FL 33326

Shenandoah Construction
1888 NW 22nd Street
Pompano Beach, FL 33069

Supply Network, Inc. dba Viking Supplynet
2333 International Street
Colombus, OH 43228

Hoover Pumping Systems
2801 N Powerline Road
Pompano Beach, FL 33069

All Quality Painting and Pressure Cleaning
320 SW 15 St # 3
Dania, FL 33004

Air Tam Inc
9770 Laso Dr
Boynton Beach, FL 33472

PHF Plantation, LP
One Post Office Square, Suite 3100
Boston, MA 02109

Steel Fabricators LLC
721 NE 44th Street
Ft. Lauderdale, FL 33334

Lotspeich Company of Florida Inc.
6351 NW 28th Way, Ste A
Ft. Lauderdale, FL 33309

CBRE, Inc.
Brokerage & Mgmt
200 E. Las Olas Blvd., Ste. 1620
Fort Lauderdale, FL 33301

CIT Finance, LLC
Avaya Financial Services
P.O. Box 93000
Chicago, IL 60673-0001

True Realty Corporation
395 West Passaic Street
Rochelle Park, NJ 07662

First American Bank and Trust
c/o Stelis Development, Suite 1108
International Building
2455 E. Sunrise Blvd.
Ft. Lauderdale, FL 33304

City of Plantation
400 NW 73 Avenue
Plantation, Florida 33317

Toys R Us
461 From road
Paramus, NJ 07652
Attn: Senior Vice President-Real Estate

Southern Fire Control, Inc.
599 Sawgrass Corporate Parkway
Sunrise, FL 33325
Attn: Melissa Rentas

Camino Real Group Inc. dba Alpha Wrecking Group
4720 – K Oakes Road
Davie, FL 33314
Attn: Chris Willford

Central Concrete Supermix, Inc.
4300 SW 74th Avenue
Miami, FL 33155
Attn: Manuel Sanchez

Caddell Construction Co. (DE), LLC
2700 Lagoon Park Drive
Montgomery, AL 36109
Attn: Robert W. Nanney

Champion Glass, Inc.
4720 NW 15th Avenue, Unite 4A
Ft. Lauderdale, FL 33309
Attn: Chris Gorman

Meisner Electric, Inc.
220 NE 1st Street
Delray Beach, FL 33444

Labor Finders of Broward County, Inc.
5350 10th Avenue North, Suite 6
Lake Worth, FL 33463
Attn: Joann Doxey, President

Florida Atlantic Ironworks
16936 County Road 450A
Umatilla, FL 32784
Attn: John Matusik Jr.

GHJ Construction Inc.
8751 W. Broward Blvd.
Plantation, FL 33324

321 North Construction
375 N. University Dr.
Plantation, FL 33324

Broward County Water and Wastewater Services
2555 W. Copans Road
Pompano Beach, FL 33069

Bonefish/South Florida-I, Limited Partnership
2202 North Westshore Blvd., 5th Floor, Legal Dept.
Tampa, FL 33607

Cheeseburger-South Florida, Limited Partnership
2202 North Westshore Blvd., 5th Floor, Legal Dept.
Tampa, FL 33607

University Park Condominium Association, Inc.
H&L Property Management
10100 W. Sample Road, Suite 300
Coral Springs, FL 33065

Jin Zhi Star Lt, LLC
8181 W Broward Blvd., Suite 380
Plantation, FL 33324

Old Plantation Water Control District
8800 N. River Canal Rd
Plantation, FL 33324

**VIA U.S. MAIL & FACSIMILE**
Joni Armstrong Coffey, County Attorney
115 South Andrews Avenue
Suite 423
Fort Lauderdale, Florida 33301
Fax: 954-359-1292