# EXHIBIT "C"

Case 14-32819-JKO    Doc 234-3    Filed 02/10/15    Page 1 of 7

Page 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:                          CASE NO. 14-32819-JKO

US CAPITAL/FASHION MALL, LLC,

        Debtor.
_____/
IN RE:                          CASE NO. 14-32822-JKO

US CAPITAL HOLDINGS, LLC,

        Debtor.
_____/
IN RE:                          CASE NO. 14-32827-JKO

MAPUCHE, LLC,

        Debtor.
_____/

**CERTIFIED COPY**

ECF #27, 26, 28, 38, 42, 62, 97, 99 (14-32819)

ECF #10 (14-32827)

November 25, 2014

        The above-entitled cause came on for hearing before the Honorable JOHN K. OLSON, one of the Judges in the UNITED STATES BANKRUPTCY COURT, in and for the SOUTHERN DISTRICT OF FLORIDA, at 299 E. Broward Blvd., Fort Lauderdale, Broward County, Florida on November 25, 2014, commencing at or about 9:30 a.m., and the following proceedings were had.

        Transcribed from a digital recording by:
        Cheryl L. Jenkins, RPR, RMR

Page 2

```
 1
 2
 3                       APPEARANCES:
 4
                  KENNETH A. WELT, Trustee
 5
 6
              GENOVESE JOBLOVE & BATTISTA, by
 7                 GLENN D. MOSES, Esquire
                 MICHAEL SCHUSTER, Esquire
 8                On behalf of the Trustee
 9
10                   MESSANA LAW FIRM, by
                   THOMAS MESSANA, Esquire
11                 BRETT LIEBERMAN, Esquire
                    On behalf of the debtors
12
13
                     HOLLAND & KNIGHT, by
14                   JOSE CASAL, Esquire
                   JOAQUIN ALEMANY, Esquire
15    On behalf of Tangshan Ganglu Iron & Steel Company, Ltd.
16
17                    GRAY ROBINSON, by
                   ROBERT SCHATZMAN, Esquire
18                On behalf of GHJ Construction
19
20       MARKOWITZ DAVIS RINGEL TRUSTY + HARTOG, by
                  JERRY MARKOWITZ, Esquire
21                 GRACE ROBSON, Esquire
                    On behalf of Wei Chen
22
23
24
25
```

OUELLETTE & MAULDIN COURT REPORTERS, INC.
(305) 358-8875

1
2            Continued Appearances
3
4   DAMARIS D. ROSICH-SCHWARTZ, Staff Attorney
         Office of the U.S. Trustee
5             Department of Justice
6
               ALSO PRESENT
7
             Dan D'Souza
8
     Lida Rodriguez-Taseff, Esquire
9
        Scott Marder, Esquire
10
   ECRO - Electronic Court Reporting Operator
11
              - - - - - - -
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1   in corporate governance disputes before, and both as a
2   lawyer and as a judge, and what I'm having some
3   head-scratching concern about here is, what does it
4   matter?  There is, in the Mapuche case, an independent
5   fiduciary.  Mapuche's assets, as I understand them, are
6   equity interests in -- equity interests in an LLC that
7   owns real estate.  Mapuche has no other assets of which I
8   am aware.  US Capital has no other assets of which I am
9   aware, and Fashion Mall, LLC has 33 acres, plus, and a
10  whole -- maybe there is a whole bunch of litigation claims
11  that are owned at various levels, but all of them are in
12  the control of the trustee.
13              So, isn't the issue of whether there is
14  equity to slide up the chain from Fashion Mall to US
15  Capital, to Mapuche, and then to be figured out whether --
16  how assets in Mapuche are distributed to equity interests,
17  isn't that so far down the road that we're arguing about
18  something that doesn't matter?
19              MR. CASAL:  It matters, your Honor, because
20  we're at a very important point in this case as to whether
21  my client, who has invested vast sums of monies in
22  this ---
23              THE COURT:  A point in contention, as I
24  understand it.
25              MR. CASAL:  Somewhat, but I believe that

```
 1   there isn't a point of contention with respect to some of
 2   the investment, at least the pre-2012 investments. It is
 3   significant on the part of Ganglu's part.
 4              THE COURT: So what?
 5              MR. CASAL: Well, Ganglu can ---
 6              THE COURT: And I mean that with no
 7   disrespect in mind. It's just, okay, well, before any of
 8   that becomes important, there has to be more money here
 9   after creditors are paid for equity to play.
10              MR. CASAL: And that's what we're trying to
11   accomplish, Judge, because obviously I'm wasting
12   everybody's time if we're dealing with a completely -- if
13   we're dealing with an estate, and I'm talking about the
14   fashion mall, the ultimate subsidiary estate, if we're
15   dealing with, there is no equity then, you know, you lost
16   your investment, good luck, but that's not the case here,
17   and, if anything, this case has all of the imprimatur of a
18   case where equity is in the money.
19              In fact, I believe the trustee even agrees
20   that equity is in the money here, and so what we would
21   like, your Honor, is an opportunity to participate in that
22   process.
23              In order for us to properly participate in
24   that process, and this deals with the governance issue, we
25   need to know that we're in control. We need to know that
```

1  Mr. Chen is no longer the person who can dictate what
2  happens to Mapuche, and for example, I am facing an
3  objection filed by counsel for the debtor, Mapuche.  I
4  have no idea who authorized that filing.  It certainly
5  wasn't my client.  My client is at least the 80 percent
6  member of Mapuche.  There was no consultation of my client
7  with regard to the filing, and so that is the problem that
8  I'm dealing with, Judge.  I'm dealing with a lack of
9  control issue that will be clarified and established
10 through a ruling by Judge Tuter, and then once that's
11 done, then my client can assess whether he wants to become
12 involved as an equity holder in this case, and maybe even
13 get involved with filing a 706 motion and proceeding along
14 those lines, but for now I can't get to that step,
15 your Honor, at least it will be a much more difficult step
16 if I have to deal with assertions that Mr. Chen is in
17 control on Mapuche, at least through the alleged third
18 amended operating agreement, and that's why this is
19 relevant, and that's why this is important.
20              THE COURT:  All right.  Anything else you
21 want to tell me, Mr. Casal?
22              MR. CASAL:  Nothing else, Judge.
23              THE COURT:  Thank you.
24              MR. MESSANA:  Good morning, your Honor.
25              THE COURT:  Good morning, Mr. Messana.