UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Case No.: 14-32819-JKO |
| US CAPITAL/FASHION MALL, LLC;<br>US CAPITAL HOLDINGS, LLC; and<br>MAPUCHE, LLC, | Chapter 7 |
| | (Jointly Administered with<br>Case No.: 14-32822-JKO and |
| Debtors.<br>_____/ | Case No.: 14-32827-JKO) |

**RESPONSE IN OPPOSITION TO TANGSHAN GANGLU
IRON & STEEL CO. LTD.'S MOTION FOR ENTRY OF AN ORDER
CONVERTING THE JOINTLY ADMINISTERED BANKRUPTCY CASES
TO CASES UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

Creditor, Wei Chen ("Chen"), through undersigned counsel, responds in opposition to Tangshan Ganglu Iron & Steel Co. Ltd.'s ("Ganglu") *Motion for Entry of an Order Converting the Jointly Administered Bankruptcy Cases to Cases Under Chapter 11 of the Bankruptcy Code* (the "Motion to Convert") [ECF No. 177] and states:

**INTRODUCTION**

Prior to the Debtors' filing of the bankruptcy petitions, Ganglu filed a complaint in state court seeking a corporate dissolution of Mapuche and the appointment of an equitable receiver or conservator. The filing of the bankruptcy petitions achieved the relief Ganglu was after, as Mr. Welt was appointed as the Chapter 7 trustee, who is the only person with authority to operate the Debtors' business and manage their assets. Further, the Trustee's duties include the liquidation of the Debtors' assets. The Trustee has worked diligently with his professionals to procure a stalking horse buyer for the Fashion Mall property.[1] The Trustee's responsibilities also include

---

[1] *See* Motion for the Entry of an Order (1) Authorizing Trustee to Schedule Auction Sale of Fashion Mall Property, (2) Approving Bidding Procedures and Breakup Fee in Connection with Sale, (3) Approving the Form and Manner

1

payment to creditors in accordance with priorities that a corporate dissolution would have to honor before any equity security holders could receive any distribution. Ganglu already agreed that the bankruptcy court is the "appropriate forum to preserve and dispose of the Debtors' property."[2]

Conversion of the case to one under Chapter 11 is not in the best interests of the creditors and parties in interest. It will invite into the bankruptcy court the state court litigation between Ganglu and Mr. Chen that will inevitably cause delay and uncertainty in these cases at the expense of the creditors. Further, despite the statements of Ganglu's ability to fund a Chapter 11 plan that will pay administrative and allowed claims in full, Ganglu has failed to provide any facts or actual terms of a proposed plan that would allow creditors and other parties in interest to evaluate the feasibility of Ganglu "making good" on its general proposal set forth in the Motion to Convert.

Further, no rehabilitative purpose will be served by converting the case to Chapter 11. The Fashion Mall property is not operating as a landlord or a retail mall, and the Trustee's operation include few employees, whose primary role is to secure and maintain the property.

For these reasons, as further discussed below, the Motion to Convert should be denied.

---

of Notice of Sale, (4) Scheduling A Final Hearing, and (5) Approving the Sale of the Fashion Mall Property Free and Clear of Liens, Claims and Encumbrances (the "Sale Motion") [ECF No. 207].

[2] *See Stipulation on Motion for Relief From the Automatic Stay*. ECF No. 38, p.2

## BACKGROUND

### *Procedural History*

1. US Capital/Fashion Mall, LLC, US Capital Holdings, LLC, and Mapuche, LLC (collectively, the "Debtors") filed for relief under Chapter 7 of the Bankruptcy Code on October 14, 2014 (the "Petition Date").[3]

2. Thereafter, Kenneth A. Welt was appointed as the Chapter 7 trustee (the "Trustee").

3. US Capital/Fashion Mall, LLC is the owner of approximately thirty two (32) acres of real estate known as the former Plantation Fashion Mall located at 321 North University Drive in Plantation, Florida (the "Fashion Mall"). US Capital/Fashion Mall, LLC is owned by US Capital Holdings, LLC, which in turn is owned by Mapuche, LLC ("Mapuche"). It is undisputed that Mr. Chen holds an ownership interest in Mapuche.

4. The Fashion Mall has been vacant since it was damaged by Hurricane Wilma in 2005.

5. U.S. Capital/Fashion Mall, LLC and US Capital Holdings, LLC, previously filed for relief under Chapter 11 before this Court on February 24, 2012 (Case No. 12-14517-JKO). On September 11, 2012, this Court confirmed the Debtors' Joint Plan of Reorganization. *See* Case No. 12-14517-JKO, ECF No. 390.

