UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In Re:

US CAPITAL/FASHION MALL, LLC, et al.,[1]

    Debtors.

_____/

Case No.: 14-32819-JKO

Chapter 7

(Jointly Administered)

### JOINDER OF DESOUZA LAW, P.A. IN OBJECTION OF KENNETH A. WELT, CHAPTER 7 TRUSTEE, TO TANGSHAN GANGLU IRON & STEEL CO. LTD.'S MOTION FOR ENTRY OF AN ORDER CONVERTING THE JOINTLY ADMINISTERED BANKRUPTCY CASES TO CASES UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

DeSouza Law, P.A., through undersigned counsel, joins in the Objection of Kenneth A. Welt, Chapter 7 Trustee, to Tangshan Ganglu Iron & Steel Co. Ltd.'s Motion for Entry of an Order Converting the Jointly Administered Bankruptcy Cases to Cases Under Chapter 11 of the Bankruptcy Code [ECF No. 234] (the "Trustee's Objection"), and, in further support thereof, states as follows:

1. As discussed in the Trustee's Objection, conversion of these consolidated cases will likely only result in increased costs, delay, and a spillover of the state court litigation that led to Debtors'[2] bankruptcy filing in October 2014, all of which will significantly prejudice creditors of the estate (including DeSouza, Law, P.A.).

2. Undersigned counsel is perhaps the person most familiar with the events leading to Debtors' Chapter 7 petitions and the 'cast of characters' relevant to the Motion to Convert. This is because undersigned counsel served as lead counsel for Mapuche,

---

[1] The Debtors in these cases are: US Capital/Fashion Mall, LLC (14-32819-JKO); US Capital Holdings, LLC (14-32822-JKO); and Mapuche, LLC (14-32827-JKO). The Debtors' cases are being jointly administered pursuant to this Court's order dated November 9, 2014 [ECF No. 53].

[2] Terms not defined herein shall have the meaning ascribed to them in the Trustee's Objection.

LLC from the onset of the Ganglu v. Chen Litigation (which was initially filed on May 7, 2014 in the S.D. Fla. Before Judge Cohn) and continuously thereafter until the Petition Date.[3]

3. The Trustee's Objection notes that Ganglu, its principal Zhen Zeng Du, Mapuche, LLC, and Wei Chen were "embroiled in contentious litigation" prior to the Petition Date. See Trustee's Objection, ¶ 5. This may very well be the understatement of the year.

4. The federal/state court litigations involved a flurry of emergency motions, serious allegations flowing back and forth between Mr. Du and Mr. Chen (including various forms of fraud, self-dealing, violations of criminal law, extramarital affairs, etc.), and hundreds of hours spent by the parties in exhaustively fighting every aspect of every issue that arose.

5. That there would be no peace between the parties without intervention from the court quickly became apparent and that fact held true throughout the federal/state court litigations.

6. While the contentious nature of the litigation cannot be blamed on any one party, it certainly appeared (at least to undersigned counsel) that Ganglu was less interested in the efficient dissolution of Mapuche, LLC as it was in exacting a pound of flesh from Mr. Chen. Whether deserved or not, this led to an expansion of the litigation (in terms of both time and financial resources) and a wholesale inability of the parties to reach any sort of amicable resolution of the case.

---

[3] Undersigned counsel left his prior firm (Becker & Poliakoff, PA) in mid-August 2014 but continued to represent Mapuche, LLC in connection with the Ganglu v. Chen Litigation and Mapuche v. Ganglu Litigation after establishing DeSouza Law, P.A.

2

7. Assuming those sentiments and contentious disputes would spill over into a converted case (and undersigned counsel sees no reason that they would not), it is easy to envision how creditors would be prejudiced from the ensuing delay and potential gamesmanship that would surely follow.

8. Finally, as stated in other previously-filed objections to the Motion to Convert, these consolidated cases *in their current form* have already provided Ganglu with everything it sought in the Ganglu v. Chen Litigation. In that case, Ganglu spent hundreds of thousands (if not millions) of dollars furiously pursuing two forms of relief: (1) dissolution of Mapuche and (2) appointment of a receiver to oversee an orderly liquidation of Mapuche's assets.

