| | |
|---|---|
| **TANGSHAN GANGLU IRON & STEEL CO. LTD.'S TERM SHEET ON PROPOSED PLAN OF REORGANIZATION RELATING TO THE JOINTLY ADMINISTERED US CAPITAL/FASHION MALL, LLC DEBTORS** | |
| **1. Background and Summary** | The Debtors are affiliated limited liability companies. Mapuche, LLC ("Mapuche") owns 100% of the equity interest in U.S. Capital Holdings, LLC ("US Capital") and, U.S. Capital, in turn, owns 100% of the equity interest in U.S. Capital/Fashion Mall, LLC ("US Capital/Fashion Mall"). U.S. Capital/Fashion Mall owns approximately 33.617 acre real property located in the City of Plantation (Broward County), Florida where the former Plantation Fashion Mall is located (the "Property"). Before commencement of the above-styled Chapter 7 bankruptcy cases (the "Cases"), U.S. Capital was engaged in the renovation of an office tower on a portion of the real property owned by U.S. Capital/Fashion Mall.<br><br>Tangshan Ganglu Iron & Steel Co. Ltd. ("Ganglu") is a foreign corporation with its principal address at Zhenhai Dong Jie, Zunhua City, Hebei Province, People's Republic of China. Ganglu is Mapuche's majority member, owning ninety-nine percent (99.0%) of Mapuche's membership interests. From November 2004 and through October 2013, Ganglu has invested in excess of $161,300,000.00 in the Debtors, either directly or through loan guarantees. Despite Ganglu's significant investment in the Debtors and majority ownership of Mapuche, on October 14, 2014, the Cases were unilaterally filed without Ganglu's prior knowledge or authorization, by minority member Wei Chen ("Mr. Chen"), who caused the entities to seek relief under Chapter 7 of the Bankruptcy Code.<br><br>Mr. Chen did not consult Ganglu in the decision to seek bankruptcy protection nor did he consult Ganglu in the decision to seek relief under Chapter 7 as opposed to seeking to reorganize the Debtors under Chapter 11. Mr. Chen's and his counsel's purported authority to file the Cases stem from a disputed corporate governance document, which less than two weeks prior to the Cases being filed, was deemed by a Broward County Circuit Court following a three day evidentiary hearing to have been forged. Prior to that hearing, Ganglu had been in litigation with Mr. Chen since May 20, 2014, when it sued Mr. Chen for mismanaging the Debtors, among many other serious infractions.<br><br>The Debtors are not, however, entities that should be liquidated, they should be reorganized under Chapter 11 of the Bankruptcy Code. Ganglu has therefore petitioned the Court to enter an order converting the Cases to cases administered under Chapter 11 of the Bankruptcy Code. |

To help ensure the Debtors' successful reorganization, Ganglu will deposit on or before February 12, 2015, as a good faith gesture of its willingness and ability to consummate a Chapter 11 plan, the sum of $10.0 million into the Trust Account of one of Holland & Knight LLP's U.S. based offices, which sum will be treated as new value to fund Ganglu's Chapter 11 Plan by infusing cash in the Debtors to pay all undisputed claims and administrative expenses of the three bankruptcy estates, an amount Ganglu estimates will be between $7.0 to $10.0 million. Ganglu also agrees to set up a reserve account up to $14.0 million prior the confirmation hearing to cover the disputed claims of GHJ Construction ("GHJ") and other creditors in the event the Trustee's anticipated objections are unsuccessful. Upon conversion of the Cases, Ganglu would seek the appointment of a Chapter 11 Trustee and advocate for the appointment of Kenneth A. Welt – who currently serves as the Chapter 7 Trustee, which would, among other things, permit a fluid conversion and help reduce any additional administrative expenses.

On January 28, 2015, the Chapter 7 Trustee filed a Motion for Entry of an Order (1) Authorizing Trustee to Schedule Auction Sale of Fashion Mall Property; (2) Approving Bidding Procedures and Breakup Fee in Connection with Sale; (3) Approving the Form and Manner of Notice of Sale; (4) Scheduling a Final Hearing; and (5) Approving the Sale of the Fashion Mall Property Free and Clear of Liens, Claims and Encumbrances (the "Sale Motion"). The Sale Motion disclosed that on January 27, 2015, the Trustee entered into an Asset Purchase Agreement ("APA") with RAM Realty Acquisitions, LLC (the "Stalking Horse Bidder") for the purchase price of $24,000,000.00 (the "Purchase Price").

