

ORDERED in the Southern District of Florida on February 18, 2015.

_John K. Olson, Judge_
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**Fort Lauderdale Division**

In re:

US CAPITAL/FASHION MALL, LLC, et al.,[1]        Case No.: 14-32819-JKO

                                                Chapter 7

Debtors.
_____/        (Jointly Administered)

**ORDER (1) AUTHORIZING TRUSTEE TO SCHEDULE AUCTION SALE OF FASHION MALL PROPERTY, (2) APPROVING BIDDING PROCEDURES AND BREAKUP FEE IN CONNECTION WITH SALE, (3) APPROVING THE FORM AND MANNER OF NOTICE OF SALE AND (4) SCHEDULING A FINAL HEARING TO APPROVE SALE**

THIS MATTER came before the Court on February 12, 2015 upon the Motion of

Kenneth A. Welt, as Chapter 7 Trustee (the "Trustee") for US Capital/Fashion Mall, LLC, US

---

[1] The Debtors in these cases are: US Capital/Fashion Mall, LLC (14-32819-JKO); US Capital Holdings, LLC (14-32822-JKO); and Mapuche, LLC (14-32827-JKO). The Debtors' cases are being jointly administered pursuant to this Court's order dated November 9, 2014 [ECF No. 53].

Capital Holdings, LLC and Mapuche, LLC (collectively, the "Debtors"), for the entry of an Order (1) authorizing the Trustee to schedule an auction sale of the Debtors' real property, (2) approving bidding procedures and breakup fee in connection with the auction, (3) approving the form and manner of notice of sale, (4) scheduling a final hearing to approve sale, and (5) approving the sale of the Trustee's interest in the Debtors' real property, free and clear of liens, claims and encumbrances, with such liens, clams and encumbrances to attach to the sale proceeds [ECF No. 207] (the "Motion").[2] The Court, having considered the Motion, the relief requested therein, any objections thereto, which are deemed overruled, and being otherwise advised in the premises, hereby

FINDS AND DETERMINES THAT:

A. This Court has jurisdiction over this matter and over the property of the Debtors pursuant to 28 U.S.C. §§ 157(a) and 1334, and venue is proper in this district pursuant to 28 U.S.C. § 1408;

B. This is a core proceeding pursuant to 28 U.S.C. § 157(b);

C. Good and sufficient notice of the relief sought in the Motion has been given in accordance with Bankruptcy Rule 2002, and no other or further notice is or shall be required. A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to all parties-in-interest;

D. The Sale Procedures are appropriate and reasonably calculated to provide all interested parties with timely and proper notice thereof;

E. The Sale Procedures set forth herein are fair, reasonable, and appropriate and are designed to maximize the recovery on the Debtors' assets;

---

[2] Capitalized terms used but not defined herein have the meanings given to such terms in the Motion and all Exhibits thereto.

F.  The Trustee's proposed marketing efforts and bidding process as described in the Motion is fair and reasonable, and designed to fully expose the Fashion Mall Property to the market.

G.  The entry of this Order is in the best interests of the Debtors, their estates, creditors, and all other parties-in-interest.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

I.  **General Provisions**

1.  The findings and conclusions set forth above constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

2.  The relief requested in the Motion is granted as set forth herein.

II.  **Sale Procedures**

3.  The "Sale Procedures" as such term is used in this Order are as follows:

    - Participation Requirements:  Unless otherwise ordered by the Court, in order to participate in the bidding process, an interested bidder must, by no later than 5:00 p.m. on **March 13, 2015** (the "Bid Deadline"): (a) wire into the trust account of Genovese Joblove & Battista, P.A., an escrow deposit of $2,400,000.00; (b) submit to Genovese Joblove & Battista, P.A. (i) a fully executed asset purchase agreement substantially in the form of the APA attached to the Motion as Exhibit "A"[3] (the effectiveness of such APA being contingent only upon the Qualified Bidder becoming the Successful Bidder pursuant to these procedures, subject only to Bankruptcy Court approval, with no due diligence or financing contingencies), with a purchase price of not less than $24,300,000.00, and (ii) a black-lined version of the APA to show any changes made by such bidder; and (c) submit to Genovese Joblove & Battista, P.A. such financial disclosures and documentation which demonstrate, in the Trustee's sole business judgment, the potential bidder's financial and other capabilities to consummate the sale.  A person who timely complies with these requirements shall have submitted a "Qualified Bid" and shall be deemed a "Qualified Bidder". The list of Qualified Bidders will not be shared with anyone prior to

---

[3] A version of the APA in Word will be made available upon request to CBRE or counsel to the Trustee.

the Auction.

The Stalking Horse Bidder shall be deemed a Qualified Bidder.

- Auction:  In the event the Trustee receives a timely Qualified Bid, the Trustee will conduct an auction (the "Auction").  The Auction shall take place at the Sheraton Suites Plantation, 311 N. University Drive, Plantation, FL 33324, **on March 19, 2015**, beginning at 10:00 a.m. ET, or such other time or place as the Trustee shall notify all Qualified Bidders.

- Auction Procedures:  At the Auction, the Trustee will identify the Qualified Bid which shall serve as the opening bid.  All Qualified Bidders shall be entitled to make any subsequent bids in increments of $100,000 (a "Subsequent Bid").  Bidding at the Auction shall continue until such time as the highest and best offer is determined by the Trustee in the exercise of his sole business judgment.  The Trustee reserves the right to modify the bidding increments or announce at the Auction additional procedural rules for conducting the Auction in his sole business judgment.