### *Mapuche Litigation*

6. Prior to the Petition Date, on or about June 16, 2014, Mapuche filed an action against Ganglu and its Chairman, Mr. Zehn Zeng Du ("Du"), styled *Mapuche, LLC v. Zehn Zeng*

---

[3] The Debtors in this case are: US Capital/Fashion Mall, LLC (14-32819-JKO); US Capital Holdings, LLC (14-32822-JKO); and Mapuche, LLC (14-32827-JKO). The Debtors' cases are being jointly administered pursuant to this Court's order, dated November 9, 2014 [ECF No. 53].

3

*Du, Tangshan Ganglu Iron & Steel Company, Ltd., Xianquan Meng and Bo Rui Investment PTE, Ltd.* Case No. CACE 14-011447 (the "Mapuche Litigation"). Among other things, that complaint alleges that Ganglu and Du committed acts of fraud, conspiracy, breach of fiduciary duty, and violations of Florida's Deceptive and Unfair Trade Practices Act.

### *Ganglu Litigation*

7. On or about May 20, 2014 Ganglu filed a complaint and styled *Tangshan Ganglu Iron & Steel Company, Ltd. v. Mapuche LLC and Wei Chen*, Case No. CACE 14-009677 (the "Ganglu Litigation"). Ganglu's complaint asserts claims of fraud, self dealing and waste against Chen, and seeks two forms of relief: (1) judicial dissolution of Mapuche; and (2) the appointment of an equitable receiver/conservator.

### **Ganglu's Motion for Stay Relief**

8. On October 17, 2014, Ganglu filed its *Motion of Tangshan Ganglu Iron & Steel Company, Ltd. for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) and Federal Rule of Bankruptcy Procedure 4001* (the "Stay Relief Motion") [Case No. 14-32827-JKO, ECF No. 10].

9. On November 3, 2014, Ganglu and the Trustee entered into that certain Stipulation (the "Stipulation") [ECF No. 38] that provides that "(i) the Bankruptcy Court is the appropriate forum to preserve and to dispose of the Debtors' property and to address transfers of property of the estates, and (ii) the Trustee is an appropriate fiduciary for these purposes." *See* Stipulation, ECF No. 38, p. 2.

**OBJECTION TO CONVERSION**

These cases should not be converted from one under Chapter 7 to one under Chapter 11 because such conversion would be not benefit all parties involved. Further, Ganglu has not set forth any bases to show that it would be able to submit a Chapter 11 plan that comports with the requirements of the Bankruptcy Code.

**I.     STANDARD FOR CONVERSION**

Decisional law holds that "…the decision whether to convert is left in the sound discretion of the court, based on what will most inure to the benefit of all parties in interest." *In re Baker*, 503 B.R. 751, 755 (Bankr. M.D. Fla. 2013) (citations omitted); *See also In re Hardigan*, 490 B.R. 437 (Bankr. S.D. Ga. 2013) (a principal consideration for the court is whether conversion would benefit the creditors, debtor, other parties in interest, and the bankruptcy estate).

**II.    NO REHABILITATIVE PURPOSE WILL BE SERVED BY CONVERTING THE CASE TO ONE UNDER CHAPTER 11**

Despite any assertions to the contrary, conversion of these cases will not further any rehabilitative purpose. As stated above, Mapuche is a holding company that owns US Capital Holdings, LLC, which in turn owns US Capital/Fashion Mall, LLC, which in turn owns the Fashion Mall property.

As discussed above, there are few employees, whose primary function is to secure and maintain the property. There are no retail operations. Regardless of Ganglu's position in the Motion to Convert, even in Chapter 11, these cases will not include the Debtors' rehabilitation, reorganization, or resuming business operations. Instead, any bankruptcy plan for these Debtors necessarily includes a process whereby the Fashion Mall property is sold and the ownership interests in the holding companies will be extinguished or satisfied.

### III. CONVERSION WOULD BE DETRIMENTAL TO CREDITORS AND PARTIES IN INTEREST AND CHAPTER 7 PROVIDES RELIEF SOUGHT BY GANGLU

Under the circumstances of these cases, whether in Chapter 7 or Chapter 11, the bankruptcy cases will be used to facilitate a sale of the Fashion Mall property. The Trustee has proposed to sell the Fashion Mall property to the highest and best bidder. The Trustee's sale motion proposes a competitive bidding process designed to achieve a meaningful and more efficient result for creditors than a plan process would if the case were converted to Chapter 11.

Ganglu's interests are adequately protected as there is nothing precluding it from participating in the sale process as a bidder, presuming it is able to meet the requirement to be a "Qualified Bidder."

Allowing the cases to proceed in Chapter 7 adequately and efficiently allows a neutral fiduciary to liquidate the assets for the benefit of parties in interest, free of the disputes amongst the equity owners that would otherwise delay and confuse the process. For example, if the cases were converted to chapter 11, it is likely that there would be competing plans. The disputes that will necessarily arise should not hold up the sale and payment to creditors. Allowing the Trustee to liquidate the assets will save the equity battle for the end, without the creditors having to wait for the conclusion before receiving their distributions.