9. Although Ganglu amended its Complaint a number of times, it never deviated from this requested relief or even hinted at the prospect of rehabilitating the Debtors. Indeed, throughout the litigation, Ganglu took certain actions that appeared designed solely to interfere with rehabilitation (such as opposing and directly interfering with the purchase of the on-site Sheraton Hotel which caused Mapuche to forfeit deposit money and lose a revenue-generating stream).[4]

10. The only difference between the current posture of the case and the relief sought by Ganglu in the Ganglu v. Chen Litigation is that there Ganglu sought to appoint Jianan Du (Mr. Du's son) as the receiver to oversee liquidation of the multi-million dollar property. Although it was never clear how serious Ganglu was with this relief (as Jianan Du has no experiencing in running a business, let alone liquidating a property such as this), it consistently sought appointment of Mr. Du's son as receiver in its many

---

[4] Although Mr. Chen made various proposals to alleviate Ganglu's concern with the hotel purchase, Ganglu never expressed any interest in saving the hotel deal notwithstanding several representations on the record by Ganglu's counsel that the hotel would benefit the subject property.

3

amendments to its complaint therein. There is little question that the Trustee is better suited and perhaps slightly more experienced than Mr. Du's son in these matters.

11. Given everything that undersigned counsel witnessed and was exposed to during the underlying federal/state court litigation, it is difficult to imagine how creditors would be better off if these cases were converted and the ugliness of the dispute between Ganglu and Mr. Chen allowed to re-emerge. The Trustee's planned liquidation and sale of the Debtors' assets will allow creditors (such as DeSouza Law, P.A.) to be paid in a timely manner without the inevitable distraction and delay that will result if these cases are converted.

WHEREFORE, DeSouza law, P.A. respectfully requests that this Court enter an Order denying the Motion to Convert and granting such other and further relief as is proper.

Dated: February 10, 2015.                    DESOUZA LAW, P.A.
                                             1515 N. University Drive
                                             Suite 209
                                             Coral Springs, FL 33071
                                             Telephone: (954) 603-1340
                                             DDesouza@desouzalaw.com

                                             By: /s/ Daniel DeSouza, Esq.
                                                  Daniel DeSouza, Esq.
                                                  Florida Bar No.: 19291

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was furnished by electronic mail upon each of the parties and counsel identified on the CM/ECF service list created and maintained by the Court for this case on February 10, 2015 as noted on

4

the below service list.

                                                s/Daniel DeSouza
                                                Daniel DeSouza

**14-32819-JKO Notice will be electronically mailed to:**

Joaquin J Alemany on behalf of Creditor Tangshan Ganglu Iron & Steel Company, Ltd.
joaquin.alemany@hklaw.com, jose.casal@hklaw.com

Valerie Barton Barnhart on behalf of Creditor Lotspeich Co. of Florida, Inc.
vbarnhart@kelleykronenberg.com, jgardella@kelleykronenberg.com;sosber@kelleykronenberg.com

Valerie Barton Barnhart on behalf of Creditor Right Way Plumbing Co.
vbarnhart@kelleykronenberg.com, jgardella@kelleykronenberg.com;sosber@kelleykronenberg.com

Becket and Lee LLP, Esq on behalf of Creditor American Express Bank FSB
notices@becket-lee.com

Richard E Berman on behalf of Creditor Wei Chen
reb@bermankean.com, deannel@bermankean.com

Timothy R Bow on behalf of Creditor Wei Chen
tbow@mrthlaw.com, jgarey@mrthlaw.com,ycandia@mrthlaw.com,mrthbkc@gmail.com,ecfnotices@mrthlaw.com

Daniel DeSouza on behalf of Creditor DeSouza Law, P.A.
ddesouza@desouzalaw.com

Drew M Dillworth on behalf of Other Professional Duane Morris LLP
ddillworth@stearnsweaver.com, mfernandez@stearnsweaver.com;bank@stearnsweaver.com;rross@stearnsweaver.com;dillworth
cdp@ecf.epiqsystems.com;cgraver@stearnsweaver.com

Drew M Dillworth on behalf of Other Professional Kevin E Vance
ddillworth@stearnsweaver.com, mfernandez@stearnsweaver.com;bank@stearnsweaver.com;rross@stearnsweaver.com;dillworth
cdp@ecf.epiqsystems.com;cgraver@stearnsweaver.com

Drew M Dillworth on behalf of Other Professional Lawrence J. Kotler
ddillworth@stearnsweaver.com,

mfernandez@stearnsweaver.com;bank@stearnsweaver.com;rross@stearnsweaver.com;dillworth
cdp@ecf.epiqsystems.com;cgraver@stearnsweaver.com