The present Purchase Price would potentially yield Ganglu only a small fraction of the amount it has invested in the Debtors --if anything at all. Accordingly, Ganglu will deposit the $10.0 million and agree to fund a reserve of $14.0 million to match the Purchase Price and fund a reorganization plan that will pay all creditors with allowed claims in full, preserve Ganglu's equity interests in the Debtors and ensure that Ganglu will have a fair opportunity to recover the tens of millions it invested in the Debtors.

Ganglu has initiated and met with the Chapter 7 Trustee and his counsel on various occasion, discussed the matter with the U.S. Trustee and counsel for the City of Plantation. Ganglu also retained an experienced real estate development consultant shortly after the Cases were filed who has been involved in negotiations with potential

| | | |
|---|---|---|
| | | joint venture partners with respect to its plan to re-develop the Property. |
| 2. | **Effectuation of the Matters Herein** | This proposal contemplates that Ganglu will proceed in accordance with the Plan Milestones under Section 3 below and all terms would be expressly conditioned upon the availability of the bankruptcy court and the entry of an Order approving Ganglu's disclosure statement and confirming its plan of reorganization.<br><br>To the extent that Ganglu is unable to obtain an order confirming its plan of reorganization by the deadline referenced below, Ganglu shall proceed as follows:<br><br>-Ganglu will not oppose the trustee's and CBRE's efforts to continue marketing the property in order to re-notice a sale auction of the Property.<br><br>-Ganglu agrees that if the Stalking Horse Bidder is lost and no other substitute stalking horse bidder is located, that Ganglu will act as the replacement stalking horse bidder at the lesser of: (1) the amount that pays all disputed and undisputed claims (except equity), including allowed and estimated future administrative expense claims in full; or (2) the Purchase Price. |
| 3. | **Plan Milestones** | Ganglu preliminarily proposes the following milestones:<br><br>• On or before February 12, 2015 at 1:30 p.m. EST, Ganglu will file with the bankruptcy court proof that the sum of $10.0 million has been deposited into the Trust Account of one of Holland & Knight LLP's U.S. based offices, which sum will fund Ganglu's Chapter 11 Plan by infusing cash to pay all undisputed claims and administrative expenses of the three bankruptcy estates, an amount Ganglu estimates will be between $7.0 and $10.0 million.<br><br>• On or before the confirmation hearing on Ganglu's Chapter 11 Plan, Ganglu will file with the bankruptcy court proof of a reserve amount up to $14.0 million in the form of either cash, a letter of credit or a surety bond acceptable to the bankruptcy court.<br><br>• Upon conversion, Ganglu will seek the immediate appointment of Mr. Welt as interim chapter 11 trustee and advocate for the Mr. Welt to continue as the Chapter 11 Trustee. Alternatively, Ganglu would consider a joint motion to appoint Mr. Welt as its Chief Restructuring Officer.<br><br>• Within five (5) business days of the entry of the order converting Cases, Ganglu shall file with the bankruptcy court a form of |

#34702001_v2

|  |  |  |
|---|---|---|
|  |  | Disclosure Statement and Plan, which Plan is consistent with this Term Sheet and seek a Scheduling Order which provides for the following hearing dates and deadlines: |
|  |  | • Objections to the Disclosure Statement and Plan due within twenty (20) days of filing, with reply briefs due five (5) days thereafter. |
|  |  | • On or before May 1, 2015, the bankruptcy court shall have entered an order confirming a Plan that provides, among other things, that within three (3) business days of an Order confirming Plan, the Debtors will make distributions to undisputed and allowed creditors. |
|  |  | • To the extent that Ganglu is unable to obtain an order confirming its plan of reorganization, Ganglu will pursue the options set forth in Section 2 above. |
|  |  | • Notwithstanding the above dates in this Section 3, the parties will work together to build in flexibility in the Definitive Documents for such dates to allow for Court changes to such dates or other changes that may occur, subject to the agreement of the parties in Definitive Documents. |
| 4. | **Other Documents and Other Terms** | There may be other documents and pleadings not mentioned herein that may be required and there may also be additional terms added to the various terms, documents and agreements referenced herein, subject to further agreement of the parties including but not limited to ongoing discussions with the Chapter 7 Trustee, City of Plantation and Office of the United States Trustee. |

4

#34702001_v2