- For the purpose of evaluating the value of the consideration provided by Subsequent Bids (including any Subsequent Bid by the Stalking Horse Bidder), the Trustee will, at each round of bidding, give effect to the Break-Up Fee that may be payable to the Stalking Horse Bidder under the APA.

- Each Qualified Bidder's offer shall be irrevocable until the selection of the Successful Bidder and, if applicable, the Back-Up Bidder (as set forth in the APA), provided that if such bidder is selected as the Successful Bidder or the Back-Up Bidder, its offer shall remain irrevocable until the of closing of the sale to the Successful Bidder or the Back-Up Bidder.

- Broker's Commissions:   All broker commissions shall be in accordance with the terms and conditions of the CBRE Engagement Order.  The Debtors' bankruptcy estates shall not be liable for any other commissions.

- Successful Bid:  After the conclusion of the Auction, the Trustee shall submit the highest or best bid that has been accepted (the "Successful Bid") for approval by the Bankruptcy Court on **March 20, 2015 at 9:30 a.m.**, at 299 E. Broward Blvd., Room 301, Fort Lauderdale, FL 33301 (the "Sale Hearing").  The Qualified Bidder who has the Successful Bid presented for approval to the Court shall be referred to as the "Successful Bidder."  The closing of the transaction (the "Closing") shall take place on the later of (a) twenty (20) calendar

after the entry of the Sale Order or (b) six (6) calendar days after the Sale Order is final and not subject to appeal (the "Closing Date"), or sooner as otherwise agreed to between the Successful Bidder and the Trustee provided that the Sale Order waives the 14 day stay pursuant to Fed. R. Bankr. P. 6004(h).

- The Successful Bidder must be prepared and must in fact consummate the purchase of the Fashion Mall Property in accordance with the APA.  Upon the failure of the Successful Bidder to consummate the closing of the purchase of the Fashion Mall Property because of a breach or failure on the part of the Successful Bidder, then the Trustee may elect in his business judgment to close with the next highest or otherwise best Qualified Bidder to be the Successful Bidder (the "Back Up Bidder").  At the Sale Hearing, the Trustee intends to seek approval from the Court for the next highest or best bid (the "Back Up Bid"), which approval shall authorize the Trustee to consummate the Back Up Bid immediately after a default under the Successful Bid without further order of the Court.  Promptly following the conclusion of the Sale Hearing, the Trustee shall return the deposits to each unsuccessful Qualified Bidder (except the Back Up Bidder whose deposit shall either be returned upon the closing of the sale to the Successful Bidder or applied to the purchase price in a closing with such Back Up Bidder).

- <u>As is/where is:</u>  The Property will be sold in its "as is", "where is" condition and with all faults, with no guarantees or warranties, express or implied.

4. The Sale Procedures are hereby approved.  The Trustee is authorized to act in accordance with the Sale Procedures, which shall be binding upon all parties-in-interest in these cases.

5. The <u>Auction</u> shall be held on **March 19, 2015**, commencing at 10:00 a.m. Eastern Time at the Sheraton Suites Plantation, 311 N. University Drive, Plantation, FL 33324.

### III. <u>Sale Hearing</u>

6. The Sale Hearing shall be held before this Court on **March 20, 2015 at 9:30.m.** (Eastern Time), at the 299 E. Broward Blvd., Room 301, Fort Lauderdale, FL 33301.  The Sale Hearing may be adjourned or rescheduled without notice other than by an announcement of such

adjournment at the Sale Hearing. The Sale Hearing shall be an evidentiary hearing on all matters relating to the proposed sale.

### IV.     Approval of Break-Up Fee

7. The Break-Up Fee is approved on the terms set forth in the Motion and the APA.

### V.      Objections

8. Objections, if any, to the Sale, must (a) be in writing; (b) set forth the nature of the objector's claims against or interest in the Debtors' estates, and the basis for the objection and the specific grounds therefore; (c) comply with the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of Florida and all Orders of this Court; (d) be filed with the Court and served upon the Trustee, the Stalking Horse Bidder, and the United States Trustee for the Southern District of Florida, so as to be RECEIVED no later than 5:00 pm (Eastern) two (2) business days prior to the Sale Hearing (the "Objection Deadline"). Only timely filed and served responses, objections, or other pleadings will be considered by this Court at the Sale Hearing. The failure of any person or entity to timely file its objection shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Motion, the Sale or the consummation and performance of the APA.

### VI.     Notice

Notice of the Sale Procedures, the Auction, the Sale Hearing and the remainder of the relief requested in the Motion, as described in the Motion, shall be good and sufficient notice thereof, and any requirements for other or further notice shall be waived and dispensed with pursuant to Bankruptcy Rules 2002, 6004, 6006 and 9007 and pursuant to this Court's powers under section 105 of the Bankruptcy Code.

###

Submitted by:

Glenn D. Moses, Esq.
Genovese Joblove & Battista, P.A.
*Counsel to Kenneth A. Welt, Trustee*
100 Southeast Second Street, Suite 4400
Miami, FL 33131
Telephone:  (305) 349-2300
Facsimile:   (305) 349-2310
Email:  gmoses@gjb-law.com

Copy to: Glenn Moses, Esq.
(Attorney Moses is directed to serve a conformed copy of this Order on all parties in interest)