Further, Ganglu has received the benefit of the relief it sought from the state court, namely the dissolution of Mapuche and the appointment of a receiver or conservator. Ganglu has agreed and stipulated that "(i) the Bankruptcy Court is the appropriate forum to preserve and to dispose of the Debtors' property and to address transfers of property of the estates, and (ii) the Trustee is an appropriate fiduciary for these purposes." Stipulation, ECF No. 38, p. 2. Indeed, the Chapter 7 trustee acts as a neutral fiduciary that will wind down and liquidate the assets of the

company and make distributions in accordance with the priorities under applicable law. By seeking to convert the case to Chapter 11, Ganglu is seeking to obtain control of the Fashion Mall property and eliminate Mr. Chen's ownership interest.

Since the Trustee has already made significant progress toward the sale of the Fashion Mall property, converting the case to chapter 11 would only serve to cause delay to such efforts.

IV. **GANGLU HAS NOT PROVIDED ENOUGH INFORMATION TO DETERMINE WHETHER THEY COULD PROPOSE A CONFIRMABLE PLAN**

Ganglu proposes that if the cases were converted that it would: (a) fund a Chapter 11 plan sufficient to pay undisputed claims and administrative expenses; (b) create a reserve to cover the claim of GHJ Construction; and (c) seek the appointment of Mr. Welt to serve as the Chapter 11 Trustee. Motion to Convert, ECF No. 177, p. 2. Ganglu also indicates it is "committed to funding a Chapter 11 plan, which will allow the Debtors' debts, including administrative expenses and post-petition financing costs, to be repaid." Motion to Convert, ECF No. 177, p. 8.

However, Ganglu's broad and general representations are insufficient to determine whether or not they could propose a confirmable plan, and Mr. Chen submits that any delay caused by a prolonged process on the determination of the Motion to Convert may chill the bidding that the Trustee has capably set in motion. Notably, Ganglu did not include a proposed Chapter 11 plan as an exhibit to its Motion to Convert, and its overtures of feasibility are conclusory. Although Ganglu makes representations of its willingness to fund seven ($7) to ten ($10) million toward a Chapter 11 plan, there are no assurances that Ganglu, a foreign entity with its headquarters in China, can or will make good on this promise. Moreover, it is premature for

7

Ganglu to argue that confirmation of a Chapter 11 plan will be "likely," especially given the deluge of litigation that will undoubtedly occur if these cases are converted.

Another critical flaw of the Motion to Convert is that it fails to provide any information as to how Ganglu proposes to treat equity and disputed claims (other than providing for a disputed claim reserve for GHJ). Presumably, Ganglu proposes to strip Mr. Chen of his equity interests and disallow any claim he may have, while still retaining its ownership.

Moreover, in the instance of a Chapter 11 case with a Chapter 11 trustee, there would be no exclusivity. Thus, there would be nothing to prevent any creditor or other party in interest from proposing multiple separate plans of reorganization or liquidation. While an interesting exercise for bankruptcy attorneys, competing plans would increase the administrative burdens on the estates and inevitably lead to additional litigation, delay and confusion, to the detriment of creditors.

## **CONCLUSION**

Ganglu has failed to provide sufficient bases, under the circumstances of these cases, to why the cases should be converted to cases under Chapter 11. The Trustee has worked diligently towards a sale process and delaying such process may possibly chill bidding. Mr. Chen submits that conversion to Chapter 11 is not in the best interests of the creditors and parties in interest, and will invite into litigation into the bankruptcy court at the expense of the creditors. Accordingly, the Motion to Convert should be denied.

WHEREFORE, Mr. Chen respectfully requests this Court enter an order (1) denying the Motion to Convert; and (2) granting any other relief it deems appropriate.

DATED: February 10, 2015

**MARKOWITZ RINGEL TRUSTY & HARTOG, P.A**.
*Counsel to Wei Chen*
101 NE Third Avenue, Suite 1210
Fort Lauderdale, FL 33301
Tel: (954) 767-0030 // Fax: (954) 767-0035

- and -

9130 S. Dadeland Blvd., Suite 1800
Miami, Florida 33156
Tel:  (305) 670-5000 // Fax:   (305) 670-5011

By: /s/ *Jerry M. Markowitz*
   Jerry M. Markowitz, Esq.
   Fla. Bar No. 182420
   jmarkowitz@mrthlaw.com
   Grace E. Robson, Esq.
   Fla. Bar No. 178063
   grobson@mrthlaw.com
   Timothy R. Bow, Esq.
   Fla. Bar No. 104710
   tbow@mrthlaw.com

548125.4

9