Drew M Dillworth on behalf of Other Professional Lida Rodriguez-Taseff
ddillworth@stearnsweaver.com,
mfernandez@stearnsweaver.com;bank@stearnsweaver.com;rross@stearnsweaver.com;dillworth
cdp@ecf.epiqsystems.com;cgraver@stearnsweaver.com

Drew M Dillworth on behalf of Other Professional Rudolph J. DiMassa, Jr.
ddillworth@stearnsweaver.com,
mfernandez@stearnsweaver.com;bank@stearnsweaver.com;rross@stearnsweaver.com;dillworth
cdp@ecf.epiqsystems.com;cgraver@stearnsweaver.com

Jeffrey R Eisensmith on behalf of Creditor Electrical Supplies, Inc.,
je@eisensmithlaw.com

Michael J Friedman on behalf of Creditor Southeast Mechanical Contractors, LLC
mfriedman@vlplaw.com

John C Hanson on behalf of Creditor Meisner Electric, Inc.
jhanson@barthet.com

Jason Z. Jones, Esq. on behalf of Creditor Caddell Construction Co. (DE), LLC
jjones@joneslawpa.com

Mark A Levy, Esq on behalf of Interested Party City of Plantation
mark.levy@brinkleymorgan.com,
sandra.gonzalez@brinkleymorgan.com;brinkleymorganecf@gmail.com

Nicole L Levy on behalf of Interested Party Tangshan Ganglu Iron & Steel Company, Ltd.
nllevy@duanemorris.com,
LRTaseff@duanemorris.com,dperez@duanemorris.com,YArnavat-Parga@duanemorris.com,shmarder@duanemorris.com,DiMassa@duanemorris.com,LJKotler@duanemorris.com

Charles H Lichtman on behalf of Interested Party Berger Singerman LLP
clichtman@bergersingerman.com,
lwebster@bergersingerman.com;efile@bergersingerman.com

Charles H Lichtman on behalf of Interested Party Mapuche LLC
clichtman@bergersingerman.com,
lwebster@bergersingerman.com;efile@bergersingerman.com

Brett D Lieberman on behalf of Debtor Mapuche LLC
blieberman@messana-law.com, thurley@messana-law.com;emair@messanalaw.com;nbarrus@messana-law.com;tmessana@messana-law.com;tmessana@bellsouth.net

Brett D Lieberman on behalf of Debtor US Capital Holdings, LLC
blieberman@messana-law.com, thurley@messana-law.com;emair@messanalaw.com;nbarrus@messana-law.com;tmessana@messana-law.com;tmessana@bellsouth.net

Brett D Lieberman on behalf of Debtor US Capital/Fashion Mall, LLC
blieberman@messana-law.com, thurley@messana-law.com;emair@messanalaw.com;nbarrus@messana-law.com;tmessana@messana-law.com;tmessana@bellsouth.net

Brett D Lieberman on behalf of Interested Party Mapuche LLC
blieberman@messana-law.com, thurley@messana-law.com;emair@messanalaw.com;nbarrus@messana-law.com;tmessana@messana-law.com;tmessana@bellsouth.net

Brett D Lieberman on behalf of Interested Party US Capital Holdings, LLC
blieberman@messana-law.com, thurley@messana-law.com;emair@messanalaw.com;nbarrus@messana-law.com;tmessana@messana-law.com;tmessana@bellsouth.net

Jerry M Markowitz on behalf of Creditor Wei Chen
jmarkowitz@mrthlaw.com,
rrubio@mrthlaw.com,mrthbkc@gmail.com,gruiz@mrthlaw.com,ycandia@mrthlaw.com

Thomas M. Messana, Esq. on behalf of Debtor Mapuche LLC
tmessana@messana-law.com, emair@messana-law.com;blieberman@messanalaw.com;thurley@messana-law.com;tmessana@bellsouth.net;nbarrus@messanalaw.com;ekates@bakerlaw.com;jmooremaley@messana-law.com;tzeichman@messana-law.com

Thomas M. Messana, Esq. on behalf of Debtor US Capital Holdings, LLC
tmessana@messana-law.com, emair@messana-law.com;blieberman@messanalaw.com;thurley@messana-law.com;tmessana@bellsouth.net;nbarrus@messanalaw.com;ekates@bakerlaw.com;jmooremaley@messana-law.com;tzeichman@messana-law.com

Thomas M. Messana, Esq. on behalf of Debtor US Capital/Fashion Mall, LLC
tmessana@messana-law.com, emair@messana-law.com;blieberman@messanalaw.com;thurley@messana-law.com;tmessana@bellsouth.net;nbarrus@messanalaw.com;ekates@bakerlaw.com;jmooremaley@messana-law.com;tzeichman@messana-law.com

Thomas M. Messana, Esq. on behalf of Interested Party Mapuche LLC
tmessana@messana-law.com, emair@messana-law.com;blieberman@messanalaw.com;thurley@messana-law.com;tmessana@bellsouth.net;nbarrus@messanalaw.

com;ekates@bakerlaw.com;jmooremaley@messana-law.com;tzeichman@messana-law.com

Thomas M. Messana, Esq. on behalf of Interested Party US Capital Holdings, LLC
tmessana@messana-law.com, emair@messana-law.com;blieberman@messanalaw.com;thurley@messana-law.com;tmessana@bellsouth.net;nbarrus@messanalaw.com;ekates@bakerlaw.com;jmooremaley@messana-law.com;tzeichman@messana-law.com

Glenn D Moses, Esq on behalf of Trustee Kenneth A Welt
gmoses@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;vlambdin@gjb-law.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Chad S Paiva on behalf of Interested Party RAM Realty Acquisitions, LLC
chad.paiva@gmlaw.com, katrina.bankert@gmlaw.com

Alan J. Perlman, Esq. on behalf of Interested Party New Wave Lenders (2014-B) LP
aperlman@ralaw.com, mhannau@ralaw.com

Grace E. Robson, Esq. on behalf of Creditor Wei Chen
grobson@mrthlaw.com,
jgarey@mrthlaw.com,mrthbkc@gmail.com,sramirez@mrthlaw.com

Michael E Rothenberg on behalf of Creditor Tangshan Ganglu Iron & Steel Company, Ltd.
michael.rothenberg@hklaw.com, joaquin.alemany@hklaw.com

Michael L Schuster on behalf of Trustee Kenneth A Welt
mschuster@gjb-law.com, gjbecf@gjb-law.com;mchang@gjb-law.com;scomer@gjb-law.com

Steven J. Solomon, Esq. on behalf of Creditor BCEGI, LLC
steven.solomon@gray-robinson.com, lnegron@gray-robinson.com;lauren.rome@grayrobinson.com;Amador.Ruiz-Baliu@gray-robinson.com

Steven J. Solomon, Esq. on behalf of Creditor GHJ Construction Corporation
steven.solomon@gray-robinson.com, lnegron@gray-robinson.com;lauren.rome@grayrobinson.com;Amador.Ruiz-Baliu@gray-robinson.com

Kevin E. Vance on behalf of Creditor Tangshan Ganglu Iron & Steel Company, Ltd.
kevance@duanemorris.com, cmackey@duanemorris.com;pnmendoza@duanemorris.com

Kevin E. Vance on behalf of Interested Party Tangshan Ganglu Iron & Steel Company, Ltd.
kevance@duanemorris.com, cmackey@duanemorris.com;pnmendoza@duanemorris.com

Kenneth A Welt
fl10@ecfcbis.com;pacerfilings@gmail.com;kaw@trustesolutions.net;court@trusteeservices.biz

14-32819-JKO Notice will not be electronically mailed to:

Scott N. Brown
1 SE 3rd Ave, #1440
Miami, FL 33131

Rudolph J. Di Massa, Jr. on behalf of Creditor Tangshan Ganglu Iron & Steel Company, Ltd.
30 S 17 St
Philadelphia, PA 19103

Rudolph J. Di Massa, Jr. on behalf of Interested Party Tangshan Ganglu Iron & Steel Company, Ltd.
30 S 17 St
Philadelphia, PA 19103

James S. Feltman
600 Brickell Ave #2520
Miami, FL 33131

Michael Goldberg
Akerman, LLP
350 East Las Olas Blvd.
Suite 1600
Fort Lauderdale, FL 33301

Lawrence J. Kotler on behalf of Creditor Tangshan Ganglu Iron & Steel Company, Ltd.
30 S 17 St
Philadelphia, PA 19103

Lawrence J. Kotler on behalf of Interested Party Tangshan Ganglu Iron & Steel Company, Ltd.
30 S 17 St
Philadelphia, PA 19103

Kenneth M Krasnow
200 E. Las Olas Blvd, #1620
Ft. Lauderdale, FL 33301

Sandirose Magder
20125 NE 25 Ave
Miami, FL 33180

Daniel Socek
20125 NE 25 Ave
Miami, FL 33180

John J. Yanoviak
10211 W Sample Rd #207
Coral Springs, FL 33065